UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JULIAN KEIPPEL, Individually
and on behalf of all others
similarly situated,

Plaintiff,

v.

HEALTH INSURANCE
INNOVATIONS, INC. et al.,

Defendants.

Case No.   8:19-cv-00421-WFJ-CPT

## STIPULATION AND ORDER
## FOR THE PROTECTION OF CONFIDENTIAL INFORMATION

IT IS HEREBY STIPULATED AND AGREED, by and among Lead Plaintiffs, Oklahoma Municipal Retirement Fund and City of Birmingham Retirement and Relief System, and Defendants Health Insurance Innovations, Inc., Gavin Southwell, and Michael D. Hershberger, each of whom individually is referred to herein as a "Party," and collectively, the "Parties," by and through their undersigned counsel, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure and Rule 502 of the Federal Rules of Evidence, that:

1.    PURPOSES AND LIMITATIONS

Disclosure and discovery activity in this litigation styled *Julian Keippel v. Health Insurance Innovations, Inc. et al*, Case No. 8:19-cv-00421 pending in the United States District Court, Middle District of Florida, Tampa Division (the "Action") may involve production of confidential, proprietary, or private information, including information that would be protected under the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"), for which special protection from public disclosure and from use for any purpose other than prosecuting and defending the Action may be warranted.

EXHIBIT

A

Accordingly, the Parties have stipulated to, and the Court has agreed, to the entry of this Protective Order ("Order").

The Parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under applicable legal principles.

2.      DEFINITIONS

2.1     Challenging Party:  a Party or Non-Party that challenges the designation of information or items under this Order.

2.2     "CONFIDENTIAL" Information or Items:  information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c), HIPAA, or other applicable law.

2.3     Counsel (without qualifier):  Outside Counsel of Record and In-House Counsel (as well as their support staff).

2.4     Designating Party:  a Party or Non-Party that designates information or items that is produced in disclosures or in responses to discovery as "CONFIDENTIAL."

2.5     Disclosure or Discovery Material:  all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in the Action.

2.6     Expert:  a person with specialized knowledge or experience in a matter pertinent to the Action who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action, as well as the expert witness's or consultant's assistants, support staff, and agents.

2.7     In-House Counsel:  attorneys who are employees of a Party to this Action. In-House Counsel does not include Outside Counsel of Record or any other outside counsel.

2

2.8    Non-Party: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this Action.

2.9    Outside Counsel of Record: attorneys who are not employees of a Party to this Action but are retained to represent or advise a Party to this Action and have appeared in this Action on behalf of that Party or are affiliated with a law firm which has appeared on behalf of that Party.

2.10    Party: any party to this Action, including all of its officers, directors, and employees. For the avoidance of doubt, "Party" does not include members of the proposed class other than the Lead Plaintiffs in this Action.

2.11    Producing Party: a Party or Non-Party that produces Disclosure or Discovery Material in this Action.

2.12    Professional Vendors: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.13    Protected Material: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL."

2.14    Receiving Party: a Party that receives Disclosure or Discovery Material from a Producing Party.

3.    SCOPE

The protections conferred by this Stipulated Protective Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. However, the protections conferred by this Stipulated Protective Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part

3

of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party. Any use of Protected Material at trial shall be governed by a separate agreement or order.

This Order shall be governed by and interpreted consistent with, the HIPAA and the Standards for Privacy of Individually Identifiable Health Information ("HIPAA privacy regulations"), 45 CFR § 164.512(e)(iv) and (v). Among other things, HIPAA privacy regulations regulate the disclosure of patient identifiable health information in judicial and administrative proceedings.

4.    DURATION

Even after Final Disposition of this Action, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. "Final Disposition" shall be deemed to be the later of (1) dismissal of all claims and defenses in this Action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this Action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law. The Court will retain jurisdiction to enforce the terms of this Order for a period of one-hundred-and-twenty (120) days following the date of the Final Disposition of this Action as defined herein.

5.    DESIGNATING PROTECTED MATERIAL

5.1    Exercise of Restraint and Care in Designating Material for Protection. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific documents or items that

4

qualify under the appropriate standards. If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the mistaken designation. Declining to withdraw the non-qualifying designation and a Court determination that the designation was clearly unjustified or made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process or to impose unnecessary expenses and burdens on other parties) may expose the Designating Party to sanctions.

5.2    Manner and Timing of Designations. Except as otherwise provided in this Order (see, e.g., second paragraph of Section 5.2(a) and Section 5.2(b) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a) for information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party or Designating Party affix the legend "CONFIDENTIAL" to each document that contains Protected Material.

A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "CONFIDENTIAL." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party or Designating Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party or Designating Party must affix the "CONFIDENTIAL" legend to each document that contains Protected Material.

