# Exhibit D

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

|  |  |  |
|---|---|---|
| JULIAN KEIPPEL, | ) ) | |
| Plaintiff, | ) ) | |
| | ) | Case No. 8:19-cv-00421-WFJ-CPT |
| v. | ) ) | |
| HEALTH INSURANCE INNOVATIONS, INC. et al., | ) ) | |
| Defendants. | ) ) ) | |

**DEFENDANTS' RESPONSES AND OBJECTIONS TO LEAD PLAINTIFFS'
FIRST SET OF REQUESTS FOR ADISSIONS**

Pursuant to Federal Rules of Civil Procedure 26 and 36, Defendants Health Insurance

Innovations, Inc. ("HIIQ"), Gavin Southwell ("Southwell"), and Michael D. Hershberger

("Hershberger") (collectively, the "Defendants"), by their undersigned counsel, hereby serve

their objections and responses to Lead Plaintiffs Oklahoma Municipal Retirement Fund and City

of Birmingham Retirement and Relief System (collectively, the "Plaintiffs") First Set of

Requests for Admissions (the "Requests").

**GENERAL OBJECTIONS**

The Defendants incorporate the following objections into each of the specific responses

and objections to each request for admissions as though fully set forth therein. The assertion of

the same, similar, or additional objections or the provision of partial answers and/or individual

responses to individual requests does not waive, modify, or limit any of the Defendants' general

objections as set forth below.  Defendants expressly reserve the right to amend or supplement

their objections and responses for any reason.

1.      The Defendants object to the Requests, including the Definitions and Instructions

therein, to the extent that they purport to impose obligations that are in excess of, and/or

1

4812-4450-1425.5

inconsistent with, the Federal Rules of Civil Procedure, the Local Rules of the U.S. District Court for the Middle District of Florida (the "Local Rules"), or any other applicable law, statute, rule or decision.  The Defendants have responded to the Requests consistent with their obligations under these rules and applicable law and expressly decline to undertake any broader obligations.

2.    The Defendants object to Instruction No. 6, which purports to require that the Defendants "explain in detail the basis upon which" a denial is founded in that such requirement imposes an obligation that exceeds and is inconsistent with Rule 36 of the Federal Rules of Civil Procedure, which requires no such explanation.

3.    Defendants' responses are not a waiver of any of the objections set forth herein or an admission or acknowledgment that such material is relevant to the subject matter of this Action or admissible in evidence, nor shall such responses be construed as adopting a legal position. Further, these responses are without prejudice to and not a waiver of (i) Defendants' right to contend at trial or any other proceeding in this Action that such material is inadmissible, irrelevant, immaterial, or not a proper basis for discovery; and (ii) any objection by Defendants to future use of such responses that Plaintiffs may attempt to make. In addition, these responses are made solely for the purposes of this Action.

4.    The Defendants object to the definition of "Affiliate" on the grounds that it is vague, ambiguous, overly broad, unduly burdensome, and not proportional to the needs of the case, including to the extent the definition purports to include individuals or entities that own at least a portion of HIIQ or can exercise significant authority over the decisions of HIIQ, which appears to include all shareholders of HIIQ and other persons about whom Defendants may not have any information and over whom Defendants may not have any control.  For purposes of

2

responding to these Requests, Defendants will construe the term "Affiliate" to include subsidiaries of HIIQ or entities under common ownership with HIIQ.

5. The Defendants object to the definition of "Class" on the grounds that it is vague, ambiguous, and incapable of ready determination, including to the extent the definition purports to exclude individuals or entities falling within the scope of the Plaintiffs' definition of the term "Affiliate," which appears to include all shareholders of HIIQ. For purposes of responding to these Requests, Defendants will construe the term "Class" to exclude HIIQ's officers and directors, members of their immediate families and their legal representatives, heirs, agents, successors or assigns, Defendants' liability insurance carriers and any subsidiary thereof, and any Entity in which Defendants or their immediate families have or had a controlling interest. The Defendants further object to the definition of "Class" to the extent it implies that the time period from September 25, 2017 through April 11, 2019 is the legally proper period of time for the putative Class. Defendants deny that Plaintiffs are entitled to certification of the putative Class and deny that the Plaintiffs' alleged time period for a putative Class is legally proper.

