# Exhibit A

Case 8:19-cv-00421-WFJ-CPT    Document 84-1    Filed 08/13/20    Page 1 of 7 PageID
1775

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

Case No.:  8:19-cv-00421-WFJ-CPT

JULIAN KEIPPEL, Individually and on
behalf of all others similarly situated,

    Plaintiff,

vs.

HEALTH INSURANCE INNOVATIONS,
INC., n/k/a BENEFYTT TECHNOLOGIES,
INC., et al.,

    Defendants.
_____

*** CONFIDENTIAL ***

V I D E O   D E P O S I T I O N

o f

JODI COX

taken on behalf of Defendants


DATE:            June 23, 2020

TIME:            10:06 a.m. to 5:15 p.m.

PLACE:           ***  REMOTE  ***

BEFORE:          Dawn A. Hillier, RMR, CRR, CLR
                 Notary Public - State of
                 Florida, at Large

JOB NO:          301189

APPEARANCES:

ATTORNEYS FOR PLAINTIFF

    BRANDON GRZANDZIEL, ESQUIRE (remote)
    SAXENA WHITE, P.A.
    7777 Glades Road, Suite 300
    Boca Raton, Florida  33434
    561.206.6713
    brandon@saxenawhite.com


ATTORNEYS FOR DEFENDANTS

    CHRISTINA KENNEDY, ESQUIRE (remote)
    MICHAEL P. MATTHEWS, ESQUIRE (remote)
    NATHAN IMFELD, ESQUIRE (remote)
    FOLEY & LARDNER, LLP
    100 North Tampa Street, Suite 2700
    Tampa, Florida  33602
    813.229.2300
    ckennedy@foley.com
    mmatthews@foley.com



ALSO PRESENT:

    Stephanie Scott, paralegal to Foley & Lardner
    Alexsis Jackson
    Lee Utterback, videographer
    Jon Bortolini, document technician

CONFIDENTIAL
Transcript of Jodi Cox
Conducted on June 23, 2020                    3

                              INDEX

                                                      PAGE

WITNESS - JODI COX                                      7
DIRECT EXAMINATION BY MS. KENNEDY                       7
CERTIFICATE OF OATH                                   267
REPORTER'S CERTIFICATE                                269


                            EXHIBITS

Exhibit 14    OMRF - 30(b)(6) Notice to OMRF     23
        (2020-05-28)

Exhibit 15    2019-03-31 - Financial            105
        Report-Trade Statement [OMRF_00001071]

Exhibit 16    2019-04-10 - Email                112
        [OMRF_00002248]

Exhibit 17    2019-03-29 - Board Minutes        128
        [OMRF_00001279]

Exhibit 18    OMRF - Plaintiffs' Declaration    138
        of Lester R. Hooker - Exhibit B

Exhibit 19    2019-04-26 - Board Minutes        145
        [OMRF_00001286]

Exhibit 20    2019-05-31 - Board Minutes        149
        [OMRF_00001292]

Exhibit 21    2019-06-25 - Email                167
        [OMRF_00001766]

Exhibit 22    2019-06-26 - Email                174
        [OMRF_00001857]

Exhibit 23    2019-06-28 - Board Minutes        188
        [OMRF_00001300]

Exhibit 24    OMRF - OMRF'S Certification and   200
        Authorization

Exhibit 25    2019-04-12 - River Road Q1        212
        Statement

Exhibit 26    2019-07-26 - Board Minutes        215
        [OMRF_00001306]

CONFIDENTIAL

Transcript of Jodi Cox
Conducted on June 23, 2020                                        4

Exhibit 27   OMRF - Privilege Log                      221

Exhibit 28   OMRF - Dkt 30    Amended                  251
     Complaint (Consolidated Class Action
     Complaint)


          REPORTER'S KEY TO PUNCTUATION:

     --   At end of question or answer references

          interruption.

     ...  References a trail-off by the speaker.

          No testimony omitted.

     "Uh-huh" "Um-hum" References affirmative sound.

     "Huh-uh" "Um-um"  References negative sound.

CONFIDENTIAL

Transcript of Jodi Cox
Conducted on June 23, 2020                                    210

BY MS. KENNEDY:

Q    Okay.  So let's see.  Let me see if I can orient yourself here because it's not that you didn't know that River Road owned HIIQ stock; right?

MR. GRZANDZIEL:  Objection to form.

THE WITNESS:  Of course it was listed in their quarterly report as we saw earlier.

BY MS. KENNEDY:

Q    Right.

A    I didn't -- I didn't know that it was inside an extended class period, perhaps, at one point during this process.  But again, you have to go from A to B.  So the first complaint we complied with the schedule.  And we extended the complaint, and we provided the schedule.

Q    Okay.  So and we looked in emails earlier where Ms. Stewart was reaching into Northern Trust -- right? -- in order to identify the TimesSquare holdings.  Do you remember those?

A    Yes.  Because that was inside the initial class period, yes.

Q    Okay.  So we know at least as of that date that the class period had not been extended; is that right?

A    Correct.  It only was extended after

CONFIDENTIAL

Transcript of Jodi Cox
Conducted on June 23, 2020                          211

Saxena White did their thorough investigation.

Q    Right.  And that's exactly what I'm trying to hone in on, is just when that happened.  Because I have the April 22nd filing, which was the motion for -- and then I have board minutes, you know, at the end of each month.

And so I'm trying to orient in time when that would have happened, so I can understand how the documents line up.

A    I would -- once we were appointed co-lead plaintiff in May, May 13th of 2019, that is when Saxena White started doing their thorough investigation.

So between May 13th and July 17th, I definitely knew the extent -- the class period had been extended.

Q    Okay.  Okay.  Because when you received, for example, statements from River Road that had HIIQ on them, you would have raised your hand and said, Hey, these need to be on the schedules; right?

A    No, because the initial schedule had already been filed.  These purchases were done after the initial class action period in the initial complaint.

Q    Understood.  And what I'm getting at is obviously I -- I'm sorry?

A    I'm not understanding what you're asking me.