UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JULIAN KEIPPEL, Individually and
on behalf of all others similarly
situated,

              Plaintiff,

v.

HEALTH INSURANCE
INNOVATIONS, INC. n/k/a
BENEFYTT TECHNOLOGIES, INC.
et al.,

              Defendants.

Case No.   8:19-cv-00421-WFJ-CPT

## ORDER

This matter is before the Court on Lead Plaintiffs' Oklahoma Municipal

Retirement Fund ("OMRF") and City of Birmingham Retirement and Relief

System ("BRRS") (collectively "Lead Plaintiffs" or "Plaintiffs") Motion for Class

Certification, Appointment of Class Representatives, and Appointment of Class

Counsel (Dkt. 70, "Motion"), and Defendants' Health Insurance Innovations, Inc.

n/k/a Benefytt Technologies, Inc. ("HIIQ"), Gavin Southwell, and Michael D.

Hershberger (collectively "Defendants") Opposition (Dkts. 80, 81), and Lead

Plaintiffs' Reply (Dkts. 83, 84). The Court also had the benefit of a hearing on this

matter on August 25, 2020. (Dkt. 87.) After careful review of the briefing and

1

evidentiary record, having considered argument of counsel, and for the reasons

stated below, the Court grants Lead Plaintiffs' Motion in part, but orders that the

class period ends on February 18, 2019 when this action was filed.

## DISCUSSION

To satisfy Rule 23(a), the party moving for class certification must show

that: (1) the class is so numerous that joinder of all members is impracticable; (2)

there are questions of law or fact common to the class; (3) the claims or defenses

of the representative parties are typical of the claims or defenses of the class; and

(4) the representative parties will fairly and adequately protect the interests of the

class. Fed. R. Civ. P. 23(a)(1)-(4). Defendants do not dispute the Lead Plaintiffs'

satisfaction of these four requirements. (Dkt. 80 at footnote 1.)[1] And the Court so

finds.

Lead Plaintiffs seek certification under Rule 23(b)(3), which requires "that

the questions of law or fact common to class members predominate over any

questions affecting only individual members, and that a class action is superior to

other available methods for fairly and efficiently adjudicating the controversy."

Fed. R. Civ. P. 23(b)(3). Defendants do not challenge the superiority element,

---

[1] Even where there is no opposition to certain elements of class certification, the Court nevertheless has the responsibility of determining whether the requirements of Rule 23 have been satisfied. *Aranaz v. Catalyst Pharm. Partners Inc*., 302 F.R.D. at 663. The Court has conducted an independent review of these factors and agrees that these factors are met.

which the Court finds has been satisfied.[2]

For purposes of this motion only, Defendants dispute only the ending date of the proposed class period, arguing for November 27, 2018 or in the alternative after February 18, 2019.

**The Court Finds the Proper End Date to be February 18, 2019.**

"In a securities class action, the class period ends 'when curative information is publicly announced or otherwise effectively disseminated to the market.'" *W. Va. Pipe Trades Health & Welfare Fund v. Medtronic, Inc.*, 325 F.R.D. 280, 291 (D. Minn. 2018) (quoting *In re Ribozyme Pharm., Inc. Sec. Litig.*, 205 F.R.D. 572, 579 (D. Colo. 2001)); *In re Data Access Sys. Sec. Litig.*, 103 F.R.D. 130, 143 (D.N.J. 1984); *In re Am. Italian Pasta Co. Sec. Litig.*, No. 05-0725-CV-WODS, 2007 WL 927745, at *4 (W.D. Mo. Mar. 26, 2007). This is so because the corrective or "curative" information "retracts or dispels the alleged misinformation, or puts the investor on inquiry notice of the alleged fraud, making

---

[2] Rule 23(b)(3) sets forth four factors to consider in the superiority analysis: (A) the class members' interests in individually controlling the prosecution or defense of separate actions; (B) the extent and nature of any litigation concerning the controversy already begun by or against class members; (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and (D) the likely difficulties in managing a class action. *Id.* "Class treatment is often the best method for resolving securities fraud claims predicated on public misrepresentations." *Aranaz*, 302 F.R.D. at 674. It appears that potential class members would favor class treatment over individual control due to "abundance and importance of common issues in this case, which render class treatment more cost-effective and which diminish the traditional difficulties of proceeding as a class." *Id.* The Court is not aware of other related litigation, and HIIQ is headquartered here. (Dkt. 56 ¶ 13.) The superiority element is satisfied.

further reliance on the original statements by investors unreasonable." *Alaska Elec. Pension Fund v. Pharmacia Corp.*, No. 03–1519, 2007 WL 276150, at *3 & n.7 (D.N.J. Jan. 25, 2007); *In re Data Access Sys.*, 103 F.R.D. at 143.

Several periods are suggested for an end date to the class.  After considering the entire, detailed record, the Court determines the most apt end date is February 18, 2019, the filing of the public complaint in this matter.  The market, which both sides presume to be efficient, had already received prior notice on several items of the actionable (and allegedly withheld) information, some as early as November 2018. (Dkts. 80, 81 at Exhs. C–F, I, K–M).  This date has precedent in the legal authorities, *see In Re. Novatel Wireless Sec. Litig.,* No. 08-CV-1689-H, 2010 WL 11470156, at *7 (S.D. Cal. May 12, 2010); *In Re CMS Energy Sec. Litig.,* 236 F.R.D. 338, 342 (E.D. Mich. 2006), and provides a clear demarcation by which the market knew or should have known about the corrective information and pertinent issues.

To choose the later date suggested by Plaintiffs' counsel (April 11, 2019) is bothersome due to the fact that lead Plaintiff ORMF, who had previously sold all or much of its holding,  conferred with Plaintiff class counsel after this suit was filed, and thereafter purchased large holdings in March 2019, which tends to give the appearance of the purchase of a law suit or deliberate creation of "victim

status" for litigative purposes. No other purpose for these large purchases appears logically apparent in this record.

The other item in dispute at the hearing was the Defendants' objection that the class not include those persons who "otherwise acquired" shares during the class period. The Court expressed concern that those persons, who might have obtained shares by gift, barter, or perhaps through some bonus or 401(k)-type plan, might create discrete and "untypical" inquiries for damages calculations, due to varying real-world costs bases in the shares, etc.  However, this may be handled at a later date, and if the matter is too complicated and fact-specific for these individual "otherwise acquirers," the Court can pare the class. That objection by the Defendants is presently overruled.

Accordingly, the class is hereby certified as follows:  All persons or entities that purchased or otherwise acquired HIIQ common stock between September 25, 2017 through February 18, 2019, inclusive, and who were damaged thereby.  Excluded from the class are Defendants, the officers and directors of HIIQ, members of their immediate families and their legal representatives, heirs, agents, affiliates, successors or assigns, Defendants' liability insurance carriers, and any affiliates or subsidiaries thereof, and any entity in which Defendants or their immediate families have or had a controlling interest. The motion for class certification (Dkt. 70) is granted consistent with this order. Without objection

Oklahoma Municipal Retirement Fund and City of Birmingham Retirement and

Relief System are appointed as Class Representatives and Saxena White P.A. is

appointed as Class Counsel.

**DONE AND ORDERED** at Tampa, Florida, on August 28, 2020.

_____

**WILLIAM F. JUNG**

**UNITED STATES DISTRICT JUDGE**

**COPIES FURNISHED TO**:
Counsel of Record

6