(b)  for testimony given in deposition or in other pretrial proceedings, that a Designating Party either (i) identifies on the record, before the close of the deposition, hearing, or other proceeding, protected testimony; or (ii) within 14 calendar days from the date of receipt by Outside Counsel of Record of a final transcript of testimony given in a deposition or other pretrial proceeding, identifies the specific portions of testimony as to which protection is sought. At the expiration of that 14-day period, only those portions that are specifically identified may qualify for protection under this Order.  The Designating Party shall inform the court reporter that transcripts containing Protected Material shall have an obvious legend on the title page that the transcript contains Protected Material. All deposition testimony or testimony during other pretrial proceedings shall be treated as "CONFIDENTIAL" from the time of such testimony until a period of 14 calendar days from the date of receipt by Outside Counsel of Record of a final transcript, unless otherwise agreed.  Any rough transcript that is generated before receipt by Outside Counsel of Record of a final transcript also shall be treated as if it had been designated "CONFIDENTIAL" in its entirety unless otherwise agreed. After the expiration of the 14-day period following Outside Counsel of Records' receipt of the final transcript, the transcripts shall be treated only as actually designated; and

(c)  for information produced in some form other than documentary and for any other tangible items, that the Producing Party or Designating Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL."

5.3    Inadvertent Failures to Designate. If corrected within a reasonable time after production, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

6.    CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1    Timing of Challenges.  Any Party or Non-Party may challenge a designation of confidentiality at any time. A Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2    Meet and Confer.  The Challenging Party shall initiate the dispute resolution process by providing written notice of the designations it is challenging and describing the basis for the challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of this Order. Pursuant to Local Rule 3.01(g), the parties shall attempt to resolve each challenge in good faith.  In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

6.3    Judicial Intervention With Respect to Confidentiality Designations  If the Parties cannot resolve a challenge without court intervention within 7 days of the initial notice of challenge, the Challenging Party may apply to the Court under Local Rule 3.01 (as modified herein) for a ruling that Disclosure or Discovery Material (or a category of Disclosure or Discovery Material) designated as Protected Material is not entitled to protection. The Challenging Party's application shall cite this Section of this Protective Order.  The Designating Party's response to the Challenging Party's application is due within 10 days after service of the application.  The Challenging Party is permitted to file a reply within 10 days after service of the response.  Failure by the Designating Party to

7

file a response within 10 days shall automatically waive the confidentiality designation for each challenged designation. In addition, the Challenging Party may file a motion challenging a confidentiality designation at any time after meeting and conferring as required by Local Rule 3.01(g) if there is good cause for doing so, including a challenge to the designation of a deposition transcript or any portions thereof.

The burden of persuasion in any such challenge proceeding shall be on the Designating Party. A Court determination that such challenge proceeding was clearly unjustified or made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived the confidentiality designation by failing to respond to a motion for a ruling that Disclosure or Discovery Material designated as Protected Material is not entitled to protection as described above, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Designating Party's designation until the Court rules on the challenge.

7.    ACCESS TO AND USE OF PROTECTED MATERIAL

7.1    Basic Principles. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party only in connection with this Action and not for any other actual or potential case or matter, and shall not communicate such Protected Material in any manner, directly or indirectly, to anyone other than a person qualified under the terms of this Order. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order.

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of Section 14 below (FINAL DISPOSITION).

7.2    Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party

8

may disclose any information or item designated "CONFIDENTIAL" only to:

(a) the Receiving Party's Outside Counsel of Record in this Action, as well as employees of said Outside Counsel of Record to whom disclosure is reasonably necessary for purposes of the Action;

(b) the officers, directors, trustees, and employees (including In-House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for purposes of this Action;

(c) Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for purposes of the Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d) the Court and its personnel;

(e) court reporters and their staff, videographers and their staff, and mediators and their staff to whom disclosure is reasonably necessary for this litigation;

(f) professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for purposes of this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(g) during their depositions, witnesses in the Action who are not otherwise authorized to receive "CONFIDENTIAL" information under any other subsection of this paragraph, and to whom Counsel has a good-faith basis to believe disclosure is reasonably necessary and who have signed a copy of the "Acknowledgment and Agreement to Be Bound" (Exhibit A), or, if not, who have orally agreed on the record to comply with the Protective Order. If a witness in deposition refuses to sign or to orally agree on the record to comply with Exhibit A, the deposition shall continue once deposing counsel provides this Order to the witness and explains to the witness on the record that (i) the witness is going to be shown Protected Material during the deposition, (ii) the witness is not to disclose to others such Protected Material or to use it for any commercial or other purpose outside of the deposition, and (iii) instructs the witness that