6. The Defendants object to the definition of "Class Period" to the extent it implies that the time period from September 25, 2017 through April 11, 2019 is the legally proper period of time for a putative Class. Defendants deny that Plaintiffs are entitled to certification of the putative Class and deny that the Plaintiffs' alleged time period for the putative Class is legally proper.

7. The Defendants object to the definition of "Efficient Market" on the grounds that it is vague, ambiguous, and incapable of ready determination, in that the definition relies on citation to a legal case that does not clearly define the subject term, and in that a definition relying on case law in this manner impermissibly calls for admissions to a legal conclusion.

3

8.      The Defendants object to the definition of "False Statements" in that the phrase "statements by Defendants alleged in this Action to be false or misleading" is vague, ambiguous, and incapable of ready determination.  Defendants deny all allegations in the Consolidated Complaint that the Defendants made any false or misleading statements.  For purposes of responding to these Requests, Defendants will construe this term to mean the alleged statements quoted in ¶¶ 158, 162, 164-68, 172, 174, 176-77, 179, 181-83, 185, 187-88, 190, 192, 194-95, 197-98, 200, and 202 of the Consolidated Complaint.

9.      The Defendants object to the definition of "HIIQ" on the grounds that it is vague, ambiguous, overly broad, unduly burdensome, and not proportional to the needs of the case, including to the extent the definition purports to include entities or individuals that are not parties to the action including, without limitation, "agents, directors, accountants and advisors, and all other persons acting or purporting to act on their behalf" as well as "former" employees and other persons over whom Defendants may not have any control.  For purposes of responding to these Requests, Defendants will construe the term "HIIQ" to mean Defendant HIIQ.

10.     The Defendants object to the definition of "Public Float" on the grounds that it is vague, ambiguous, and incapable of ready determination.  For purposes of responding to these Requests, Defendants will construe the term "Public Float" to refer to freely tradeable shares.

**OBJECTIONS TO REQUESTS FOR ADMISSIONS**

**1.      Admit that throughout the Class Period, HIIQ common stock was traded on the NASDAQ.**

**RESPONSE:** The Defendants object to the definition of the terms "Class Period" and "HIIQ" for the reasons stated above.  Subject to and without waiving the forgoing objections, Defendants admit Request No. 1.

4

4812-4450-1425.5

**2.** **Admit that HIIQ filed an SEC Form S-3 Registration Statement with the SEC in May 2017.**

<u>**RESPONSE:**</u> The Defendants object to the definition of the term "HIIQ" for the reasons stated above. Subject to and without waiving the forgoing objections, Defendants admit Request No. 2.

**3.** **Admit that throughout the Class Period, HIIQ met the SEC's eligibility requirements to file an SEC Form S-3 Registration Statement in connection with public offerings.**

<u>**RESPONSE:**</u> The Defendants object to the definition of the terms "Class Period" and "HIIQ" for the reasons stated above. The Defendants further object to Request No. 3 on the grounds that it is vague, ambiguous, and incapable of ready determination, including in its use of the phrase "met the eligibility requirements to file an SEC Form S-3 Registration Statement," given that the eligibility criteria differ depending on the type of Form S-3 Registration Statement in question, and in its use of the phrase "throughout the Class Period," which could either mean continually at all moments during the entire putative Class Period or at any one particular time within the putative Class Period. Defendants further object to this Request to the extent it seeks a legal conclusion or presents questions of law. Subject to and without waiving the forgoing objections, Defendants admit that at some times during the putative Class Period HIIQ met the SEC's eligibility requirements to file at least one type of an SEC Form S-3 Registration Statement in connection with public offerings. Defendants deny that HIIQ filed any SEC Form S-3 Registration Statement during the putative Class Period.

**4.** **Admit that the total reported Trading Volume for HIIQ common stock during the Class Period was more than 265.4 million shares.**

5

**RESPONSE:** The Defendants object to the definition of the terms "Class Period" and "HIIQ" for the reasons stated above. Subject to and without waiving the forgoing objections, Defendants admit Request No. 4.