9

the witness is bound by the terms of this Order and will be subject to the Court's jurisdiction for any violation of its terms; provided that witnesses refusing to sign or to orally agree on the record to comply with Exhibit A will not be sent copies of exhibits or deposition testimony designated "CONFIDENTIAL" in connection with their review of their deposition transcript or otherwise, but will instead be provided an opportunity to review those materials if necessary for a review of their deposition transcript at an agreed upon time and location under the supervision of Outside Counsel of Record. "CONFIDENTIAL" information marked as an exhibit during a deposition shall continue to be designated as "CONFIDENTIAL";

(h) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

8.    PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this Action as "CONFIDENTIAL," that Party must:

(a) promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

(b) promptly notify in writing the Party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Order. Such notification shall include a copy of this Order; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this Action as "CONFIDENTIAL" before a determination by an appropriate court, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden

10

and expense of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

9.     <u>A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION</u>

      9.1     The terms of this Order are applicable to information produced by a Non-Party in this Action and designated as "CONFIDENTIAL." Such information produced by Non-Parties in connection with this Action is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections or from prohibiting a Party from designating information received from a Non-Party as "CONFIDENTIAL." In the event a Designating Party designates material received from a non-party as "CONFIDENTIAL" under this order, that Designating Party shall provide notice to all other Parties that the Designating Party made such designations.

      9.2     The Party issuing any subpoena or other discovery request on any Non-Party in this Action shall promptly provide the Non-Party with a copy of this Order.

      9.3     In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

      (a) promptly notify in writing the requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

      (b) promptly provide the Non-Party with a copy of this Order, the relevant discovery request(s), and a reasonably specific description of the information requested; and

      (c) make the information requested available for inspection by the Non-

Party.

9.4    If the Non-Party fails to object or seek a protective order from this Court within 14 days of receiving the notice and accompanying information, the Party that received the discovery request may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order the Party that received the discovery request shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the Court.  Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this Court of its Protected Material.

9.5    For the avoidance of doubt, the provisions of Section 9 do not prevent all Parties from promptly providing all documents produced in this Action by any Non-Party pursuant to subpoena duces tecum to all other Parties in accordance with their obligations under the Federal Rules.

## 10.    FILING PROTECTED MATERIAL

10.1    Unless filing under seal is authorized by statute, rule, or order as set forth in Local Rule 1.09(b), any Party wishing to include Protected Material in any written submission to be filed with the Court shall (i) serve such written submission including Protected Material upon all Parties on the day of filing, and, unless the Court provides otherwise, provide courtesy hard copies to the Judge's Chambers no later than three business days after the date on which such submission is filed, delivered in a sealed envelope clearly indicating on the envelope that the materials contained therein are Protected Material subject to this Stipulation and Order and a pending Motion to Seal and are not to be filed with the Clerk of the Court or publicly disclosed without further order of the Court; (ii) file with the Clerk of the Court a nonconfidential copy of the submission

with all Protected Material redacted; and (iii) pursuant to the procedures set forth in Local Rule 1.09(a), file a "Motion to Seal" with the Clerk of the Court.

In the event that the Party filing the Motion to Seal is not the Designating Party, and if the Party filing the Motion to Seal contests the "CONFIDENTIAL" designations on the documents that are the subject of the Motion to Seal and opposes sealing, it shall so state in the Motion to Seal, and shall certify compliance with Local Rule 3.01(g) and Section 6.2 of this Order. The Designating Party shall then file a brief within 10 days of the filing of such Motion to Seal, that contains the information specified in Local Rule 1.09(a) with respect to the Protected Material at issue or any portion or category thereof. Any Party opposing the Designating Party's brief shall file its opposition within 10 days of service of the brief.

The Protected Material will not be filed in the public record pending the outcome of the Court's ruling on the Motion to Seal the submission containing the Protected Material, unless the Designating Party fails to file a brief that contains the information specified in Local Rule 1.09(a) with respect to the Protected Material or any portion or category thereof. To the extent the Motion to Seal is denied and the Protected Material at issue is ruled by the Court to not be entitled to protection, the moving Party shall file in the public record an unredacted version of its written submission that includes the Protected Material for which the request to seal has been denied.

10.2    This Order shall not prevent the Parties from listing any material designated as "CONFIDENTIAL" in the pretrial stipulation or other lists of exhibits to be filed with the Court prior to trial.

10.3    The terms of this Order shall govern in all circumstances except for presentations of evidence and argument at hearings and at trial. With respect to hearings,

13

trial, or other proceedings in the Courtroom, no party shall disclose Protected Material in open Court absent authorization by the Court or prior agreement by the Designating Party.