**5.      Admit that the Average Weekly Trading Volume for HIIQ common stock during the Class Period was more than 3.4 million shares.**

**RESPONSE:** The Defendants object to the definition of the terms "Class Period" and "HIIQ" for the reasons stated above. Subject to and without waiving the forgoing objections, Defendants admit Request No. 5.

**6.      Admit that the Average Weekly Trading Volume for HIIQ common stock during the Class Period was over 25% of shares outstanding.**

**RESPONSE:** The Defendants object to the definition of the terms "Class Period" and "HIIQ" for the reasons stated above. Subject to and without waiving the forgoing objections, Defendants admit Request No. 6.

**7.      Admit that at least 11 securities analysts covered and reported on HIIQ throughout the Class Period.**

**RESPONSE:** The Defendants object to the definition of the terms "Class Period" and "HIIQ" for the reasons stated above. The Defendants further object to Request No. 7 on the grounds that it is vague, ambiguous, and incapable of ready determination in that it is not clear what is meant by the undefined term "securities analysts." For purposes of responding to these Requests, Defendants will construe the term "securities analyst" to include only those financial professionals whose job includes studying HIIQ, providing research and valuation reports regarding HIIQ, and making buy, sell, and/or hold recommendations regarding HIIQ securities. Subject to and without waiving the forgoing objections, Defendants deny Request No. 7.

6

4812-4450-1425.5

8.      Admit that investment firms and securities analysts issued more than 200 reports on HIIQ during the Class Period.

RESPONSE: The Defendants object to the definition of the terms "Class Period" and "HIIQ" for the reasons stated above.  The Defendants further object to Request No. 8 on the grounds that it is vague, ambiguous, and incapable of ready determination in that it is not clear what is meant by the undefined term "securities analysts."  For purposes of responding to these Requests, Defendants will construe the term "securities analyst" to include only those financial professionals whose job includes studying HIIQ, providing research and valuation reports regarding HIIQ, and making buy, sell, and/or hold recommendations regarding HIIQ securities. Subject to and without waiving the forgoing objections, Defendants admit Request No. 8.

9.      Admit that throughout the Class Period, HIIQ common stock had more than 100 Market Makers.

RESPONSE: The Defendants object to the definition of the terms "Class Period" and "HIIQ" for the reasons stated above.  Defendants further object to Request No. 9 on the grounds that it seeks admission regarding matters that are not within Defendants' personal knowledge and cannot be ascertained upon reasonable inquiry.  Specifically, while HIIQ's primary listing is on NASDAQ, it also trades on other national exchanges.  Defendants do not currently have information on how many market makers there were on the other exchanges, nor can they determine how many of the market makers on the other exchanges were different from those that were NASDAQ market makers.  Moreover, although a firm may be registered as a "market maker" on NASDAQ, that firm may not be engaged in bona fide marketing.  Thus, the information Defendants know or can readily obtain is insufficient to allow them to determine how many market makers were engaged in bona fide marketing.  Subject to and without waiving

7

the foregoing objections, Defendants state that after making reasonable inquiry, they cannot truthfully admit or deny this Request because the information they know or can readily obtain is insufficient to enable them to admit or deny this Request for the reasons stated above.

**10.    Admit that throughout the Class Period, there were more than 300 institutional investors that owned HIIQ shares.**

**RESPONSE:** The Defendants object to the definition of the terms "Class Period" and "HIIQ" for the reasons stated above.  Defendants further object to Request No. 10 on the grounds that it is vague, ambiguous, and incapable of ready determination in the use of the phrase "throughout the Class Period," which could either mean continually at all moments during the entire putative Class Period or at any one particular time within the putative Class Period. Defendants further object to Request No. 10 on the grounds that it seeks admission regarding matters that are not within Defendants' personal knowledge and cannot be ascertained upon reasonable inquiry.  Specifically, although public filings on Form 13F purport to reflect holdings by institutional investment managers, it is not always the case that all of the reported holdings are on behalf of institutional investors.  Moreover, the information Defendants know or can readily obtain is insufficient to enable them to verify the accuracy of the information compiled from reports filed by institutional investment managers on Form 13F, including as to potential double-counting of shares.  Subject to and without waiving the foregoing objections, Defendants state that they cannot truthfully admit or deny this Request because the information is not within Defendants' possession, custody, or control for the reasons stated above, except admit that public filings by institutional managers on Form 13F suggest that at some times during the Class Period there were more than 300 institutional investors that owned HIIQ shares.