11.    UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

12.    INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE
       PROTECTED MATERIAL

The provisions of Federal Rule of Civil Procedure 26(b)(5)(B) and Federal Rule of Evidence 502 govern circumstances where a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection. This provision is not intended to waive or limit in any way any Party's right to contest any privilege claims that may be asserted with respect to any of the documents produced. In addition, nothing in this Order shall be construed to prohibit a Producing Party from seeking relief from any inadvertent or unintentional disclosure of confidential, privileged, or work-product information. Nothing in this Order shall diminish the legal rights of any person seeking such relief. When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). Pursuant to Federal Rule of Evidence 502(d), neither the attorney-client privilege nor the work product protection is

14

waived by inadvertent production in this Action or any other Action provided that (i) the disclosure was inadvertent; (ii) the Producing Party took reasonable steps to prevent disclosure; and (iii) the Producing Party promptly took reasonable steps to rectify the error, as provided by Federal Rule of Evidence 502(b).

13.   MISCELLANEOUS

13.1   Right to Further Relief. Nothing in this Order abridges the right of any person to seek its modification by the court in the future.

13.2   Right to Assert Other Objections. By stipulating to the entry of this Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Order.

13.3   Right of a Party to Use Its Own Documents. Except as otherwise provided herein, nothing in this Order shall affect a Party's ability to use or disclose its own documents in any way.

13.4   Right of a Party to Use Independently Obtained Documents. Nothing in this Order shall impose any restrictions on the use or disclosure by a Party of documents, material or information legally obtained by such Party independent of discovery from a Designating Party except to the extent that such information reveals or is derivative of material designated as "CONFIDENTIAL" under this Order.

14.   FINAL DISPOSITION

Within 60 days after the Final Disposition of this Action, as defined in paragraph 4, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party

(and, if not the same person or entity, to the Designating Party) by the 60 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Order as set forth in Section 4 (DURATION).

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

Dated: February 7, 2020                    Respectfully submitted,

**FOLEY & LARDNER, LLP**                  **SAXENA WHITE P.A.**

*/s/ Michael P. Matthews*                 */s/ Brandon T. Grzandziel*
Michael P. Mathews (FL Bar No. 63988)     Joseph E. White, III (FL Bar No. 621064)
Lauren L. Valiente (FL Bar No. 034775)    Brandon T. Grzandziel (FL Bar No. 58732)
100 North Tampa Street, Suite 2700        Adam Warden (FL Bar No. 873691)
Tampa, FL 33602                           7777 Glades Road, Suite 300
Telephone: (813) 229-230x                 Boca Raton, FL 33434
Fax: (813) 221-4210                       Tel: (561) 394-3399
mmatthews@foley.com                       Fax: (561) 394-3382
lvaliente@foley.com                       jwhite@saxenawhite.com
                                          brandon@saxenawhite.com
*Counsel for Defendants*                  awarden@saxenawhite.com

                                          -and-

                                          Steven B. Singer (pro hac vice)
                                          10 Bank Street, 8th Floor
                                          White Plains, NY 10606
                                          Telephone: (914) 437-8551
                                          Facsimile: (888) 631-3611
                                          ssinger@saxenawhite.com

                                          *Lead Counsel for Lead Plaintiffs*

16

**ABRAHAM, FRUCHTER AND TWERSKY, LLP**

Mitchell M.Z. Twersky (pro hac vice)
One Penn Plaza, Suite 2805
New York, NY 10119
Tel: (212) 279-5050
Fax: (212) 279-3655
MTwersky@aftlaw.com

*Additional Counsel*

**PURSUANT TO STIPULATION, IT IS SO ORDERED.**

DATED: February __, 2020

_____
United States District/Magistrate Judge

17

**EXHIBIT A**

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

|  |  |
|---|---|
| JULIAN KEIPPEL, Individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br> v.<br><br>HEALTH INSURANCE INNOVATIONS, INC. et al.,<br><br>    Defendants. | Case No.   8:19-cv-00421-WFJ-CPT |

**ACKNOWLEDGEMENT AND AGREEMENT TO BE BOUND**

I declare under penalty of perjury that I have received and have read in its entirety and understand the Protective Order ("Order") in the above-captioned action. I agree to comply with and to be bound by all terms of this Order. I understand that compliance with the terms of this Order is a condition of receipt of Confidential Material, and that a failure to comply may constitute contempt of Court and/or a violation of applicable laws. I further agree to consent to the jurisdiction of the United States District Court for the Middle District of Florida for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

_____
Date Signed

_____
Name (Please Print)

_____
Address

_____
Telephone Number

_____
Signature

18