8

**11.     Admit that during the Class Period, the average market Capitalization of HIIQ was over $435 million.**

<u>**RESPONSE:**</u> The Defendants object to the definition of the terms "Class Period" and "HIIQ" for the reasons stated above.  Subject to and without waiving the forgoing objections, Defendants admit Request No. 11.

**12.     Admit that throughout the Class Period, the market Capitalization of HIIQ exceeded $175 million.**

<u>**RESPONSE:**</u> The Defendants object to the definition of the terms "Class Period" and "HIIQ" for the reasons stated above.  Subject to and without waiving the forgoing objections, Defendants admit Request No. 12.

**13.     Admit that during the Class Period, the average daily Bid-Ask Spread for HIIQ common stock was less than $0.05 per share.**

<u>**RESPONSE:**</u> The Defendants object to the definition of the terms "Class Period" and "HIIQ" for the reasons stated above.  Subject to and without waiving the forgoing objections, Defendants admit Request No. 13.

**14.     Admit that throughout the Class Period, the Public Float of HIIQ common stock exceeded 12.5 million shares.**

<u>**RESPONSE:**</u> The Defendants object to the definition of the terms "Class Period," "HIIQ" and "Public Float" for the reasons stated above.  Defendants further object to Request No. 14 on the grounds that it is vague, ambiguous, and incapable or ready determination in its use of the phrase "throughout the Class Period," which could either mean continually at all moments during the entire putative Class Period or at any one particular time within the putative Class Period. Subject to and without waiving the forgoing objections, Defendants deny that the

9

public float of HIIQ common stock exceeded 12.5 million shares at all times during the Class Period, but admit that at some times during the putative Class Period, and assuming the calculation of the public float removes HIIQ officer and director holdings, the public float of HIIQ common stock exceeded 12.5 million shares.

**15.    Admit that the market for HIIQ common stock was an Efficient Market throughout the Class Period.**

**RESPONSE:** The Defendants object to the definition of the terms "Class Period," "Efficient Market" and "HIIQ" for the reasons stated above.  Defendants further object to Request No. 15 on the grounds that it calls for the disclosure of expert opinions in a manner and at a time not permitted by the Federal Rules of Civil Procedure or the Scheduling Order in place in this case. Defendants also object to this Request on the grounds that it is an improper request to admit a legal conclusion.  Based on the foregoing objections, no response to the Request is required.

**16.    Admit that You have no evidence that the market for HIIQ common stock was inefficient throughout the Class Period.**

**RESPONSE:** The Defendants object to the definition of the terms "Class Period" and "HIIQ" for the reasons stated above.  Defendants further object to Request No. 16 on the grounds that it calls for the disclosure of expert opinions in a manner and at a time not permitted by the Federal Rules of Civil Procedure or the Scheduling Order in place in this case. Defendants also object to this Request on the grounds that it is an improper request to admit a legal conclusion. Based on the foregoing objections, no response to the Request is required.

**17.    Admit that the proposed Class contains at least 40 members.**

10

4812-4450-1425.5

**RESPONSE:** The Defendants object to the definition of the term "Class" for the reasons stated above.  Defendants further object to Request No. 17 on the grounds that it seeks admissions regarding matters that are not within Defendants' personal knowledge and cannot be ascertained upon reasonable inquiry.  Subject to and without waiving the foregoing objections, Defendants state that they cannot truthfully admit or deny this Request because the information regarding the identities – and thus the number – of putative Class members largely resides with broker-dealers, which records are not within Defendants' possession, custody, or control.

18.     **Admit that a class action is superior to other available methods for fairly and efficiently adjudicating this Action.**

**RESPONSE:** Defendants object to  Request No. 18 on the grounds that it is vague, ambiguous, and incapable of ready determination in that it is not clear what is meant by the undefined terms "superior" and "fairly and efficiently."  Defendants further object to Request No. 18 in that the Request is an improper request to admit a legal conclusion, and therefore no response to the Request is required.

19.     **Admit that on November 1, 2018, the closing price of HIIQ's common stock was $50.74 per share.**

**RESPONSE:** The Defendants object to the definition of the term "HIIQ" for the reasons stated above.  Subject to and without waiving the forgoing objections, Defendants admit Request No. 19.

20.     **Admit that on November 2, 2018, the closing price of HIIQ's common stock was $46.27 per share.**

**RESPONSE:** The Defendants object to the definition of the term "HIIQ" for the reasons stated above. Subject to and without waiving the forgoing objections, Defendants admit Request No. 20.

**21.** **Admit that on November 5, 2018, the closing price of HIIQ's common stock was $39.62 per share.**

**RESPONSE:** The Defendants object to the definition of the term "HIIQ" for the reasons stated above. Subject to and without waiving the forgoing objections, Defendants admit Request No. 21.

**22.** **Admit that on November 26, 2018, the closing price of HIIQ's common stock was $33.13 per share.**

**RESPONSE:** The Defendants object to the definition of the term "HIIQ" for the reasons stated above. Subject to and without waiving the forgoing objections, Defendants admit Request No. 22.

**23.** **Admit that on November 27, 2018, the closing price of HIIQ's common stock was $31.20 per share.**

**RESPONSE:** The Defendants object to the definition of the term "HIIQ" for the reasons stated above. Subject to and without waiving the forgoing objections, Defendants admit Request No. 23.

**24.** **Admit that on March 12, 2019, the closing price of HIIQ's common stock was $38.39 per share.**

**RESPONSE:** The Defendants object to the definition of the term "HIIQ" for the reasons stated above. Subject to and without waiving the forgoing objections, Defendants admit Request No. 24.

12

4812-4450-1425.5

**25.**    **Admit that on March 13, 2019, the closing price of HIIQ's common stock was $31.77 per share.**

**RESPONSE:** The Defendants object to the definition of the term "HIIQ" for the reasons stated above.  Subject to and without waiving the forgoing objections, Defendants admit Request No. 25.

**26.**    **Admit that on March 25, 2019, the closing price of HIIQ's common stock was $29.65 per share.**

**RESPONSE:** The Defendants object to the definition of the term "HIIQ" for the reasons stated above.  Subject to and without waiving the forgoing objections, Defendants admit Request No. 26.

**27.**    **Admit that on March 26, 2019, the closing price of HIIQ's common stock was $27.45 per share.**

**RESPONSE:** The Defendants object to the definition of the term "HIIQ" for the reasons stated above.  Subject to and without waiving the forgoing objections, Defendants admit Request No. 27.

**28.**    **Admit that on April 11, 2019, the closing price of HIIQ's common stock was $25.82 per share.**

**RESPONSE:** The Defendants object to the definition of the term "HIIQ" for the reasons stated above.  Subject to and without waiving the forgoing objections, Defendants admit Request No. 28.

**29.**    **Admit that on April 12, 2019, the closing price of HIIQ's common stock was $23.85 per share**

13

**RESPONSE:** The Defendants object to the definition of the term "HIIQ" for the reasons stated above.  Subject to and without waiving the forgoing objections, Defendants admit Request No. 29.

30.    **Admit that Defendants' False Statements were disseminated publicly.**

**RESPONSE:** The Defendants object to the definition of the term "False Statements" for the reasons stated above.  Defendants further object to Request No. 30 on the grounds that it is vague, ambiguous, and incapable of ready determination in that it is not clear what is meant by the undefined term "publicly."  Subject to and without waiving the forgoing objections, Defendants deny that any of their statements were false or misleading, but admit that the alleged statements quoted in ¶¶ 158, 162, 164-68, 172, 174, 176-77, 179, 181-83, 185, 187-88, 190, 192, 194-95, 197-98, 200, and 202 of the Consolidated Complaint were public.

31.    **Admit that there is at least one question of law common to the Class.**

**RESPONSE:** The Defendants object to the definition of the term "Class" for the reasons stated above.  Defendants further object to Request No. 31 in that the Request is an improper request to admit a legal conclusion, and therefore no response to the Request is required.  To the extent any response is required, and subject to and without waiving the forgoing objections, Defendants admit that at least one question of law would be a question common to all putative Class members.

32.    **Admit that there is at least one question of fact common to the Class.**

**RESPONSE:** The Defendants object to the definition of the term "Class" for the reasons stated above.  Defendants further object to Request No. 32 in that the Request is an improper request to admit a legal conclusion, and therefore no response to the Request is required.  To the extent any response is required, and subject to and without waiving the forgoing objections,

14

Defendants admit that at least one question of fact would be common to all putative Class members.

**33.    Admit that whether Defendants violated the federal securities laws is a question of law or fact common to the Class.**

**RESPONSE:** The Defendants object to the definition of the term "Class" for the reasons stated above.  Defendants further object to Request No. 33 on the grounds that it is vague, ambiguous, and incapable of ready determination insofar as it refers to "federal securities laws" when the only federal securities laws at issue in the Action are Section 10(b) and 20(a) of the Securities Exchange Act of 1934.  The Defendants further object to Request No. 33 on the grounds that it is an improper request to admit a legal conclusion, and therefore no response to the Request is required.  To the extent any response is required, and subject to and without waiving the forgoing objections, Defendants deny they violated Section 10(b) or 20(a) of the Securities Exchange Act of 1934, but admit that the question of whether they violated Section 10(b) or 20(a) of the Securities Exchange Act of 1934 would be a question common to all putative Class members.

**34.    Admit that whether the price of HIIQ's common stock was artificially inflated during the Class Period is a question of law or fact common to the Class.**

**RESPONSE:** The Defendants object to the definition of the terms "Class," "Class Period," and "HIIQ" for the reasons stated above.  The Defendants further object to Request No. 34 on the grounds that it is an improper request to admit a legal conclusion, and therefore no response to the Request is required.  To the extent any response is required, and subject to and without waiving the forgoing objections, Defendants deny that the price of HIIQ's common stock was artificially inflated during the putative Class Period, but admit that the question of

whether the price of HIIQ's common stock was artificially inflated during the putative Class Period would be a question common to all putative Class members.

**35.     Admit that the questions of law or fact common to the Class predominate over any questions affecting only individual members of the Class.**

**RESPONSE:** The Defendants object to the definition of the term "Class" for the reasons stated above.  Defendants further object to Request No. 35 on the grounds that it calls for the disclosure of expert opinions in a manner and at a time not permitted by the Federal Rules of Civil Procedure or the Scheduling Order in place in this case. Defendants also object to this Request on the grounds that it is an improper request to admit a legal conclusion.  Based on the foregoing objections, no response to the Request is required.

**36.     Admit that the extent to which Class members have sustained damages is a question of law or fact common to the Class.**

**RESPONSE:** The Defendants object to the definition of the term "Class" for the reasons stated above.  Defendants further object to Request No. 36 on the grounds that it is vague, ambiguous, and incapable of ready determination insofar as it is unclear whether the Request asks Defendants to admit that all putative Class members would need to prove the extent to which they have sustained damages, or whether the Request asks Defendants to admit that the answer to that question is susceptible to common proof across all putative Class members. Defendants also object to Request No. 36 on the grounds that it calls for the disclosure of expert opinions in a manner and at a time not permitted by the Federal Rules of Civil Procedure or the Scheduling Order in place in this case and that it is an improper request to admit a legal conclusion.  Based on the foregoing objections, no response to the Request is required.  To the extent any response is required, and subject to and without waiving the foregoing objections,

16

4812-4450-1425.5

Defendants admit that each putative Class member must prove the extent to which he or she sustained damages, but deny that the extent to which, if at all, the putative Class members sustained damages is susceptible to common proof as opposed to individual inquiry.  Defendants also deny that they caused putative Class members to sustain damages.

**37.     Admit that the proper measure of damages is a question of law or fact common to the Class.**

**RESPONSE:** The Defendants object to the definition of the term "Class" for the reasons stated above.  Defendants further object to Request No. 37 on the grounds that it is vague, ambiguous, and incapable of ready determination in that it is not clear what is meant by the phrase "proper measure of damages."  For purposes of responding to this Request, Defendants will construe this phrase to refer to a purported formula or method for measuring damages allegedly sustained by putative Class members in connection with the allegations in the Consolidated Complaint.  Even so construed, Defendants object to this Request as vague, ambiguous, and incapable of ready determination insofar as it is unclear whether the Request asks Defendants to admit that the question of whether such a common formula or method exists would itself be a question common to all putative Class members, or whether the Request asks Defendants to admit that there is, in fact, a common formula or method for measuring alleged damages in this Action.  The Defendants further object to Request No. 37 on the grounds that it calls for the disclosure of expert opinions in a manner and at a time not permitted by the Federal Rules of Civil Procedure or the Scheduling Order in place in this case and that it is an improper request to admit a legal conclusion.  Based on the foregoing objections, no response to the Request is required.  To the extent any response to required, and subject to and without waiving the foregoing objections, Defendants admit that the question of whether there is a proper

17

common formula or method for measuring damages allegedly sustained by putative Class members would be common to all putative Class members, but deny that they are aware of whether such a proper common formula or method exists. Defendants also deny that they caused putative Class members to sustain damages.

**38.     Admit that Lead Plaintiffs' claims in this Action are typical of the claims of the Class.**

**RESPONSE:** The Defendants object to the definition of the term "Class" for the reasons stated above.  Defendants further object to Request No. 38 on the grounds that it is an improper request to admit a legal conclusion.  Subject to and without waiving the foregoing objections, Defendants deny Request No. 38.

**39.     Admit that Lead Plaintiffs' claims in this Action are subject to the same defenses as the claims of the Class.**

**RESPONSE:** The Defendants object to the definition of the term "Class" for the reasons stated above.  Defendants further object to Request No. 39 on the grounds that it is an improper request to admit a legal conclusion.  Subject to and without waiving the foregoing objections, Defendants deny Request No. 39, except admit that at least some of Defendants' defenses defeat both Lead Plaintiffs' claims and putative Class members' claims.

**40.     Admit that the Class is so numerous that joinder of all Class members would be impracticable.**

**RESPONSE:** The Defendants object to the definition of the term "Class" for the reasons stated above.  Defendants further object to Request No. 40 on the grounds that it seeks admissions regarding matters that are not within Defendants' personal knowledge and cannot be ascertained upon reasonable inquiry.  Defendants also object to Request No. 40 on the grounds

18

that it is an improper request to admit a legal conclusion, and therefore no response to the

Request is required.  To the extent any response is required, and subject to and without waiving

the foregoing objections, Defendants state that they cannot truthfully admit or deny this Request

because the information regarding the identities – and thus the number – of putative Class

members largely resides with broker-dealers, which records are not within Defendants'

possession, custody, or control, and Defendants lack sufficient information about whether joinder

of unidentified putative Class members would be practicable or not.

Dated: January 22, 2020

**FOLEY & LARDNER, LLP**

*/s/ Michael P. Matthews*
Michael P. Mathews (FL Bar No. 63988)
Lauren L. Valiente (FL Bar No. 034775)
100 North Tampa Street, Suite 2700
Tampa, FL 33602
Telephone: (813) 229-230x
Fax: (813) 221-4210
mmatthews@foley.com
lvaliente@foley.com
*Counsel for Defendants*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on January 22, 2020, a copy of the foregoing was served by

email to all counsel of record using the email addresses they have registered with the CM/ECF

system for the U.S. District Court for the Middle District of Florida (Tampa Division).

*/s/ Michael P. Matthews*
Attorney

19

4812-4450-1425.5