# Exhibit 1

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| JULIAN KEIPPEL, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>HEALTH INSURANCE INNOVATIONS, INC. n/k/a BENEFYTT TECHNOLOGIES, INC., GAVIN SOUTHWELL, and MICHAEL D. HERSHBERGER,<br><br>Defendants. | CASE NO. 8:19-CV-00421-WFJ-CPT<br><br>CLASS ACTION<br><br>EXHIBIT A |

**[PROPOSED] ORDER PRELIMINARILY APPROVING
SETTLEMENT AND PROVIDING FOR NOTICE**

WHEREAS, a putative class action is pending in this Court entitled *Julian Keippel v. Health Insurance Innovations, Inc., et al.*, Case No. 8:19-cv-00421-WFJ-CPT (the "Action");

WHEREAS, (a) Oklahoma Municipal Retirement Fund and City of Birmingham Retirement and Relief System (collectively, "Lead Plaintiffs"), and (b) defendants Health Insurance Innovations, Inc., n/k/a Benefytt Technologies, Inc. ("HIIQ" or the "Company"), Gavin Southwell, and Michael Hershberger (together with HIIQ, "Defendants"), have entered into a Stipulation and Agreement of Settlement dated December 2, 2020 (the "Stipulation"), subject to approval of this Court (the "Settlement");

WHEREAS, Lead Plaintiffs have made an application, pursuant to Rule 23 of the Federal Rules of Civil Procedure, for an order preliminarily approving the Settlement in accordance with the Stipulation and allowing notice to Class Members and Settlement Class Members, as more

fully described herein;

WHEREAS, on August 28, 2020, the Court granted class certification of the following class with the following Class Period: "All persons or entities that purchased or otherwise acquired HIIQ common stock between September 25, 2017 through February 18, 2019, inclusive, and who were damaged thereby";

WHEREAS, the Class Period certified by the Court shortened the class period proposed in the Complaint by moving the ending date from April 11, 2019 to February 18, 2019; and, pending before the Court is Lead Plaintiffs' motion for reconsideration asking the Court to move the class period end date to April 11, 2019, which motion has not been ruled on by the Court, will not be decided on its merits given the Settlement, and is denied as moot, without prejudice pending the Judgment;

WHEREAS, the Court has read and considered: (a) Lead Plaintiffs' motion for preliminary approval of the Settlement, and the papers filed and arguments made in connection therewith; and (b) the Stipulation and the exhibits attached thereto; and

WHEREAS, unless otherwise defined herein, all capitalized words contained herein shall have the same meanings as they have in the Stipulation;

NOW THEREFORE, IT IS HEREBY ORDERED:

1.    **Certification of Settlement Class** – The Court preliminarily certifies, solely for purposes of effectuating the Settlement and for no other purpose, pursuant to Rule 23(a) and (b)(3), a Settlement Class consisting of "all persons or entities that purchased or otherwise acquired HIIQ common stock between September 25, 2017 through April 11, 2019, inclusive, and who were allegedly damaged thereby" (the "Settlement Class"). Excluded from the Settlement Class are Defendants, the officers and directors of HIIQ, members of their

immediate families and their legal representatives, heirs, agents, affiliates, successors or assigns, Defendants' liability insurance carriers, and any affiliates or subsidiaries thereof, and any entity in which Defendants or their immediate families have or had a controlling interest. Also excluded from the Settlement Class and the Class are those Potential Members who timely and validly request exclusion from the Settlement Class or the Class pursuant to the requirements set forth in the Notice to the Claims Administrator by the Opt-out Deadline (as defined in the Notice).

a.      Pursuant to Rule 23 and for purposes of effectuating the Settlement and for no other purpose, the Court preliminarily certifies Lead Plaintiffs Oklahoma Municipal Retirement Fund and City of Birmingham Retirement and Relief System as Settlement Class Representatives for the Settlement Class, and preliminarily appoints Saxena White P.A. as Lead Counsel for the Settlement Class. Lead Counsel is authorized to act on behalf of the Settlement Class with respect to all acts required by, or which may be undertaken pursuant to, the Stipulation or such other acts that are reasonably necessary to consummate the proposed Settlement set forth in the Stipulation.

b.      With respect to the Settlement Class, the Court preliminarily finds, solely for purposes of effectuating the Settlement and no other purpose, that the prerequisites for a class action under Rules 23(a) and (b)(3) have been satisfied. The members of the Settlement Class are so numerous that joinder of all Settlement Class Members in the class action is impracticable and there are questions of law and fact common to the Settlement Class. The claims of Lead Plaintiffs are typical of the claims of the Settlement Class, and Lead Plaintiffs and their counsel have fairly and adequately represented and protected the interests of all of the Settlement Class Members. There are questions of law

3

and fact common to the Settlement Class Members that predominate over any questions affecting only individual members. A class action is also superior to other available methods for the fair and efficient adjudication of the controversy, considering: (a) the interests of the members of the Settlement Class in individually controlling the prosecution of the separate actions; (b) the extent and nature of any litigation concerning the controversy already commenced by members of the Settlement Class; (c) the desirability or undesirability of continuing the litigation of these claims in this particular forum; and (d) the difficulties likely to be encountered in the management of the class action.

2.     **Preliminary Approval of the Settlement** – The Court hereby preliminarily approves the Settlement, as embodied in the Stipulation, as being fair, reasonable, and adequate, and preliminarily approves the proposed Plan of Allocation described in the Notice, subject to the right of any Class Member or Settlement Class Member to challenge the fairness, reasonableness, and adequacy of the Settlement, the Stipulation, or the proposed Plan of Allocation, and subject to further consideration at the Settlement Hearing to be conducted as described below.

3.     **Settlement Hearing** – The Court will hold a settlement hearing (the "Settlement Hearing") on _____, 2021 at __:__ _.m. in Courtroom 15B, of the Sam Gibbons United States Courthouse, 801 North Florida Avenue, Tampa, Florida 33602, or by telephonic, video conferencing or other electronic means, as posted on the website of the Claims Administrator, for the following purposes: (a) to determine whether the proposed Settlement on the terms and conditions provided for in the Stipulation is fair, reasonable and adequate, and should be approved by the Court; (b) to determine whether a Judgment substantially in the

4

form attached as Exhibit B to the Stipulation should be entered dismissing the Action with prejudice against Defendants; (c) to determine whether the proposed Plan of Allocation for the proceeds of the Settlement is fair and reasonable and should be approved; (d) to determine whether the motion by Lead Counsel for an award of attorneys' fees and reimbursement of Litigation Expenses should be approved; and (e) to consider any other matters that may be properly brought before the Court in connection with the Settlement.  Notice of the Settlement and the Settlement Hearing shall be given as set forth in paragraph 5 of this Order.

4.     The Court may adjourn the Settlement Hearing without further notice and may approve the proposed Settlement with such modifications as the Parties may agree to, if appropriate, without further notice.

5.     **Retention of Claims Administrator and Manner of Giving Notice** – Lead Counsel are hereby authorized to retain Epiq Class Action & Claims Solutions, Inc. ("Epiq" or the "Claims Administrator") to supervise and administer the notice procedure in connection with the proposed Settlement as well as the processing of Claims as more fully set forth below. Notice of the Settlement and the Settlement Hearing shall be given by Lead Counsel as follows:

(a)     within seven (7) days of the date of entry of this Order, HIIQ shall provide or cause to be provided to the Claims Administrator (at no cost to the Settlement Fund, Lead Counsel, the Claims Administrator, the Class, or the Settlement Class) records reasonably available to HIIQ or its transfer agent concerning the identity and last known address of Class Members and Settlement Class Members, in electronic form or other form as is reasonably available to HIIQ or its transfer agent, which information the Claims Administrator shall treat and maintain as confidential;

(b)    not later than twenty-five (25) business days after the date of entry of this Order (the "Notice Date"), the Claims Administrator shall cause a copy of the Notice and the Claim Form, substantially in the forms attached hereto as Exhibits A-1 and A-2, respectively (the "Notice Packet"), to be mailed by first-class mail to potential Class Members and Settlement Class Members at the addresses set forth in the records which HIIQ caused to be provided, or who otherwise may be identified through further reasonable effort;

(c)    contemporaneously with the mailing of the Notice Packet, the Claims Administrator shall cause copies of the Notice and the Claim Form to be posted on a website to be developed for the Settlement, from which copies of the Notice and Claim Form can be downloaded;

(d)    not later than ten (10) days after the Notice Date, the Claims Administrator shall cause the Summary Notice, substantially in the form attached hereto as Exhibit A-3, to be published once in *Investor's Business Daily* and to be transmitted once over the *PR Newswire*; and

(e)    not later than seven (7) days prior to the Settlement Hearing, Lead Counsel shall file with the Court proof, by affidavit or declaration, of such mailing and publication.

6.    **<u>Approval of Form and Content of Notice</u>** – The Court (a) approves, as to form and content, the Notice, the Claim Form, and the Summary Notice, attached hereto as Exhibits A-1, A-2, and A-3, respectively, and (b) finds that the mailing and distribution of the Notice and Claim Form and the publication of the Summary Notice in the manner and form set forth in paragraph 5 of this Order (i) is the best notice practicable under the circumstances; (ii)

constitutes notice that is reasonably calculated, under the circumstances, to apprise Class Members and Settlement Class Members of the pendency of the Action, of the effect of the proposed Settlement (including the Releases to be provided thereunder), of Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses, of the Class Members' and Settlement Class Members' right to object to the Settlement, the Plan of Allocation or Lead Counsel's motion for attorneys' fees and reimbursement of Litigation Expenses, of their right to exclude themselves from the Class or Settlement Class, and of their right to appear at the Settlement Hearing; (iii) constitutes due, adequate and sufficient notice to all persons and entities entitled to receive notice of the proposed Settlement; and (iv) satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4, as amended, and all other applicable law and rules.  The date and time of the Settlement Hearing shall be included in the Notice and Summary Notice before they are mailed and published, respectively.

7.    **Nominee Procedures** – Brokers and other nominees who purchased or otherwise acquired HIIQ common stock during the Class Period or Settlement Class Period for the benefit of another person or entity shall (a) within seven (7) calendar days of receipt of the Notice request from the Claims Administrator sufficient copies of the Notice Packet to forward to all such beneficial owners and within seven (7) calendar days of receipt of those Notice Packets forward them to all such beneficial owners; or (b) within seven (7) calendar days of receipt of the Notice, send a list of the names and addresses of all such beneficial owners to the Claims Administrator in which event the Claims Administrator shall promptly mail the Notice Packet to such beneficial owners.  Upon full compliance with this Order, such nominees may

7

seek reimbursement of their reasonable expenses actually incurred in complying with this Order by providing the Claims Administrator with proper documentation supporting the expenses for which reimbursement is sought.  Such properly documented expenses incurred by nominees in compliance with the terms of this Order shall be paid from the Settlement Fund, with any disputes as to the reasonableness or documentation of expenses incurred subject to review by the Court.

8.    **Participation in the Settlement** – Class Members and Settlement Class Members who wish to participate in the Settlement and to be potentially eligible to receive a distribution from the Net Settlement Fund must complete and submit a Claim Form in accordance with the instructions contained therein.  Unless the Court orders otherwise, all Claim Forms must be postmarked no later than one hundred twenty (120) days after the Notice Date. Notwithstanding the foregoing, Lead Counsel may, at their discretion, accept for processing late Claims provided such acceptance does not delay the distribution of the Net Settlement Fund.  By submitting a Claim, a person or entity shall be deemed to have submitted to the jurisdiction of the Court with respect to his, her, or its Claim and the subject matter of the Settlement.

9.    Each Claim Form submitted must satisfy the following conditions: (a) it must be properly completed, signed, and submitted in a timely manner in accordance with the provisions of the preceding paragraph; (b) it must be accompanied by adequate supporting documentation for the transactions and holdings reported therein, in the form of broker confirmation slips, broker account statements, an authorized statement from the broker containing the transactional and holding information found in a broker confirmation slip or account statement, or such other documentation as is deemed adequate by Lead Counsel or the

8

Claims Administrator; (c) if the person executing the Claim Form is acting in a representative capacity, a certification of his, her, or its current authority to act on behalf of the Class Member or Settlement Class Member must be included in the Claim Form to the satisfaction of Lead Counsel or the Claims Administrator; and (d) the Claim Form must be complete, must contain no material deletions or modifications of any of the printed matter contained therein, and must be signed under penalty of perjury.

10.    Any Class Member or Settlement Class Member who or which does not timely and validly submit a Claim Form or whose Claim is not otherwise approved by the Court: (a) shall be deemed to have waived his, her, or its right to share in the Net Settlement Fund; (b) shall be forever barred from participating in any distributions therefrom; (c) shall be bound by the provisions of the Stipulation and the Settlement and all proceedings, determinations, orders and judgments in the Action relating thereto, including, without limitation, the Judgment and the Releases provided for therein, whether favorable or unfavorable; and (d) will be barred from commencing, maintaining, or prosecuting any of the Released Plaintiffs' Claims against each and all of the Defendants' Releasees, as more fully described in the Stipulation and Notice.  Notwithstanding the foregoing, late Claim Forms may be accepted for processing as set forth in paragraph 8 above.

a.    **Exclusion** – Any member of the Class or Settlement Class who wishes to exclude himself, herself, or itself from the Class or Settlement Class must request exclusion in writing within the time and in the manner set forth in the Notice, which shall provide that: (a) any such request for exclusion from the Class or Settlement Class must be mailed or delivered such that it is received no later than twenty-one (21) days prior to the Settlement Hearing, to: Health Insurance Innovations Securities Settlement,

9

Exclusions, P.O. Box 5657, Portland, Oregon, 97228-5657, and (b) each request for exclusion must (i) state the name, address, and telephone number of the person or entity requesting exclusion, and in the case of entities, the name and telephone number of the appropriate contact person; (ii) state that such person or entity "requests exclusion from the Class in *Julian Keippel v. Health Insurance Innovations, Inc., et al.*, No. 8:19-cv-00421"; (iii) state the number of shares of HIIQ common stock that the person or entity requesting exclusion purchased/acquired and sold during the Class Period or Settlement Class Period, as well as the dates and prices of each such purchase/acquisition and sale, and the number of shares held at the beginning of the Class Period or Settlement Class Period; and (iv) be signed by the person or entity requesting exclusion or an authorized representative.  A request for exclusion shall not be effective unless it provides all the required information and is received within the time stated above, or is otherwise accepted by the Court.

11.   Any person or entity who or which timely and validly requests exclusion in compliance with the terms stated in this Order and is excluded from the Class or Settlement Class shall not be a Class Member or Settlement Class Member, shall not be bound by the terms of the Settlement or any orders or judgments in the Action, and shall not receive any payment out of the Net Settlement Fund.

12.   Any Class Member or Settlement Class Member who does not timely and validly request exclusion from the Class or Settlement Class in the manner stated in this Order: (a) shall be deemed to have waived his, her, or its right to be excluded from the Class or Settlement Class; (b) shall be forever barred from requesting exclusion from the Class or Settlement Class in this or any other proceeding; (c) shall be bound by the provisions of the

Stipulation and Settlement and all proceedings, determinations, orders and judgments in the Action, including, but not limited to, the Judgment and the Releases provided for therein, whether favorable or unfavorable; and (d) will be barred from commencing, maintaining, or prosecuting any of the Released Plaintiffs' Claims against any of the Defendants' Releasees, as more fully described in the Stipulation and Notice.

13. **<u>Appearance and Objections at Settlement Hearing</u>** – Any Class Member or Settlement Class Member who does not request exclusion may enter an appearance in the Action, at his, her, or its own expense, individually or through counsel of his, her, or its own choice, by filing with the Clerk of Court and delivering a notice of appearance to representatives of both Lead Counsel and Defendants' Counsel, at the addresses set forth in paragraph 14 below, such that it is received no later than twenty-one (21) days prior to the Settlement Hearing, or as the Court may otherwise direct. Any Class Member or Settlement Class Member who does not enter an appearance will be represented by Lead Counsel.

14. Any Class Member or Settlement Class Member who does not request exclusion may file a written objection to the proposed Settlement, the proposed Plan of Allocation, or Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses and appear and show cause, if he, she, or it has any cause, why the proposed Settlement, the proposed Plan of Allocation or Lead Counsel's motion for attorneys' fees and reimbursement of Litigation Expenses should not be approved; *provided, however*, that no Class Member or Settlement Class Member shall be heard or entitled to contest the approval of the terms and conditions of the proposed Settlement, the proposed Plan of Allocation, or the motion for attorneys' fees and reimbursement of Litigation Expenses unless that person or entity has filed a written objection with the Court and served copies of such objection on Lead

Counsel and Defendants' Counsel at the addresses set forth below such that they are received no later than twenty-one (21) days prior to the Settlement Hearing.

| **Lead Counsel** | **Defendants' Counsel** |
| --- | --- |
| Saxena White P.A. | Foley & Lardner LLP |
| Brandon T. Grzandziel | Michael Matthews |
| 7777 Glades Road, Suite 300 | 100 North Tampa Street, Suite 2700 |
| Boca Raton, FL 33434 | Tampa, FL 33602-5810 |

15. Any objections, filings and other submissions by the objecting Class Member or Settlement Class Member: (a) must state the name, address, and telephone number of the person or entity objecting and must be signed by the objector; (b) must contain a statement of the objection or objections, and the specific reasons for each objection, including any legal and evidentiary support; and (c) must include documents sufficient to prove membership in the Class or Settlement Class including the number of shares of HIIQ common stock that the objecting Class Member or Settlement Class Member purchased/acquired and sold during the Class Period or Settlement Class Period, as well as the dates and prices of each such purchase/acquisition and sale, and the number of shares held at the beginning of the Class Period or Settlement Class Period. Objectors who enter an appearance and desire to present evidence at the Settlement Hearing in support of their objection must include in their written objection or notice of appearance the identity of any witnesses they may call to testify and any exhibits they intend to introduce into evidence at the hearing.

16. Any Class Member or Settlement Class Member who or which does not make his, her, or its objection in the manner provided herein shall be deemed to have waived his, her, or its right to object to any aspect of the proposed Settlement, the proposed Plan of Allocation, and Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation

12

Expenses and shall be forever barred and foreclosed from objecting to the fairness, reasonableness, or adequacy of the Settlement, the Plan of Allocation, or the requested attorneys' fees and Litigation Expenses, or from otherwise being heard concerning the Settlement, the Plan of Allocation, or the requested attorneys' fees and Litigation Expenses in this or any other proceeding.

17.   **Stay** – Until otherwise ordered by the Court, the Court stays all proceedings in the Action other than proceedings necessary to carry out or enforce the terms and conditions of the Stipulation. Pending final determination whether the Settlement should be approved, Defendants Lead Plaintiff, Lead Counsel, and all members of the Class and Settlement Class are barred and enjoined from commencing, instituting, intervening in or participating in, prosecuting or continuing to prosecute any action or other proceeding in any court of law or equity, arbitration tribunal, or administrative forum, or other forum of any kind or character (whether brought directly, in a representative capacity, derivatively, or in any other capacity), that asserts any of the Released Claims against any of the Releasees, as defined in the Stipulation.

18.   **Settlement Administration Fees and Expenses** – All reasonable costs incurred in identifying Class Members and Settlement Class Members, and notifying them of the Settlement as well as in administering the Settlement shall be paid as set forth in the Stipulation without further order of the Court.  Notwithstanding the foregoing, prior to the Effective Date, such Notice and Administration Costs paid shall not exceed $200,000 without further approval of the Court.

19.   **Settlement Fund** – The contents of the Settlement Fund held by Western Alliance Bank, for which Western Alliance Bank will serve as the Escrow Agent, shall be

13

deemed and considered to be *in custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as they shall be distributed pursuant to the Stipulation or further order(s) of the Court.

20.    **Taxes** – Lead Counsel are authorized and directed to prepare any tax returns and any other tax reporting form for or in respect to the Settlement Fund, to pay from the Settlement Fund any Taxes owed with respect to the Settlement Fund, to apply for any tax refund owed to the Settlement Fund, and to otherwise perform all obligations with respect to Taxes and any reporting or filings in respect thereof without further order of the Court in a manner consistent with the provisions of the Stipulation.

21.    **Termination of Settlement** – If the Settlement is terminated as provided in the Stipulation, the Settlement is not approved, or the Effective Date of the Settlement otherwise fails to occur, this Order shall be vacated, rendered null and void, and be of no further force and effect, except as otherwise provided by the Stipulation, and this Order shall be without prejudice to the rights of Lead Plaintiffs, the other Class Members, Settlement Class Members, and Defendants, and the Parties shall revert to their respective positions in the Action as of December 1, 2020 as provided in the Stipulation.

22.    **Use of this Order** – Neither this Order nor the Stipulation (whether or not consummated), including the exhibits thereto and the Plan of Allocation contained therein (or any other plan of allocation that may be approved by the Court), the Supplemental Agreement, and the documents prepared to effectuate this Settlement, the negotiations leading to the execution of the Stipulation, nor any proceedings taken pursuant to or in connection with the Stipulation or the Settlement (including any arguments proffered in connection therewith):

14

(a) shall (i) be offered or received against any of the Defendants' Releasees as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Defendants' Releasees with respect to, (aa) the truth of any fact alleged by Lead Plaintiffs; (bb) the validity of any claim or alleged damages that were or could have been asserted in the Action or in any other litigation; (cc) the deficiency of any defense that has been or could have been asserted in this Action or in any other litigation; or (dd) any liability, negligence, fault, or other wrongdoing of any kind of any of the Defendants' Releasees; or (ii) in any way used or referred to for any other reason as against any of the Defendants' Releasees, in any civil, criminal, or administrative action or proceeding (including any arbitration), other than such proceedings as may be necessary to effectuate the provisions of the Stipulation;

(b) shall be (i) offered against any of the Plaintiffs' Releasees, as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Plaintiffs' Releasees (aa) that any of their claims are without merit, that any of the Defendants' Releasees had meritorious defenses, or that damages recoverable under the Complaint would not have exceeded the Settlement Amount; or (bb) with respect to any liability, negligence, fault, or wrongdoing of any kind; or (ii) in any way referred to for any other reason as against any of the Plaintiffs' Releasees, in any civil, criminal, or administrative action or proceeding (including any arbitration), other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; or

(c) shall be construed against any of the Releasees as an admission, concession, or presumption that the consideration to be given under the Settlement

15

represents the amount which could be or would have been recovered after trial; *provided, however*, that if the Stipulation is approved by the Court, the Parties and the Releasees and their respective counsel may refer to it to effectuate the protections from liability granted thereunder or otherwise to enforce the terms of the Settlement, and Defendants and/or the Defendants' Releasees may file the Stipulation, this Order, and/or the Judgment in any action that might be brought against them to support a defense, claim, or counterclaim based on principles of res judicata, collateral estoppel, release and discharge, good faith settlement, judgment bar or other bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense, claim, argument, or counterclaim.

23. **<u>Supporting Papers</u>** – Lead Counsel shall file the opening papers in support of the proposed Settlement, the Plan of Allocation, and Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses no later than thirty-five (35) days prior to the Settlement Hearing; and Lead Plaintiffs and Lead Counsel are authorized to file reply papers, which shall be filed no later than seven (7) days prior to the Settlement Hearing.

24. **<u>CAFA Notice</u>** – Defendants shall, no later than ten (10) days following the filing of the Stipulation with the Court, serve notice of the proposed Settlement upon those who are entitled to such notice pursuant to and in compliance with the requirements of the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1715.  HIIQ shall be responsible only for the costs of service of the CAFA notice. At least fourteen (14) days before the Settlement Hearing, Defendants shall cause to be served on Lead Counsel and filed with the Court proof, by affidavit or declaration, regarding compliance with CAFA § 1715(b).

25.    The Court retains jurisdiction to consider all further applications arising out of or connected with the proposed Settlement.

SO ORDERED this _____ day of _____, 2020.

_____
The Honorable William F. Jung
United States District Judge

17

# Exhibit A-1

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| JULIAN KEIPPEL, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>HEALTH INSURANCE INNOVATIONS, INC. n/k/a BENEFYTT TECHNOLOGIES, INC., GAVIN SOUTHWELL, and MICHAEL D. HERSHBERGER,<br><br>Defendants. | CASE NO. 8:19-CV-00421-WFJ-CPT<br><br><u>CLASS ACTION</u><br><br>EXHIBIT A-1 |

**NOTICE OF (I) PENDENCY OF CLASS ACTION AND PROPOSED
SETTLEMENT OF CLASS ACTION; (II) SETTLEMENT HEARING;
AND (III) MOTION FOR AN AWARD OF ATTORNEYS' FEES AND
<u>REIMBURSEMENT OF LITIGATION EXPENSES</u>**

***<u>A Federal Court authorized this Notice.  This is not a solicitation from a lawyer.</u>***

**NOTICE OF PENDENCY OF CLASS ACTION:**  You are hereby notified, pursuant to Rule 23 of the Federal Rules of Civil Procedure and an Order of the United States District Court for the Middle District of Florida, that the lawsuit *Keippel v. Health Insurance Innovations, Inc. n/k/a Benefytt Technologies, Inc., et al.*, No. 8:19-cv-00421-WFJ-CPT (M.D. Fla.) (the "Action") has been certified as a class action on behalf of a Class and Settlement Class, except for certain persons and entities that are excluded from the Class by definition as set forth below.

**NOTICE OF SETTLEMENT:**  Please also be advised that the Court-appointed Lead Plaintiffs, Oklahoma Municipal Retirement Fund ("Oklahoma") and City of Birmingham Retirement and Relief System ("Birmingham" and, together with Oklahoma, "Lead Plaintiffs"), on behalf of themselves and the Class and Settlement Class (as defined in paragraph 18 below), have reached a proposed settlement of the Action for $11,000,000.00 in cash that, if approved, will resolve all claims in the Action (the "Settlement"). Your rights may be affected if, during the period from September 25, 2017, through April 11, 2019, inclusive, you purchased or otherwise acquired

1

common stock issued by Health Insurance Innovations, Inc. ("HIIQ" or the "Company"), and were allegedly damaged thereby.[1]

**PLEASE READ THIS NOTICE CAREFULLY.  This Notice explains important rights you may have, including the possible receipt of cash from the Settlement.  If you are a member of the Class or Settlement Class, your legal rights will be affected whether or not you act.**

**If you have any questions about this Notice, the proposed Settlement, or your eligibility to participate in the Settlement, please DO NOT contact HIIQ, any other Defendants in the Action, their counsel, or the Court.  All questions should be directed to Lead Counsel or the Claims Administrator (see paragraph 74 below).**

1.      **Description of the Action:**  This Notice relates to a proposed Settlement of claims in a pending securities class action brought by investors alleging, among other things, that defendants HIIQ, Gavin Southwell ("Southwell") and Michael Hershberger ("Hershberger and, together with Southwell, the "Individual Defendants," and together with HIIQ, "Defendants") violated the federal securities laws by making alleged misrepresentations or omissions, which Defendants deny. A more detailed description of the Action is set forth in paragraphs 4-12 below.  The proposed Settlement, if approved by the Court, will settle claims of the Class and Settlement Class, as defined in paragraph 21 below.

2.      **Statement of Recovery:**  Subject to Court approval, Lead Plaintiffs have agreed to settle the Action in exchange for a settlement payment of $11,000,000.00 in cash (the "Settlement Amount") to be deposited into an escrow account.  The Net Settlement Fund (i.e., the Settlement Amount plus any and all interest earned thereon (the "Settlement Fund") less (a) any Taxes, (b) any Notice and Administration Costs, (c) any Litigation Expenses awarded by the Court, and (d) any attorneys' fees awarded by the Court) will be distributed in accordance with a plan of allocation that is approved by the Court, which will determine how the Net Settlement Fund shall be allocated among members of the Class and Settlement Class.  The proposed plan of allocation (the "Plan of Allocation") is set forth in paragraphs 41-58 below.

3.      **Estimate of Average Amount of Recovery Per Security:**  Based on Lead Plaintiffs' damages expert's estimates of the number of shares of HIIQ common stock purchased during the Class Period and Settlement Class Period that may have been affected by the alleged conduct at issue in the Action, and assuming that all Class Members and Settlement Class Members elect to participate in the Settlement, the estimated average recovery (before the deduction of any Court-approved fees, expenses and costs as described herein) per allegedly damaged share is $0.52.  Class Members and Settlement Class Members should note, however, that the foregoing average recovery per share is only an estimate.  Some Class Members and Settlement Class Members may recover more or less than this estimated amount depending on, among other factors, when and at what prices they purchased/acquired or sold their HIIQ common stock, and the total number and recognized loss amount of valid Claim Forms submitted.  Distributions to Class Members and

---

[1]  All capitalized terms used in this Notice that are not otherwise defined herein shall have the meanings ascribed to them in the Stipulation and Agreement of Settlement (the "Stipulation"), which is available at www.HealthInsuranceInnovationsSecuritiesSettlement.com.

Settlement Class Members will be made based on the Plan of Allocation set forth herein (see paragraphs 41-58 below) or such other plan of allocation as may be ordered by the Court.

4.    **Average Amount of Alleged Damages Per Security:**  The Parties do not agree on the average amount of alleged damages per share that would be recoverable if Lead Plaintiffs were to prevail in the Action.  Among other things, Defendants deny the assertion that they violated the federal securities laws or that any damages were suffered by any members of the Class or Settlement Class as a result of their conduct. The range of the potential recovery is discussed in greater detail in paragraph 5 below.

5.    **Attorneys' Fees and Expenses Sought:**  Plaintiffs' Counsel, which have been prosecuting the Action on a wholly contingent basis since its inception, have not received any payment of attorneys' fees for their representation of the Class or Settlement Class and have advanced the funds to pay expenses necessarily incurred to prosecute this Action.  Court-appointed Lead Counsel Saxena White P.A. will apply to the Court for an award of attorneys' fees in an amount not to exceed one-third (33-1/3%) of the Settlement Fund.  In addition, Lead Counsel will apply for reimbursement of Litigation Expenses paid or incurred in connection with the institution, prosecution and resolution of the claims against the Defendants, in an amount not to exceed $450,000, which may include an application for reimbursement of the reasonable costs and expenses incurred by Lead Plaintiffs directly related to their representation of the Class and Settlement Class.  Any fees and expenses awarded by the Court will be paid from the Settlement Fund.  Class Members and Settlement Class Members are not personally liable for any such fees or expenses.  Estimates of the average recovery per allegedly damaged HIIQ share, if the Court approves Lead Counsel's fee and expense application, is $0.32 per allegedly damaged share.

6.    **Identification of Attorneys' Representatives:**  Lead Plaintiffs, the Class, and Settlement Class are represented by Joseph E. White, III, Brandon Grzandziel, and Adam D. Warden of Saxena White P.A., 7777 Glades Road, Suite 300, Boca Raton, FL 33434, (561) 394-3399, jwhite@saxenawhite.com, bgrzandziel@saxenawhite.com, and awarden@saxenawhite.com; and Steven B. Singer of Saxena White P.A., 10 Bank Street, 8th Floor, White Plains NY, 10606, ssinger@saxenawhite.com.

7.    **Reasons for the Settlement:**  Lead Plaintiffs' principal reason for entering into the Settlement is the substantial immediate cash benefit for Class Members and Settlement Class Members without the risk or the delays inherent in further litigation.  Moreover, the substantial cash benefit provided under the Settlement must be considered against the significant risk that a smaller recovery – or indeed no recovery at all – might be achieved after further contested motions, a trial of the Action and the likely appeals that would follow a trial.  This process could be expected to last several years.  Defendants, who deny all allegations of wrongdoing or liability whatsoever, are entering into the Settlement solely to eliminate the uncertainty, burden and expense of further protracted litigation.

Before agreeing to the Settlement, Lead Counsel conducted extensive investigation and research into the merits of the Action. This investigation included consultation with experts concerning the amount of damages allegedly suffered by the Class and Settlement Class; detailed review of HIIQ's public filings, including SEC filings, press releases, and other public statements; locating and interviewing fact witnesses; collecting and reviewing more than 1.9 million pages of

documents; taking oral discovery, and researching the applicable law with respect to the claims asserted in the complaint filed in this Action and the potential defenses thereto.

| YOUR LEGAL RIGHTS AND OPTIONS IN THE SETTLEMENT: | |
| --- | --- |
| **SUBMIT A CLAIM FORM BY MAIL OR ONLINE AT THE SETTLEMENT WEBSITE POSTMARKED OR SUBMITTED NO LATER THAN _____, 2021.** | This is the only way to be potentially eligible to receive a payment from the Settlement Fund.  If you are a Class Member or Settlement Class Member and you submit a claim form, you will be bound by the Settlement as approved by the Court and you will give up any Released Plaintiffs' Claims (defined in paragraph 22 below) that you have against Defendants and the other Defendants' Releasees (defined in paragraph 23 below), so it is in your interest to submit a Claim Form. |
| **EXCLUDE YOURSELF BY SUBMITTING A WRITTEN REQUEST FOR EXCLUSION SO THAT IT IS *RECEIVED* NO LATER THAN _____, 2021.** | If you exclude yourself, you will not be eligible to receive any payment from the Settlement Fund.  This is the only option that allows you to be part of any other lawsuit against any of the Defendants or the other Defendants' Releasees concerning the Released Plaintiffs' Claims. |
| **OBJECT TO THE SETTLEMENT BY SUBMITTING A WRITTEN OBJECTION SO THAT IT IS *RECEIVED* NO LATER THAN _____, 2021.** | If you do not like the proposed Settlement, the proposed Plan of Allocation, or the request for attorneys' fees and reimbursement of Litigation Expenses, you may write to the Court and explain why you do not like them.  You cannot object to the Settlement, the Plan of Allocation or the fee and expense request unless you are a Class Member or Settlement Class Members, and do not exclude yourself. |
| **ATTEND A HEARING ON _____, 2021 AT \_\_:\_\_ \_\_.M., AND FILE A NOTICE OF INTENTION TO APPEAR SO THAT IT IS *RECEIVED* NO LATER THAN _____, 2021.** | Filing a written objection and notice of intention to appear by _____, 2021, allows you to speak in Court, at the discretion of the Court, about the fairness of the proposed Settlement, the Plan of Allocation, and/or the request for attorneys' fees and reimbursement of Litigation Expenses.  If you submit a written objection, you may (but you do not have to) attend the hearing and, at the discretion of the Court, speak to the Court about your objection. |
| **DO NOTHING.** | If you are a member of the Class or Settlement Class and you do not submit a valid Claim Form, you will not be eligible to receive any payment from the Settlement Fund.  You will, however, remain a member of the Class or Settlement Class, which means that you give up your right to sue about the claims that are resolved by the Settlement and you will be bound by any judgments or orders entered by the Court in the Action. |

| WHAT THIS NOTICE CONTAINS |
| --- |

4

Why Did I Get This Notice?                                                        Page __
What Is This Case About?                                                          Page __
How Do I Know If I Am Affected By The Settlement?
Who Is Included In The Class and Settlement Class?                                Page __
What Are Lead Plaintiffs' Reasons For The Settlement?                             Page __
What Might Happen If There Were No Settlement?                                    Page __
How Are Class Members and Settlement Class Members Affected By The Action
   And The Settlement?                                                           Page __
How Do I Participate In The Settlement?  What Do I Need To Do?                    Page __
How Much Will My Payment Be?                                                      Page __
What Payment Are The Attorneys For The Class and Settlement Class Seeking?
  How Will The Lawyers Be Paid?                                                   Page __
What If I Do Not Want To Be A Member Of The Class or Settlement Class?
     How Do I Exclude Myself?                                                     Page __
When And Where Will The Court Decide Whether To Approve The Settlement?
     Do I Have To Come To The Hearing?  May I Speak At The Hearing If I
     Don't Like The Settlement?                                                  Page __
What If I Bought HIIQ Common Stock On Someone Else's Behalf?                      Page __
Can I See The Court File?  Whom Should I Contact If I Have Questions?             Page __

## WHY DID I GET THIS NOTICE?

1.      The Court directed that this Notice be mailed to you because you or someone in your family or an investment account for which you serve as a custodian may have purchased or otherwise acquired HIIQ common stock during the period from September 25, 2017 through April 11, 2019, inclusive.  The Court has directed us to send you this Notice because, as a potential Class Member or Settlement Class Member, you have a right to know about your options before the Court rules on the proposed Settlement.  Additionally, you have the right to understand how this class action lawsuit may generally affect your legal rights.  If the Court approves the Settlement, and the Plan of Allocation (or some other plan of allocation), the Claims Administrator selected by Lead Plaintiffs and approved by the Court will make payments pursuant to the Settlement after any objections and appeals are resolved.

2.      The purpose of this Notice is to inform you of the existence of this case, that it is a class action, how you might be affected, and how to exclude yourself if you wish to do so.  It is also being sent to inform you of the terms of the proposed Settlement, and of a hearing to be held by the Court to consider the fairness, reasonableness, and adequacy of the Settlement, the proposed Plan of Allocation and the motion by Lead Counsel for an award of attorneys' fees and reimbursement of Litigation Expenses (the "Settlement Hearing").  See paragraph 65 below for details about the Settlement Hearing, including the date and location of the hearing.

3.      The issuance of this Notice is not an expression of any opinion by the Court concerning the merits of any claim in the Action, and the Court still has to decide whether to approve the Settlement.  If the Court approves the Settlement and a plan of allocation, then payments to Authorized Claimants will be made after any appeals are resolved and after the completion of all claims processing.  Please be patient, as this process can take some time to complete.

| WHAT IS THIS CASE ABOUT? |
|---|

4.      On February 18, 2019, this Action was commenced in the United States District Court for the Middle District of Florida, styled *Julian Keippel v. Health Insurance Innovations, Inc., et al.*, Case No. 8:19-cv-00421-WFJ-CPT.

5.      By Order dated May 13, 2019, the Court appointed Oklahoma Municipal Retirement Fund and City of Birmingham Retirement and Relief System as Lead Plaintiffs and approved Lead Plaintiffs' selection of Saxena White P.A. ("Saxena White") as Lead Counsel.

6.      On July 19, 2019, Lead Plaintiffs filed their Consolidated Class Action Complaint (the "Complaint"), on behalf of the Class, asserting claims against Defendants under Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") and Rule 10b-5 promulgated thereunder, and against the Individual Defendants under Section 20(a) of the Exchange Act.  The Complaint alleges, among other things, that Defendants: (1) made allegedly false and misleading statements or omissions claiming HIIQ had "best-in-class" and "market leading" compliance; and (2) made allegedly false and misleading statements or omissions about the purportedly "incredibly low" number of customer complaints upheld by state departments of insurance. The Complaint further alleges that HIIQ's stock price was artificially inflated as a result of Defendants' alleged false and misleading statements, and that HIIQ's stock price declined when the truth regarding Defendants' alleged misrepresentations was revealed.  By Order dated November 4, 2019, the Court denied in full Defendants' motion to dismiss for failure to state a claim.

7.      From December 2019 through September 2020, counsel for Lead Plaintiffs and Defendants engaged in extensive fact discovery.  Among other things, in response to document requests and subpoenas for the production of documents served by Lead Plaintiffs, Lead Plaintiffs reviewed and analyzed more than 1.9 million pages of documents. In response to discovery requests served on Lead Plaintiffs, Lead Plaintiffs produced over 3,800 pages of documents to Defendants.  In addition, Lead Plaintiffs deposed HIIQ's former head of broker compliance, and Defendants deposed Lead Plaintiffs' representatives.

8.      On May 21, 2020, Lead Plaintiffs filed their motion for class certification, which was fully briefed on August 13, 2020. In their motion Lead Plaintiffs sought to certify a class period ranging from September 25, 2017 through April 11, 2019, inclusive (the "Settlement Class Period"). By Order dated August 28, 2020, the Court granted class certification and certified a class period ranging from September 25, 2017 through February 18, 2019, inclusive (the "Class Period"). The Court defined the class as: "All persons or entities that purchased or otherwise acquired HIIQ common stock between September 25, 2017 and February 18, 2019, inclusive, and who were damaged thereby. Excluded from the class are Defendants, the officers and directors of HIIQ, members of their immediate families and their legal representatives, heirs, agents, affiliates, successors or assigns, Defendants' liability insurance carriers, and any affiliates or subsidiaries thereof, and any entity in which Defendants or their immediate families have or had a controlling interest." At the time that the Settlement was reached, Lead Plaintiffs had filed and were briefing a motion for reconsideration arguing that the Class Period as certified was incorrectly shortened and should properly be extended to end on April 11, 2019 (which motion has not been decided and will not be decided on its merits given the Settlement).

6

9.    Lead Plaintiffs and Defendants participated in a full-day mediation session on September 3, 2020 with Jed D. Melnick, Esq. of JAMS, conducted remotely via videoconference. The session ended without an agreement to settle. Following the mediation, counsel continued to engage in extensive arm's-length discussions and negotiations concerning a possible settlement of the Action, with the aid of a mediator. On October 21, 2020, the Parties reached an agreement in principle to settle and release all claims asserted against the Defendants in the Action in return for a cash payment of $11,000,000.00 for the benefit of Class Members and Settlement Class Members, subject to certain terms and conditions, including the execution of a customary stipulation and Court approval. The parties promptly informed the Court of the agreement to settle.

10.    Based on their investigation, discovery, prosecution and mediation of the case, Lead Plaintiffs and Lead Counsel have concluded that the terms and conditions of the Stipulation are fair, reasonable and adequate to Lead Plaintiffs and the other members of the Class and Settlement Class, and in their best interests.  Based on Lead Plaintiffs' oversight of the prosecution of this matter and with the advice of their counsel, each of the Lead Plaintiffs has agreed to settle and release the claims raised in the Action pursuant to the terms and provisions of the Stipulation, after considering: (a) the substantial financial benefit that members of the Class and Settlement Class will receive under the proposed Settlement; (b) the significant risks and costs of continued litigation and trial against Defendants; and (c) the desirability of permitting the proposed Settlement to be consummated as provided by the terms of the Stipulation.

11.    The Stipulation and the Settlement constitute a compromise of matters that are in dispute among the Parties.  Defendants have entered into the Stipulation solely to eliminate the uncertainty, burden and expense of further protracted litigation.  Each of the Defendants denies any wrongdoing, and the Settlement and Stipulation shall in no event be construed or deemed to be evidence of or an admission or concession on the part of any of the Defendants with respect to any claim or allegation of any fault, liability, wrongdoing, or damage whatsoever, or any infirmity in the defenses that the Defendants have, or could have, asserted.  Defendants expressly deny that Lead Plaintiffs have asserted any valid claims as to any of them, and expressly deny any and all allegations of fault, liability, wrongdoing, or damages whatsoever.  The Stipulation and the Settlement also shall in no event be construed or deemed to be evidence of or an admission or concession on the part of any Lead Plaintiff of an infirmity in any of the claims asserted in the Action, or an admission or concession that any of the Defendants' defenses to liability had any merit.

12.    On _____, 2020, the Court preliminarily approved the Settlement, authorized this Notice to be disseminated to potential Class Members and Settlement Class Members, and scheduled the Settlement Hearing to consider, among other things, whether to grant final approval to the Settlement.

> **HOW DO I KNOW IF I AM AFFECTED BY THE SETTLEMENT?**
> **WHO IS INCLUDED IN THE CLASS?**

13.    If you are a member of the Class or Settlement Class, you are subject to the Settlement, unless you timely request to be excluded.  As set forth in ¶ 8 above, the Class consists of:

7

> All persons or entities that purchased or otherwise acquired HIIQ common stock between September 25, 2017 and February 18, 2019, inclusive, and who were damaged thereby.

As set forth in ¶ 8 above, the Settlement Class consists of:

> All persons or entities that purchased or otherwise acquired HIIQ common stock between September 25, 2017 and April 11, 2019, inclusive, and who were damaged thereby.

Excluded from both the Class and Settlement Class are Defendants, the officers and directors of HIIQ, members of their immediate families and their legal representatives, heirs, agents, affiliates, successors or assigns, Defendants' liability insurance carriers, and any affiliates or subsidiaries thereof, and any entity in which Defendants or their immediate families have or had a controlling interest.  Also excluded are any persons and entities who or which exclude themselves by submitting a timely and valid request for exclusion that is accepted by the Court.  See "What If I Do Not Want To Be A Member Of The Class?  How Do I Exclude Myself?" on page __ below.

Both Class Members and Settlement Class Members will be potentially eligible to receive a payment from the Settlement Fund in accordance with the Plan of Allocation (set forth at ¶¶ 41-58 below) in exchange for giving up any Released Plaintiffs' Claims (defined in ¶ 22 below) against Defendants and Defendants' Releasees.

**PLEASE NOTE:  RECEIPT OF THIS NOTICE DOES NOT MEAN THAT YOU ARE A CLASS MEMBER OR SETTLEMENT CLASS MEMBER, OR THAT YOU WILL BE ENTITLED TO RECEIVE PROCEEDS FROM THE SETTLEMENT.  IF YOU ARE A CLASS MEMBER OR SETTLEMENT CLASS MEMBER AND YOU WISH TO BE POTENTIALLY ELIGIBLE TO PARTICIPATE IN THE DISTRIBUTION OF PROCEEDS FROM THE SETTLEMENT, YOU ARE REQUIRED TO SUBMIT THE CLAIM FORM THAT IS BEING DISTRIBUTED WITH THIS NOTICE AND THE REQUIRED SUPPORTING DOCUMENTATION AS SET FORTH THEREIN POSTMARKED OR SUBMITTED ONLINE NO LATER THAN _____, 2021.**

| |
|---|
| **WHAT ARE LEAD PLAINTIFFS' REASONS FOR THE SETTLEMENT?** |

14.    Lead Plaintiffs and Lead Counsel believe that the claims asserted against Defendants have merit.  They recognize, however, the expense and length of continued proceedings necessary to pursue their claims against Defendants through further motion practice, trial and appeals, as well as the very substantial risks they would face in establishing liability and damages.  Lead Plaintiffs and Lead Counsel recognized that Defendants had numerous avenues of attack that could preclude a recovery.  For example, Defendants would assert that their statements were not materially false and misleading, and that even if they were, they did not cause any damage to the Class.  Even if the hurdles to establishing liability were overcome, the amount of damages that could be attributed to the allegedly false statements would be hotly contested.  Lead Plaintiffs would have to prevail at several stages – reconsideration of the class certification order, motions for summary judgment, trial, and if they prevailed on those, on the appeals that were likely to follow.  Thus, there were very significant risks attendant to the continued prosecution of the Action.

15.    In light of these risks, the amount of the Settlement and the immediacy of recovery to the Class and Settlement Class, Lead Plaintiffs and Lead Counsel believe that the proposed Settlement

is fair, reasonable and adequate, and in the best interests of the Class and Settlement Class. Lead Plaintiffs and Lead Counsel believe that the Settlement provides a substantial benefit to the Class and Settlement Class, namely $11,000,000 in cash (less the various deductions described in this Notice), as compared to the risk that the claims in the Action would produce a smaller or no recovery after summary judgment, trial and appeals, possibly years in the future.

16.    Defendants have denied the claims asserted against them in the Action and deny having engaged in any wrongdoing or violation of law of any kind whatsoever. Defendants have agreed to the Settlement solely to eliminate the burden and expense of continued litigation. Accordingly, as noted above, the Settlement may not be construed as an admission of any wrongdoing by Defendants.

## WHAT MIGHT HAPPEN IF THERE WERE NO SETTLEMENT?

17.    If there were no Settlement and Lead Plaintiffs failed to establish any essential legal or factual element of their claims against Defendants, neither Lead Plaintiffs nor the other members of the Class or Settlement Class would recover anything from Defendants. Also, if Defendants were successful in proving any of their defenses, either at summary judgment, at trial or on appeal, the Class and/or the Settlement Class could recover substantially less than the amount provided in the Settlement, or nothing at all.

## HOW ARE CLASS MEMBERS AFFECTED BY THE ACTION AND THE SETTLEMENT?

18.    As a Class Member or Settlement Class Member, you are represented by Lead Plaintiffs and Lead Counsel, unless you enter an appearance through counsel of your own choice at your own expense. You are not required to retain your own counsel, but if you choose to do so, such counsel must file a notice of appearance on your behalf and must serve copies of his or her appearance on the attorneys listed in the section entitled, "When And Where Will The Court Decide Whether To Approve The Settlement?" below.

19.    If you are a Class Member or Settlement Class Member and do not wish to remain a Class Member or Settlement Class Member, you may exclude yourself from the Class or Settlement Class by following the instructions in the section entitled, "What If I Do Not Want To Be A Member Of The Class or Settlement Class?  How Do I Exclude Myself?" below.

20.    If you are a Class Member or Settlement Class Member and you wish to object to the Settlement, the Plan of Allocation, or Lead Counsel's application for attorneys' fees and reimbursement of Litigation Expenses, and if you do not exclude yourself from the Class or Settlement Class, you may present your objections by following the instructions in the section entitled, "When And Where Will The Court Decide Whether To Approve The Settlement?" below.

21.    If you are a Class Member or Settlement Class Member and you do not exclude yourself from the Class or Settlement Class, you will be bound by any orders issued by the Court. If the Settlement is approved, the Court will enter a judgment (the "Judgment"). The Judgment will dismiss with prejudice the claims against Defendants and will provide that, upon the Effective Date of the Settlement, Lead Plaintiffs and each of the other Class Members and Settlement Class Members, on behalf of themselves, and their respective heirs, executors, administrators,

9

predecessors, successors, assigns, assignees, employees, associates, insurers, co-insurers, reinsurers, spouses, trustees, general or limited partners or partnerships, limited liability companies, members, stockholders, underwriters, personal or legal advisors or representatives, estates, or other individuals or entities in which they have a controlling interest or which is related to or affiliated with them, any members of their immediate families, or any trusts for which any of them are trustees, settlors, or beneficiaries, and the predecessors, successors, administrators and assigns of each of the foregoing, in their capacities as such, and anyone claiming through or on behalf of any of them, regardless of whether they execute and deliver a Proof of Claim and Release and regardless of whether they share in the Settlement Fund, shall be deemed to have, and by operation of the Stipulation, of law, and of the Judgment shall have, fully, finally and forever compromised, settled, released, resolved, relinquished, waived, dismissed, covenanted not to commence, institute, intervene in, participate in, or prosecute, and discharged each and every Released Plaintiffs' Claim (as defined in paragraph 22 below) against the Defendants and the other Defendants' Releasees (as defined in paragraph 23 below), and shall forever be barred and enjoined from commencing, instituting, intervening in or participating in, or prosecuting any or all of the Released Plaintiffs' Claims against any of the Defendants' Releasees in any court of law or equity, arbitration tribunal, administrative forum, or other forum of any kind or character, whether brought directly, in a representative capacity, derivatively, or in any other capacity.

22.    "Released Plaintiffs' Claims" means all claims, demands, losses, rights, obligations, damages, liabilities, actions, suits, matters, issues, and causes of action of any nature whatsoever, whether known or Unknown Claims, in law or in equity, accrued or unaccrued, fixed or contingent, direct, individual or representative, of every nature and description, that have been or could have been asserted in this Action or could in the future be asserted in any forum, whether foreign or domestic, whether arising under federal, state, local, common, or foreign law or any other law, rule, or regulation, by Lead Plaintiffs, any member of the Class or Settlement Class, or their successors, assigns, executors, administrators, representatives, attorneys, and agents, in their capacities as such, whether brought directly or indirectly against any of the Defendants, which (a) arise out of, are based upon, or relate to in any way, in whole or in part, any of the allegations, acts, transactions, facts, events, matters, occurrences, statements, disclosures, publications, disseminations, presentations, press releases, representations or omissions or failures to act involved, set forth, alleged or referred to, in this Action, or which could have been alleged in this Action, or which could be asserted in the future, in the Action or in any other action in any court or forum, and (b) arise out of, are based upon, or relate to in any way the purchase, acquisition, holding, sale, or disposition of any HIIQ common stock during the Class Period or Settlement Class Period. Released Plaintiffs' Claims do not include: (i) any claims relating to the enforcement of the Settlement; and (ii) any claims of any person or entity who or which submits a request for exclusion from the Class or Settlement Class that is accepted by the Court.

23.    "Defendants' Releasees" means Defendants and their respective current and former officers, directors, insurers, principals, agents, parents, affiliates, subsidiaries, divisions, departments, joint ventures, successors, predecessors, assigns, assignees, employees, associates, co-insurers, reinsurers, accountants, and attorneys spouses, heirs, executors, trustees, general or limited partners or partnerships, limited liability companies, members, stockholders, underwriters, personal or legal advisors or representatives, estates, administrators, or other individuals or entities in which Defendants have a controlling interest or which is related to or affiliated with the respective Defendants, any members of their immediate families, or any trusts for which any of them are trustees,

10

settlors, or beneficiaries, and the predecessors, successors, administrators and assigns of each of the foregoing.

24.   "Unknown Claims" means any Released Plaintiffs' Claims that any Lead Plaintiff or any other Class Member or Settlement Class Member does not know or suspect to exist in his, her or its favor at the time of the release of such claims, and any Released Defendants' Claims (as defined in Paragraph 31 below) that any Defendant or any other Defendants' Releasee does not know or suspect to exist in his, her, or its favor at the time of the release of such claims, which, if known by him, her or it, might have affected his, her or its decision(s) with respect to this Settlement, including but not limited to whether to object to the Settlement or seek exclusion from the Class or Settlement Class.  With respect to any and all Released Claims, the Parties stipulate and agree that, upon the Effective Date of the Settlement, Lead Plaintiffs and Defendants shall expressly waive, and each of the other Class Members and Settlement Class Members and each of the other Plaintiffs' Releasees and Defendants' Releasees shall be deemed to have waived, and by operation of the Judgment, shall have expressly waived, any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law or foreign law, which is similar, comparable, or equivalent to California Civil Code §1542, which provides:

> A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release, and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.

Lead Plaintiffs and the Class Members and Settlement Class Members may hereafter discover facts in addition to or different from those which he, she, or it now knows or believes to be true with respect to the subject matter of the Released Claims, but Lead Plaintiffs shall expressly, fully, finally, and forever settle and release, and each Class Member and Settlement Class Member shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever settled and released, any and all Released Claims, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such additional or different facts.  Lead Plaintiffs and Defendants acknowledge, and each of the other Class Members and Settlement Class Members, and each of the other Plaintiffs' Releasees and Defendants' Releasees shall be deemed by operation of law to have acknowledged, that the foregoing waiver was separately bargained for and a key element of the Settlement.

25.   The Judgment will also provide that, upon the Effective Date of the Settlement, Defendants, on behalf of themselves, and their respective heirs, executors, administrators, predecessors, successors, and assigns, in their capacities as such, shall be deemed to have, and by operation of the Stipulation, of law, and of the Judgment shall have, fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, and discharged each and every Released Defendants' Claim (as defined in paragraph 26 below) against any of the Plaintiffs' Releasees (as defined in paragraph 27 below), and shall forever be barred and enjoined from prosecuting any or all of the Released Defendants' Claims against any of the Plaintiffs' Releasees.

11

26.    "Released Defendants' Claims" means all claims and causes of action of every nature and description, whether known claims or Unknown Claims, whether arising under federal, state, common, or foreign law, that arise out of or relate in any way to the institution, prosecution, or settlement of the claims asserted in the Action against the Defendants.  Released Defendants' Claims do not include any claims relating to the enforcement of the Settlement and any claims against any person or entity who or which submits a request for exclusion from the Class or Settlement Class that is accepted by the Court.

27.    "Plaintiffs' Releasees" means Lead Plaintiffs, all other plaintiffs in the Action, their respective attorneys, and all other Class Members and Settlement Class Members.

28.    The Judgment will also provide that, upon the Effective Date, the Stipulation shall operate conclusively as an estoppel, res judicata, bar, full defense, and any other theory of claim preclusion or issue preclusion or similar defense, argument, or counterclaim in the event, and to the extent, of any claim, demand, action, or proceeding brought by a Lead Plaintiff, Class Member, or Settlement Class Member against any of the Defendants' Releasees with respect to any Released Plaintiffs' Claim, or brought by a Defendant against any of the Plaintiffs' Releasees with respect to any Released Defendants' Claim.

29.    The Judgment shall, among other things, provide for the dismissal with prejudice of the Action against the Defendants, without costs to any Party, except for the payments expressly provided for in the Stipulation.

### HOW DO I PARTICIPATE IN THE SETTLEMENT?  WHAT DO I NEED TO DO?

30.    To be potentially eligible for a payment from the proceeds of the Settlement, you must be a member of the Class or Settlement Class and you must timely complete and return the Claim Form with adequate supporting documentation. The Claim Form and documentation can be submitted by mail or online at the Settlement website, www.HealthInsuranceInnovationsSecuritiesSettlement.com. The Claim Form must be postmarked or submitted online no later than _____, 2021.  A Claim Form is included with this Notice, or you may obtain one from the website maintained by the Claims Administrator for the Settlement, www.HealthInsuranceInnovationsSecuritiesSettlement.com, or you may request that a Claim Form be mailed to you by calling the Claims Administrator toll free at 1-855-914-4697. Please retain all records of your ownership of and transactions in HIIQ common stock, as they may be needed to document your Claim.  If you request exclusion from the Class or Settlement Class or do not submit a timely and valid Claim Form, you will not be eligible to share in the Net Settlement Fund.

### HOW MUCH WILL MY PAYMENT BE?

31.    At this time, it is not possible to make any determination as to how much any individual Class Member or Settlement Class Member may receive from the Settlement.

32.    Pursuant to the Settlement, Defendants have agreed pay eleven million dollars ($11,000,000.00) in cash.  The Settlement Amount will be deposited into an escrow account.  The Settlement Amount plus any interest earned thereon is referred to as the "Settlement Fund."  If the Settlement is approved by the Court and the Effective Date occurs, the "Net Settlement Fund" (that

is, the Settlement Fund less (a) all federal, state and/or local taxes (including any interest or penalties thereon) on any income earned by the Settlement Fund, the reasonable costs incurred in connection with determining the amount of and paying taxes owed by the Settlement Fund (including reasonable expenses of tax attorneys and accountants), and all taxes imposed on payments by the Settlement Fund, including withholding taxes; (b) the costs and expenses incurred in connection with providing notice of the Settlement and administering the Settlement; and (c) any attorneys' fees and Litigation Expenses awarded by the Court) will be distributed to Class Members and Settlement Class Members who submit valid Claim Forms, in accordance with the proposed Plan of Allocation or such other plan of allocation as the Court may approve.

33.    The Net Settlement Fund will not be distributed unless and until the Court has approved the Settlement and a plan of allocation, and the time for any petition for rehearing, appeal or review, whether by certiorari or otherwise, has expired.

34.    Neither Defendants nor any other person or entity that paid any portion of the Settlement Amount on their behalf are entitled to get back any portion of the Settlement Fund once the Court's order or judgment approving the Settlement becomes final.  Defendants shall not have any liability, obligation or responsibility for the administration of the Settlement, the disbursement of the Net Settlement Fund or the plan of allocation.

35.    Approval of the Settlement is independent from approval of a plan of allocation.  Any determination with respect to a plan of allocation will not affect the Settlement, if approved.

36.    Unless the Court otherwise orders, any Class Member or Settlement Class Member who fails to submit a Claim Form postmarked or submitted online on or before _____, 2021, shall be fully and forever barred from receiving payments pursuant to the Settlement but will in all other respects remain a Class Member or Settlement Class Member and be subject to the provisions of the Stipulation, including the terms of any Judgment entered and the releases given.  This means that each Class Member or Settlement Class Member releases the Released Plaintiffs' Claims (as defined in paragraph 22 above) against the Defendants' Releasees (as defined in paragraph 23 above) and will be permanently barred, enjoined and prohibited from filing, prosecuting, or pursuing any of the Released Plaintiffs' Claims against any of the Defendants' Releasees whether or not such Class Member or Settlement Class Member submits a Claim Form.

37.    Participants in and beneficiaries of a plan covered by ERISA ("ERISA Plan") should NOT include any information relating to their transactions in HIIQ common stock held through the ERISA Plan in any Claim Form that they may submit in this Action.  They should include ONLY the HIIQ common stock that they purchased, acquired, or sold outside of the ERISA Plan.

38.    The Court has reserved jurisdiction to allow, disallow, or adjust on equitable grounds the Claim of any Class Member or Settlement Class Member.

39.    Each Claimant shall be deemed to have submitted to the jurisdiction of the Court with respect to his, her or its Claim Form.

40.    Only Class Members or Settlement Class Members will be potentially eligible to share in the distribution of the Net Settlement Fund.  Persons and entities that are excluded from the Class and/or Settlement Class by definition or that exclude themselves from the Class and/or Settlement

Class pursuant to request will not be eligible to receive a distribution from the Net Settlement Fund and should not submit Claim Forms.

## PROPOSED PLAN OF ALLOCATION

41.   The objective of the Plan of Allocation is to equitably distribute the Net Settlement Fund among Authorized Claimants who suffered economic losses as a proximate result of the alleged wrongdoing.  The calculations made pursuant to the Plan of Allocation are not intended to be estimates of, nor indicative of, the amounts that Class Members or Settlement Class Members might have been able to recover after a trial.  Nor are the calculations pursuant to the Plan of Allocation intended to be estimates of the amounts that will be paid to Authorized Claimants pursuant to the Settlement.  The computations under the Plan of Allocation are only a method to weigh the claims of Authorized Claimants against one another for the purposes of making pro rata allocations of the Net Settlement Fund.

42.   The Plan of Allocation was created with the assistance of a consulting damages expert and reflects the assumption that Defendants' alleged materially false and misleading statements and material omissions proximately caused the price of HIIQ common stock to be artificially inflated throughout the Class Period and Settlement Class Period.  In calculating the estimated artificial inflation allegedly caused by Defendants' alleged misrepresentations and omissions, Lead Plaintiffs' damages expert considered price changes in HIIQ common stock in reaction to certain public announcements allegedly revealing the truth concerning Defendants' alleged misrepresentations and material omissions, adjusting for price changes that were attributable to market or industry forces.

43.   In order to have recoverable damages, the disclosure of the allegedly misrepresented information must be the cause of the decline in the price of HIIQ common stock.  In this case, Lead Plaintiffs allege that Defendants made false statements and omitted material facts during the period between September 25, 2017 and April 11, 2019, inclusive, which had the effect of artificially inflating the price of HIIQ common stock.[2]  Lead Plaintiffs further allege that corrective information was released to the market on: November 2, 2018, November 27, 2018, March 13, 2019, March 25, 2019, and April 12, 2019, which partially removed the artificial inflation from the price of HIIQ common stock on November 2, 2018, November 5, 2018, November 27, 2018, March 13, 2019, March 26, 2019, and April 12, 2019.

44.   Recognized Loss Amounts are based primarily on the difference in the amount of alleged artificial inflation in the prices of HIIQ common stock at the time of purchase or acquisition and at the time of sale, or the difference between the actual purchase price and sale price.  Accordingly, in order to have a Recognized Loss under the Plan of Allocation, a Class Member or Settlement Class Member who or which purchased or otherwise acquired HIIQ common stock during the period from September 25, 2017 through and including April 11, 2019 must have held those shares

---

[2] Because the Class Period certified by the Court ends on February 18, 2019, claims relating to the alleged corrective disclosures on March 13, 2019, March 25, 2019, and April 12, 2019 were not included in the Class Period. At the time that the Settlement was reached, Lead Plaintiffs had filed and were briefing a motion for reconsideration arguing that the Class Period as certified was incorrectly shortened and should properly be extended to end on April 11, 2019. Due to the substantial litigation risk these claims faced, the artificial inflation amounts on those corrective disclosures have been discounted by 95% (multiplied by 5%).

14

through at least one of the dates where new corrective information was released to the market and partially removed the artificial inflation from the price of HIIQ common stock.

### Calculation of Recognized Loss Amounts

45.    Based on the formula stated below, a Recognized Loss Amount will be calculated for each purchase or acquisition of HIIQ common stock that is listed on the Claim Form and for which adequate documentation is provided.  If a Recognized Loss Amount calculates to a negative number or zero under the formula below, that number will be zero.

46.    For each share of HIIQ common stock purchased or otherwise acquired during the period from September 25, 2017 through and including April 11, 2019, and:

    i.    sold before November 2, 2018, 12:09 p.m. ET, the Recognized Loss Amount will be $0.00.

    ii.    sold from November 2, 2018 at or after 12:09 p.m. ET through and including April 11, 2019, the Recognized Loss Amount will be *the lesser of:* (i) the amount of artificial inflation per share on the date of purchase/acquisition as stated in Table A below minus the amount of artificial inflation per share on the date of sale as stated in Table A below; (ii) the purchase/acquisition price minus the sale price.

    iii.    sold from April 12, 2019 through and including the close of trading on July 10, 2019, the Recognized Loss Amount will be *the least of:* (i) the amount of artificial inflation per share on the date of purchase/acquisition as stated in Table A below; (ii) the purchase/acquisition price minus the average closing price between April 12, 2019 and the date of sale as stated in Table B below; or (iii) the purchase/acquisition price minus the sale price.

    iv.    held as of the close of trading on July 10, 2019, the Recognized Loss Amount will be *the lesser of:* (i) the amount of artificial inflation per share on the date of purchase/acquisition as stated in Table A below; or (ii) the purchase/acquisition price minus $24.96.[3]

### Additional Provisions

---

[3] Pursuant to Section 21D(e)(1) of the Exchange Act, "in any private action arising under this title in which the plaintiff seeks to establish damages by reference to the market price of a security, the award of damages to the plaintiff shall not exceed the difference between the purchase or sale price paid or received, as appropriate, by the plaintiff for the subject security and the mean trading price of that security during the 90-day period beginning on the date on which the information correcting the misstatement or omission that is the basis for the action is disseminated to the market." Consistent with the requirements of the Exchange Act, Recognized Loss Amounts are reduced to an appropriate extent by taking into account the closing prices of HIIQ common stock during the "90-day look-back period," April 12, 2019 through and including July 10, 2019.  The mean (average) closing price for HIIQ common stock during this 90-day look-back period was $24.96.

47.    **Calculation of Claimant's "Recognized Claim":**  A Claimant's "Recognized Claim" will be the sum of his, her, or its Recognized Loss Amounts as calculated above with respect to HIIQ common stock.

48.    **FIFO Matching:**  If more than one purchase/acquisition or sale of HIIQ common stock was made during the period from September 25, 2017 through and including April 11, 2019, all purchases/acquisitions and sales will be matched on a First In, First Out ("FIFO") basis.  Sales in the Class Period or Settlement Class Period will be matched first against any holdings at the beginning of the Class Period or Settlement Class Period, and then against purchases/acquisitions in chronological order, beginning with the earliest purchase/acquisition made.

49.    **"Purchase/Sale" Dates:**  Purchases or acquisitions and sales of HIIQ common stock will be deemed to have occurred on the "contract" or "trade" date as opposed to the "settlement" or "payment" date.  The receipt or grant by gift, inheritance, or operation of law of HIIQ common stock during the period from September 25, 2017 through and including April 11, 2019 shall not be deemed a purchase, acquisition or sale of HIIQ common stock for the calculation of a Claimant's Recognized Loss Amount, nor shall the receipt or grant be deemed an assignment of any claim relating to the purchase/acquisition/sale of HIIQ common stock unless (i) the donor or decedent purchased or otherwise acquired or sold HIIQ common stock during the period from September 25, 2017 through and including April 11, 2019; (ii) the instrument of gift or assignment specifically provides that it is intended to transfer such rights; and (iii) no Claim was submitted by or on behalf of the donor, on behalf of the decedent, or by anyone else with respect to such shares of HIIQ common stock.

50.    **Short Sales:**  The date of covering a "short sale" is deemed to be the date of purchase or acquisition of the HIIQ common stock.  The date of a "short sale" is deemed to be the date of sale of the HIIQ common stock.  In accordance with the Plan of Allocation, however, the Recognized Loss Amount on "short sales" and the purchases covering "short sales" is zero.

51.    In the event that a Claimant has an opening short position in HIIQ common stock, the earliest purchases or acquisitions of HIIQ common stock during the period from September 25, 2017 through and including April 11, 2019 will be matched against such opening short position and not be entitled to a recovery until that short position is fully covered.

52.    **Common Stock Purchased/Sold Through the Exercise of Options**:  With respect to HIIQ common stock purchased or sold through the exercise of an option, the purchase/sale date of the common stock is the exercise date of the option and the purchase/sale price is the exercise price of the option.

53.    **Determination of Distribution Amount:**  If the sum total of Recognized Claims of all Authorized Claimants who are entitled to receive payment out of the Net Settlement Fund is greater than the Net Settlement Fund, each Authorized Claimant shall receive his, her, or its pro rata share of the Net Settlement Fund.  The pro rata share will be the Authorized Claimant's Recognized Claim divided by the total of Recognized Claims of all Authorized Claimants, multiplied by the total amount in the Net Settlement Fund.

54.    If the Net Settlement Fund exceeds the sum total amount of the Recognized Claims of all Authorized Claimants entitled to receive payment out of the Net Settlement Fund, the excess

16

amount in the Net Settlement Fund will be distributed pro rata to all Authorized Claimants entitled to receive payment.

55.    If an Authorized Claimant's Distribution Amount calculates to less than $10.00, no distribution will be made to that Authorized Claimant.

56.    After the initial distribution of the Net Settlement Fund, the Claims Administrator will make reasonable and diligent efforts to have Authorized Claimants cash their distribution checks. To the extent any monies remain in the Net Settlement Fund six (6) months after the initial distribution, if Lead Counsel, in consultation with the Claims Administrator, determine that it is cost-effective to do so, the Claims Administrator will conduct a re-distribution of the funds remaining after payment of any unpaid fees and expenses incurred in administering the Settlement, including for such re-distribution, to Authorized Claimants who have cashed their initial distributions and who would receive at least $10.00 from such re-distribution. Additional re-distributions to Authorized Claimants who have cashed their prior checks and who would receive at least $10.00 on such additional re-distributions may occur thereafter if Lead Counsel, in consultation with the Claims Administrator, determine that additional re-distributions, after the deduction of any additional fees and expenses incurred in administering the Settlement, including for such re-distributions, would be cost-effective. At such time as it is determined that the re-distribution of funds remaining in the Net Settlement Fund is not cost-effective, the remaining balance will be contributed to non-sectarian, not-for-profit, 501(c)(3) organization(s), to be recommended by Lead Counsel and approved by the Court.

57.    Payment pursuant to the Plan of Allocation, or such other plan of allocation as may be approved by the Court, will be conclusive against all Authorized Claimants.  No person shall have any claim against Lead Plaintiffs, Plaintiffs' Counsel, Lead Plaintiffs' damages expert, Lead Plaintiffs' consulting experts, Defendants, Defendants' Counsel, or any of the other Plaintiffs' Releasees or Defendants' Releasees, or the Claims Administrator or other agent designated by Lead Counsel arising from distributions made substantially in accordance with the Stipulation, the plan of allocation approved by the Court, or further Orders of the Court. Lead Plaintiffs, the Defendants, and their respective counsel, and all other Defendants' Released Parties, shall have no responsibility or liability whatsoever for the investment or distribution of the Settlement Fund or the Net Settlement Fund; the plan of allocation; the determination, administration, calculation, or payment of any Claim or nonperformance of the Claims Administrator; the payment or withholding of Taxes; or any losses incurred in connection therewith.

58.    The Plan of Allocation stated herein is the plan that is being proposed to the Court for its approval by Lead Plaintiffs after consultation with their damages expert. The Court may approve this plan as proposed or it may modify the Plan of Allocation without further notice to the Class. Any Orders regarding any modification of the Plan of Allocation will be posted on the case website.

**Table A**

**Estimated Artificial Inflation with Respect to Transactions in HIIQ Common Stock
September 25, 2017 through April 11, 2019**

| Date Range | Artificial Inflation Per Share |
|---|---|
| September 25, 2017 – November 2, 2018 (prior to 12:09 p.m. ET)[4] | $13.89 |
| November 2, 2018 (at or after 12:09 p.m. ET) – November 4, 2018 | $9.79 |
| November 5, 2018 – November 27, 2018 (prior to 10:37 a.m. ET)[5] | $2.65 |
| November 27, 2018 (at or after 10:37 a.m. ET) – March 13, 2019 (prior to 1:43 p.m. ET)[6] | $0.58 |
| March 13, 2019 (at or after 1:43 p.m. ET) – March 25, 2019 | $0.23 |
| March 26, 2019 – April 11, 2019 | $0.11 |

---

[4]  For purposes of this Plan of Allocation, the Claims Administrator will assume that any HIIQ common stock transactions on November 2, 2018 at any price equal to or less than $48.63 per share occurred after the corrective information was released to the market at 12:09 p.m. ET on that day, and any HIIQ common stock transactions at any price greater than $48.63 per share occurred prior to the release of the corrective information at 12:09 p.m. ET on November 2, 2018.

[5]  For purposes of this Plan of Allocation, the Claims Administrator will assume that any HIIQ common stock transactions on November 27, 2018 at any price equal to or less than $32.20 per share occurred after the corrective information was released to the market at 10:37 a.m. ET on that day, and any HIIQ common stock transactions at any price greater than $32.20 per share occurred prior to the release of the corrective information at 10:37 a.m. ET on November 27, 2018.

[6]  For purposes of this Plan of Allocation, the Claims Administrator will assume that any HIIQ common stock transactions on March 13, 2019 at any price equal to or less than $38.20 per share occurred after the corrective information was released to the market at 1:43 p.m. ET on that day, and any HIIQ common stock transactions at any price greater than $38.20 per share occurred prior to the release of the corrective information at 1:43 p.m. ET on March 13, 2019.

18

**Table B**

| 90-Day Look-back Table for HIIQ Common Stock Closing Price and Average Closing Price April 12, 2019 through July 10, 2019 | | | | | |
|---|---|---|---|---|---|
| Date | Closing Price | Average Closing Price between April 12, 2019 and Date Shown | Date | Closing Price | Average Closing Price between April 12, 2019 and Date Shown |
| 4/12/2019 | $23.85 | $23.85 | 5/29/2019 | $23.31 | $23.60 |
| 4/15/2019 | $23.43 | $23.64 | 5/30/2019 | $23.47 | $23.60 |
| 4/16/2019 | $24.20 | $23.83 | 5/31/2019 | $25.79 | $23.66 |
| 4/17/2019 | $23.95 | $23.86 | 6/3/2019 | $26.62 | $23.74 |
| 4/18/2019 | $23.85 | $23.86 | 6/4/2019 | $28.74 | $23.88 |
| 4/22/2019 | $24.85 | $24.02 | 6/5/2019 | $28.72 | $24.01 |
| 4/23/2019 | $26.12 | $24.32 | 6/6/2019 | $28.75 | $24.14 |
| 4/24/2019 | $24.75 | $24.38 | 6/7/2019 | $29.70 | $24.28 |
| 4/25/2019 | $24.55 | $24.39 | 6/10/2019 | $30.50 | $24.44 |
| 4/26/2019 | $25.12 | $24.47 | 6/11/2019 | $28.92 | $24.55 |
| 4/29/2019 | $25.43 | $24.55 | 6/12/2019 | $28.38 | $24.64 |
| 4/30/2019 | $23.32 | $24.45 | 6/13/2019 | $27.78 | $24.71 |
| 5/1/2019 | $21.88 | $24.25 | 6/14/2019 | $27.87 | $24.78 |
| 5/2/2019 | $21.56 | $24.06 | 6/17/2019 | $26.36 | $24.82 |
| 5/3/2019 | $23.76 | $24.04 | 6/18/2019 | $25.67 | $24.84 |
| 5/6/2019 | $25.85 | $24.15 | 6/19/2019 | $25.67 | $24.85 |
| 5/7/2019 | $21.94 | $24.02 | 6/20/2019 | $26.58 | $24.89 |
| 5/8/2019 | $21.72 | $23.90 | 6/21/2019 | $26.09 | $24.91 |
| 5/9/2019 | $21.15 | $23.75 | 6/24/2019 | $26.13 | $24.94 |
| 5/10/2019 | $20.32 | $23.58 | 6/25/2019 | $24.43 | $24.93 |
| 5/13/2019 | $18.86 | $23.36 | 6/26/2019 | $24.17 | $24.91 |
| 5/14/2019 | $21.35 | $23.26 | 6/27/2019 | $24.72 | $24.91 |
| 5/15/2019 | $23.45 | $23.27 | 6/28/2019 | $25.92 | $24.93 |
| 5/16/2019 | $24.02 | $23.30 | 7/1/2019 | $26.40 | $24.96 |
| 5/17/2019 | $23.72 | $23.32 | 7/2/2019 | $25.82 | $24.97 |
| 5/20/2019 | $24.80 | $23.38 | 7/3/2019 | $26.11 | $24.99 |
| 5/21/2019 | $26.11 | $23.48 | 7/5/2019 | $26.17 | $25.01 |
| 5/22/2019 | $25.41 | $23.55 | 7/8/2019 | $25.00 | $25.01 |
| 5/23/2019 | $24.62 | $23.58 | 7/9/2019 | $23.93 | $24.99 |
| 5/24/2019 | $24.90 | $23.63 | 7/10/2019 | $22.91 | $24.96 |
| 5/28/2019 | $23.03 | $23.61 | | | |

## WHAT PAYMENT ARE THE ATTORNEYS FOR THE CLASS SEEKING? HOW WILL THE LAWYERS BE PAID?

59. Plaintiffs' Counsel have not received any payment for their services in pursuing claims against the Defendants, nor have Plaintiffs' Counsel been reimbursed for their out-of-pocket

expenses.  Before final approval of the Settlement, Lead Counsel will apply to the Court for an award of attorneys' fees for all Plaintiffs' Counsel in an amount not to exceed one-third (33-1/3%) of the Settlement Fund.  At the same time, Lead Counsel also intends to apply for reimbursement of Litigation Expenses in an amount not to exceed $450,000, which may include an application for reimbursement of the reasonable lost wages, costs and expenses incurred by Lead Plaintiffs directly related to their prosecution of this Action.  The Court will determine the amount of any award of attorneys' fees or reimbursement of Litigation Expenses.  Such sums as may be approved by the Court will be paid from the Settlement Fund.  Class Members are not personally liable for any such fees or expenses.

## WHAT IF I DO NOT WANT TO BE A MEMBER OF THE CLASS? HOW DO I EXCLUDE MYSELF?

60.    Each Class Member or Settlement Class Member will be bound by all determinations and judgments in this lawsuit, whether favorable or unfavorable, unless such person or entity mails or delivers a written request for exclusion, addressed to Health Insurance Innovations Securities Settlement, Exclusions c/o Epiq, P.O. Box 5657, Portland, OR 97228-5657.  The exclusion request must be received no later than _____, 2021.  You will not be able to exclude yourself after that date.  Each request for exclusion must (a) state the name, address and telephone number of the person or entity requesting exclusion, and in the case of entities the name and telephone number of the appropriate contact person; (b) state that such person or entity "requests exclusion from the Class or Settlement Class in *Julian Keippel v. Health Insurance Innovations, Inc., et al.*, No. 8:19-cv-00421"; (c) state the number of HIIQ shares that the person or entity requesting exclusion purchased/acquired and/or sold during the Class Period or Settlement Class Period, as well as the dates and prices of each such purchase/acquisition and sale, and the number of HIIQ shares held at the beginning of the Class Period (and Settlement Class Period); and (d) be signed by the person or entity requesting exclusion or an authorized representative.  A request for exclusion shall not be effective unless it provides all the information called for in this paragraph and is received within the time stated above, or is otherwise accepted by the Court.

61.    If you do not want to be part of the Class or Settlement Class, you must follow these instructions for exclusion even if you have pending, or later file, another lawsuit, arbitration, or other proceeding relating to any Released Plaintiffs' Claim against any of the Defendants' Releasees.

62.    If you ask to be excluded, you will not be eligible to receive any payment out of the Net Settlement Fund.

63.    HIIQ has the right to terminate the Settlement if valid requests for exclusion are received from persons and entities entitled to be members of the Class or Settlement Class in an amount that exceeds an amount agreed to by Lead Plaintiffs and HIIQ, as set forth in a confidential Supplemental Agreement.

> **WHEN AND WHERE WILL THE COURT DECIDE WHETHER TO APPROVE THE SETTLEMENT?  DO I HAVE TO COME TO THE HEARING? MAY I SPEAK AT THE HEARING IF I DON'T LIKE THE SETTLEMENT?**

64.    Class Members or Settlement Class Members do not need to attend the Settlement Hearing. The Court will consider any submission made in accordance with the provisions below even if a Class Member or Settlement Class Member does not attend the hearing.  You can participate in the Settlement without attending the Settlement Hearing.

65.    The Settlement Hearing will be held on _____, 2021 at __:__ _.m., in Courtroom 15B of the Sam Gibbons United States Courthouse, 801 North Florida Avenue, Tampa, Florida 33602, or by telephonic, video conferencing or other electronic means, as posted on the website of the Claims Administrator. The Court reserves the right to approve the Settlement, the Plan of Allocation, Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses and/or any other matter related to the Settlement at or after the Settlement Hearing without further notice to the members of the Class or Settlement Class.

66.    Any Class Member or Settlement Class Member who or which does not request exclusion may object to the Settlement, the proposed Plan of Allocation or Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses.  Objections must be in writing. You must also serve the papers on the Lead Counsel representatives and on the Defendants' Counsel representative at the addresses set forth below so that the papers are received on or before _____, 2021.

| Clerk's Office | Lead Counsel Representatives | Defendants' Counsel Representative |
|---|---|---|
| U.S. District Court, Middle District of Florida No. 8:19-cv-00421 Sam Gibbons United States Courthouse 801 N. Florida Ave. Tampa, FL 33602 | Brandon T. Grzandziel Adam D. Warden Saxena White P.A. 7777 Glades Road Suite 300 Boca Raton, FL 33434 | Michael Matthews Lauren Valiente Foley & Lardner LLP 100 North Tampa Street, Suite 2700 Tampa, FL 33602-5810 |

67.    Any objection (a) must state the name, address and telephone number of the person or entity objecting and must be signed by the objector; (b) must contain a statement of the objection or objections, and the specific reasons for each objection, including any legal and evidentiary support the Class Member or Settlement Class Member wishes to bring to the Court's attention; and (c) must include documents sufficient to prove membership in the Class or Settlement Class, including the number of HIIQ shares that the objecting Class Member or Settlement Class Member purchased/acquired and/or sold during the Class Period or Settlement Class Period, as well as the dates and prices of each such purchase/acquisition and sale, and the number of HIIQ shares held at the beginning of the Class Period or Settlement Class Period.  You may not object to the Settlement, the Plan of Allocation or Lead Counsel's motion for attorneys' fees and reimbursement

21

of Litigation Expenses if you exclude yourself from the Class or Settlement Class or if you are not a member of the Class or Settlement Class.

68.   You may file a written objection without having to appear at the Settlement Hearing.  You may not, however, appear at the Settlement Hearing to present your objection unless you first file and serve a written objection in accordance with the procedures described above, unless the Court orders otherwise.

69.   If you wish to be heard orally at the hearing in opposition to the approval of the Settlement, the Plan of Allocation or Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses, and if you timely file and serve a written objection as described above, you must also file a notice of appearance with the Clerk's Office and serve it on Lead Counsel and Defendants' Counsel at the addresses set forth in ¶ 66 above so that it is received on or before _____, 2021.   Persons who intend to object and desire to present evidence at the Settlement Hearing must include in their written objection or notice of appearance the identity of any witnesses they may call to testify and exhibits they intend to introduce into evidence at the hearing.  Such persons may be heard orally at the discretion of the Court.

70.   You are not required to hire an attorney to represent you in making written objections or in appearing at the Settlement Hearing.  However, if you decide to hire an attorney, it will be at your own expense, and that attorney must file a notice of appearance with the Court and serve it on Lead Counsel and Defendants' Counsel at the addresses set forth in ¶ 66 above so that the notice is received on or before _____, 2021.

71.   The Settlement Hearing may be adjourned by the Court without further written notice to the Class or Settlement Class.  If you intend to attend the Settlement Hearing, you should confirm the date and time with Lead Counsel.

72.   Unless the Court orders otherwise, any Class Member or Settlement Class Member who does not object in the manner described above will be deemed to have waived any objection and shall be forever foreclosed from making any objection to the proposed Settlement, the proposed Plan of Allocation or Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses.  Class Members or Settlement Class Members do not need to appear at the Settlement Hearing or take any other action to indicate their approval.

## WHAT IF I BOUGHT HIIQ COMMON STOCK ON SOMEONE ELSE'S BEHALF?

73.   If you purchased or otherwise acquired HIIQ common stock during the Class Period or Settlement Class Period for the beneficial interest of persons or organizations other than yourself, you must either (a) within seven (7) calendar days of receipt of this Notice, request from the Claims Administrator sufficient copies of the Notice and Claim Form (the "Notice Packet") to forward to all such beneficial owners and within seven (7) calendar days of receipt of those Notice Packets forward them to all such beneficial owners; or (b) within seven (7) calendar days of receipt of this Notice, provide a list of the names and addresses of all such beneficial owners to Health Insurance Innovations Securities Settlement c/o Epiq, P.O. Box 5657, Portland, OR 97228-5657.  If you choose the second option, the Claims Administrator will send a copy of the Notice and the Claim Form to the beneficial owners.  Upon full compliance with these directions, such nominees may seek reimbursement of their reasonable expenses actually incurred, by providing the Claims

Administrator with proper documentation supporting the expenses for which reimbursement is sought.  Copies of this Notice and the Claim Form may also be obtained from the website maintained        by        the        Claims        Administrator,        www.HealthInsuranceInnovationsSecuritiesSettlement.com, or by calling the Claims Administrator toll-free at 1-855-914-4697.

## CAN I SEE THE COURT FILE?  WHOM SHOULD I CONTACT IF I HAVE QUESTIONS?

74.    This Notice contains only a summary of the terms of the proposed Settlement.  For more detailed information about the matters involved in this Action, you are referred to the papers on file in the Action, including the Stipulation, which are available online via the Public Access to Court Electronic Records (PACER) system at https://pacer.uscourts.gov/; to the extent permitted in light of the Court's COVID-19 procedures may be inspected during regular office hours at the Office of the Clerk, United States District Court for the Middle District of Florida, 801 N. Florida Ave., Tampa, FL 33602; or will be provided by Lead Counsel upon request.  Additionally, copies of the Stipulation and any related orders entered by the Court will be posted on the website maintained        by        the        Claims        Administrator,        www.HealthInsuranceInnovationsSecuritiesSettlement.com.

All inquiries concerning this Notice and the Claim Form should be directed to:

| Health Insurance Innovations Securities Settlement c/o Epiq P.O. Box 5657 Portland, OR 97228-5657 1-855-914-4697 | and/or | Brandon T. Grzandziel Adam D. Warden SAXENA WHITE P.A. 7777 Glades Road, Suite 300 Boca Raton, FL 33434 (561) 394-339 bgrzandziel@saxenawhite.com awarden@saxenawhite.com |
|---|---|---|

**DO NOT CALL OR WRITE THE COURT, THE OFFICE OF THE CLERK OF THE COURT, DEFENDANTS OR THEIR COUNSEL REGARDING THIS NOTICE.**

Dated: _____, 2020

By Order of the Court
United States District Court
Middle District of Florida

23

# Exhibit A-2

HIIQ Securities Settlement
Claims Administrator
PO Box 5657
Portland, OR 97228-5657

Toll-Free Number:  855-914-4697
Website:  www.HealthInsuranceInnovationsSecuritiesSettlement.com
Email: info@HealthInsuranceInnovationsSecuritiesSettlement.com

Objection/Exclusion Deadline:        __/__/2021
Settlement Fairness Hearing:         __/__/2021
Deadline to File a Claim:            __/__/2021

<<Mail ID>>
<<Name1>>
<<Name2>>
<<Address1>>
<<Address2>>
<<City>><<State>><<Zip>>
<<Foreign Country>>

<u>**PROOF OF CLAIM AND RELEASE FORM**</u>

TO BE ELIGIBLE TO RECEIVE A SHARE OF THE NET SETTLEMENT FUND IN CONNECTION WITH THE SETTLEMENT OF THIS LITIGATION, YOU MUST COMPLETE AND SIGN THIS PROOF OF CLAIM AND RELEASE FORM ("PROOF OF CLAIM") AND EITHER MAIL IT BY PREPAID, FIRST-CLASS MAIL TO THE ABOVE ADDRESS, OR SUBMIT IT ONLINE AT THE SETTLEMENT WEBSITE, WWW.HEALTHINSURANCEINNOVATIONSSECURITIESSETTLEMENT.COM. **THE CLAIM FORM MUST BE POSTMARKED OR SUBMITTED ONLINE NO LATER THAN _____ __, 2021.**

FAILURE TO SUBMIT YOUR PROOF OF CLAIM BY THE DATE SPECIFIED WILL SUBJECT YOUR CLAIM TO REJECTION AND MAY PRECLUDE YOU FROM BEING ELIGIBLE TO RECOVER ANY MONEY IN CONNECTION WITH THE SETTLEMENT.

**DO NOT MAIL OR DELIVER YOUR PROOF OF CLAIM TO THE COURT, THE PARTIES TO THIS LITIGATION, OR THEIR COUNSEL. SUBMIT YOUR PROOF OF CLAIM ONLY TO THE CLAIMS ADMINISTRATOR AT THE ADDRESS SET FORTH ABOVE.**

<u>**TABLE OF CONTENTS**</u>                                                                                  **PAGE #**

**PART I – CLAIMANT IDENTIFICATION** ......................................................................................... 2
**PART II – SCHEDULE OF TRANSACTIONS IN HIIQ COMMON STOCK**.................................................... 3
**PART III – RELEASE AND CERTIFICATION** ...............................................................................4-5
**PROOF OF CLAIM INSTRUCTIONS** ...........................................................................................6

Before completing this form, please read the detailed instructions on page 6.  When filling out this form, type or print in the boxes below in CAPITAL LETTERS; do not use red ink, pencils or staples

**PART I:**          **CLAIMANT IDENTIFICATION**

Beneficial Owner's First Name

Beneficial Owner's Last Name

Co-Beneficial Owner's First Name

Co-Beneficial Owner's Last Name

Entity Name (if claimant is not an individual)

Representative or Custodian Name (if different from Beneficial Owner(s) listed above)

Account Number (if filing for multiple accounts, file a separate Proof of Claim for each account)

Address1 (street name and number)

Address2 (apartment, unit or box number)

City                                                                                    State    Zip Code

Foreign Country (only if not USA)

Last 4 digits of Social Security Number              Last 4 digits of Taxpayer Identification Number

OR

Telephone Number (home)                        Telephone Number (work)

Email ddress

Claimant Account Type (check appropriate box):

☐    Individual (includes joint owner accounts)    ☐  Pension Plan    ☐  Trust
☐    Corporation                                   ☐  Estate
☐    IRA/401K                                      ☐  Other _____ (please specify)

2

**PART II:** **SCHEDULE OF TRANSACTIONS IN HEALTH INSURANCE INNOVATIONS INC. ("HIIQ") COMMON STOCK**

A.      Number of HIIQ common stock held at the close of trading on September 24, 2017:

☐☐☐☐☐☐

B.      Purchases or other acquisitions of HIIQ common stock from September 25, 2017 through April 11, 2019, inclusive *(must be documented)*:

| Trade Date (list chronologically) (MMDDYY) | Number of Shares Purchased or Acquired | Purchase Price per Share | Total Purchase Price* | Transaction Type (P/R)** |
|---|---|---|---|---|
| | | | | |
| | | | | |
| | | | | |
| | | | | |

*Excluding taxes, fees and commissions
** P=Purchase, R=Receipt (transfer in)

C.      Purchases from April 12, 2019 through July 10, 2019. State the total number of HIIQ common stock purchased after the opening of trading on April 12, 2019 through and including the close of trading on July 10, 2019. (Must be documented.) If none, write "zero" or "0".[1]

☐☐☐☐☐☐

D.      Sales of HIIQ common stock from September 25, 2017 through July 10, 2019, inclusive *(must be documented)*:

| Trade Date (list chronologically) (MMDDYY) | Number of Shares Sold or Delivered | Sale Price per Share | Total Sale Price* | Transaction Type (S/D)** |
|---|---|---|---|---|
| | | | | |
| | | | | |
| | | | | |
| | | | | |

*Excluding taxes, fees and commissions
** S=Sale, D=Delivery (transfer out)

E.      Number of shares of HIIQ common stock held at the close of trading on July 10, 2019 (if none, enter "0"; if other than zero, must be documented):

☐☐☐☐☐☐

**IF YOU NEED ADDITIONAL SPACE TO LIST YOUR TRANSACTIONS PLEASE PHOTOCOPY THE APPROPRIATE PAGE(S), WRITE YOUR NAME ON THE COPY AND CHECK THIS BOX:** ☐

---

[1] Please note: Information requested with respect to your purchases of HIIQ common stock from after the opening of trading on April 12, 2019, through and including the close of trading on July 10, 2019 (Section C.) is needed in order to balance your claim. Purchases during this period, however, are not eligible under the Settlement and will not be used for purposes of calculating your Recognized Loss pursuant to the Plan of Allocation.

3

**PART III:      RELEASE AND CERTIFICATION**

SUBMISSION TO JURISDICTION OF COURT AND ACKNOWLEDGMENTS

I (We) submit this Proof of Claim and Release under the terms of the Stipulation ("Stipulation") described in the Notice of (I) Pendency of Class Action, Certification of Settlement Class, and Proposed Settlement of Class Action; (II) Settlement Hearing; and (III) Motion for an Award of Attorneys' Fees and Reimbursement of Litigation Expenses (the "Notice") and the Order Preliminarily Approving Proposed Settlement and Providing for Notice.[2] I (We) also submit to the jurisdiction of the United States District Court for the Middle District of Florida, with respect to my (our) claim as a Settlement Class Member and for purposes of enforcing the releases set forth herein. I (We) further acknowledge that I am (We are) bound by and subject to the terms of any judgment that may be entered in the Action. I (We) agree to furnish additional information to the Claims Administrator to support this claim if requested to do so. I (We) have not submitted any other claim covering the same purchases or sales of HIIQ common stock during the Settlement Class Period and know of no other person having done so on my (our) behalf.

RELEASES

1.      I (We) hereby acknowledge full and complete satisfaction of, and do hereby fully, finally, and forever settle, release, and discharge from the Released Claims each and all of the "Defendants' Releasees," defined as Defendants (Health Insurance Innovations, Inc. n/k/a Benefytt Technologies, Inc., Gavin Southwell, and Michael D. Hershberger) and their respective current and former officers, directors, insurers, principals, agents, parents, affiliates, subsidiaries, divisions, departments, joint ventures, successors, predecessors, assigns, assignees, employees, associates, co-insurers, reinsurers, accountants, attorneys, spouses, heirs, executors, trustees, general or limited partners or partnerships, limited liability companies, members, stockholders, underwriters, personal or legal advisors or representatives, estates, administrators, or other individuals or entities in which Defendants have a controlling interest or which is related to or affiliated with the respective Defendants, any members of their immediate families, or any trusts for which any of them are trustees, settlors, or beneficiaries, and the predecessors, successors, administrators and assigns of each of the foregoing.

2.      I (We) hereby acknowledge that "Released Claims" includes all "Released Defendants' Claims" and all "Released Plaintiffs' Claims." "Released Defendants' Claims" means as against Lead Plaintiffs, Plaintiffs, Lead Counsel or any Class Member or Settlement Class Member, all claims and causes of action of every nature and description, whether known claims or Unknown Claims, whether arising under federal, state, common or foreign law, that arise out of or relate in any way to the institution, prosecution, or settlement of the claims asserted in the Action. Released Defendants' Claims do not include any claims relating to the enforcement of the Settlement or any claims against any person or entity who or which submits a request for exclusion from the Class or Settlement Class that is accepted by the Court. "Released Plaintiffs' Claims" means all claims, demands, losses, rights, obligations, damages, liabilities, actions, suits, matters, issues, and causes of action of any nature whatsoever, whether known or Unknown Claims, in law or in equity, accrued or unaccrued, fixed or contingent, direct, individual or representative, of every nature and description, that have been or could have been asserted in this Action or could in the future be asserted in any forum, whether foreign or domestic, whether arising under federal, state, local, common, or foreign law or any other law, rule, or regulation, by Lead Plaintiffs, any member of the Class or Settlement Class, or their successors, assigns, executors, administrators, representatives, attorneys, and agents, in their capacities as such, whether brought directly or indirectly against any of the Defendants, which (a) arise out of, are based upon, or relate to in any way, in whole or in part, any of the allegations, acts, transactions, facts, events, matters, occurrences, statements, disclosures, publications, disseminations, presentations, press releases, representations or omissions or failures to act involved, set forth, alleged or referred to, in this Action, or which could have been alleged in this Action, or which could be asserted in the future, in the Action or in any other action in any court or forum, and (b) arise out of, are based upon, or relate to in any way to the purchase, acquisition, holding, sale, or disposition of any HIIQ securities during the Class Period or the Settlement Class Period.  Released Plaintiffs' Claims do not include: (i) any claims relating to the enforcement of the Settlement; and (ii) any claims of any person or entity who or which submits a request for exclusion from the Class or Settlement Class that is accepted by the Court.

3.      I (We) hereby acknowledge that "Unknown Claims," as used herein, means any Released Plaintiffs' Claims which any Lead Plaintiff or any other Class Member or Settlement Class Member does not know or suspect to exist in his, her or its favor at the time of the release of such claims, and any Released Defendants' Claims which any Defendant or any other Defendants' Releasee does not know or suspect to exist in his, her, or its favor at the time of the release of such claims, which, if known by him, her or it, might have affected his, her or its decision(s) with respect to this Settlement, including but not limited to whether to object to the Settlement or seek exclusion from the Class or Settlement Class.  With respect to any and all Released Claims, the Parties stipulate and agree that, upon the Effective Date of the Settlement, Lead Plaintiffs and

---

[2] All capitalized terms used in this Proof of Claim and Release that are not otherwise defined herein shall have the meanings ascribed to them in the Stipulation.

4

Defendants shall expressly waive, and each of the other Class Members and Settlement Class Members and each of the other Plaintiffs' Releasees and Defendants' Releasees shall be deemed to have waived, and by operation of the Judgment, shall have expressly waived, any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law or foreign law, which is similar, comparable, or equivalent to California Civil Code §1542, which provides:

> A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release, and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.

Lead Plaintiffs and the Class Members and Settlement Class Members may hereafter discover facts in addition to or different from those which he, she, or it now knows or believes to be true with respect to the subject matter of the Released Claims, but Lead Plaintiffs shall expressly, fully, finally, and forever settle and release, and each Class Member and Settlement Class Member shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever settled and released, any and all Released Claims, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such additional or different facts. Lead Plaintiffs and Defendants acknowledge, and each of the other Class Members and Settlement Class Members and each of the other Plaintiffs' Releasees and Defendants' Releasees shall be deemed by operation of law to have acknowledged, that the foregoing waiver was separately bargained for and a key element of the Settlement.

5.      The releases herein shall be of no force or effect unless and until the Court approves the Stipulation and the Stipulation becomes effective on the Effective Date (as defined in the Stipulation).

6.      I (We) hereby warrant and represent that I (we) have not assigned or transferred or purported to assign or transfer, voluntarily or involuntarily, any matter released pursuant to this release or any other part or portion thereof.

7.      I (We) hereby warrant and represent that I (we) have included information about all of my (our) transactions in HIIQ common stock which occurred during the Settlement Class Period.

I (We) declare under penalty of perjury under the laws of the United States of America that the foregoing information supplied by the undersigned is true and correct.

Executed this _____ day of _____, in _____, _____.
                                         (Month / Year)                    (City)                         (State / Country)

| | | Date: | M M | – | D D | – | Y Y |
|---|---|---|---|---|---|---|---|

Signature of Claimant

Print Name of Claimant

Title of Person Signing on Behalf of Claimant

| | | Date: | M M | – | D D | – | Y Y |
|---|---|---|---|---|---|---|---|

Signature of Joint Claimant, if any

Print Name of Joint Claimant

5

```
┌─────────────────────────────────────────────────────┐
│                                                     │
│                                                     │
└─────────────────────────────────────────────────────┘
```
Title of Person Signing on Behalf of Claimant

# PROOF OF CLAIM INSTRUCTIONS

A. This Proof of Claim has been sent to you because you may be a member of the Settlement Class in this matter. To participate, you must complete and sign this Proof of Claim and provide supporting documents for any eligible transactions you claim. If you fail to file a properly addressed Proof of Claim and supporting documents, your claim may be rejected, and you may be determined to be ineligible for any payment from the Net Settlement Fund.

B. Submission of this Proof of Claim does not assure that you will share in the proceeds of the Net Settlement Fund created in this Action.

C. YOU MUST COMPLETE AND SUBMIT YOUR PROOF OF CLAIM BY MAIL ADDRESSED TO THE CLAIMS ADMINISTRATOR AS LISTED BELOW OR ONLINE AT THE SETTLEMENT WEBSITE, WWW.HEALTHINSURANCEINNOVATIONSSECURITIESSETTLEMENT.COM. THE CLAIM FORM MUST BE POSTMARKED OR SUBMITTED ONLINE NO LATER THAN _____ __, 2021.

D. If you are NOT a member of the Settlement Class, as defined in the Notice, DO NOT submit a Proof of Claim.

E. If you are a member of the Settlement Class and you do not timely request to be excluded from the Settlement Class, you are bound by the terms of any judgment entered in the Action, WHETHER OR NOT YOU SUBMIT A PROOF OF CLAIM.

F. Use the section of this form entitled "Claimant Information" to identify each owner of record. THIS CLAIM MUST BE FILED BY THE ACTUAL BENEFICIAL OWNER(S), OR THE LEGAL REPRESENTATIVE OF SUCH OWNER(S) OF SHARES UPON WHICH THIS CLAIM IS BASED.

G. Use the section of this form entitled "Schedule of Transactions" to supply all required details of your transaction(s). If you need more space or additional schedules, attach separate sheets giving all of the required information in substantially the same form. Sign and print or type your name on each additional sheet.

H. Complete a separate claim form for each account in which you qualify.

I. Provide all of the requested information with respect to the HIIQ common stock that you acquired at any time on or between September 25, 2017 and April 11, 2019, inclusive, whether such transactions resulted in a profit or a loss. Failure to report all such transactions may result in the rejection of your claim.

J. List each transaction in the Settlement Class Period in chronological order, by trade date, beginning with the earliest. You must accurately provide the month, day and year of each transaction you list.

K. Documentation of your transactions in HIIQ common stock must be attached to your claim. Failure to provide this documentation could delay verification of your claim or result in rejection of your claim.

L. The above requests are designed to provide the minimum amount of information necessary to process the most simple claims. The Claims Administrator may request additional information as required to efficiently and reliably calculate your losses.

***Proof of Claim forms must be postmarked and mailed to HIIQ Securities Settlement, Claims Administrator, PO Box 5657, Portland, OR 97228-5657 or submitted online at the Settlement Website, www.HealthInsuranceInnovationsSecuritiesSettlement.com. The Claim Form must be postmarked or submitted online no later than _____ __, 2021.***

ATTENTION NOMINEES AND BROKERAGE FIRMS: If you are filing claim(s) electronically on behalf of beneficial owners, detailed instructions are available on the Settlement website at **www.HealthInsuranceInnovationsSecuritiesSettlement.com** along with the formatted electronic filing template. You may also send an email to **info@HealthInsuranceInnovationsSecuritiesSettlement.com** requesting this information.

Reminder Checklist
1. Sign the Certification section of the Proof of Claim on page 5.
2. Remember to attach supporting documentation.
3. Do not send original documents.
4. Keep a copy of your Proof of Claim and all documents submitted for your records.

5. If you desire an acknowledgment of receipt of your Proof of Claim form, send your Proof of Claim by Certified Mail, Return Receipt Requested.

6. If you move, please send the Claims Administrator your new address.

ACCURATE CLAIMS PROCESSING CAN TAKE A SIGNIFICANT
AMOUNT OF TIME. THANK YOU FOR YOUR PATIENCE.

# Exhibit A-3

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| JULIAN KEIPPEL, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>HEALTH INSURANCE INNOVATIONS, INC. n/k/a BENEFYTT TECHNOLOGIES, INC., GAVIN SOUTHWELL, and MICHAEL D. HERSHBERGER,<br><br>Defendants. | CASE NO. 8:19-CV-00421-WFJ-CPT<br><br>CLASS ACTION<br><br>EXHIBIT A-3 |

**SUMMARY NOTICE OF (I) PENDENCY OF CLASS ACTION AND PROPOSED SETTLEMENT OF CLASS ACTION; (II) SETTLEMENT HEARING; AND (III) MOTION FOR AN AWARD OF ATTORNEYS' FEES AND REIMBURSEMENT OF LITIGATION EXPENSES**

**TO: All persons and entities who, during the period from September 25, 2017 through April 11, 2019, inclusive, purchased or otherwise acquired Health Insurance Innovations, Inc. ("HIIQ") common stock, and were allegedly damaged thereby:**

**PLEASE READ THIS NOTICE CAREFULLY, YOUR RIGHTS WILL BE AFFECTED BY A CLASS ACTION LAWSUIT PENDING IN THIS COURT.**

YOU ARE HEREBY NOTIFIED, pursuant to Rule 23 of the Federal Rules of Civil Procedure and an Order of the United States District Court for the Middle District of Florida, that the above-captioned litigation (the "Action") has been certified as a class action on behalf of the Class and Settlement Class, except for certain persons and entities who are excluded from the Class and Settlement Class as set forth in the full printed Notice Of (I) Pendency Of Class Action And Proposed Settlement of Class Action; (II) Settlement Hearing; And (III) Motion For An Award Of Attorneys' Fees And Reimbursement Of Litigation Expenses (the "Notice").

YOU ARE ALSO NOTIFIED that Lead Plaintiffs in the Action have reached a proposed settlement of the Action for $11,000,000.00 in cash (the "Settlement") that, if approved, will resolve all claims in the Action.

A hearing will be held on _____, 2021 at __:__ _.m., at the United States District Court for the Middle District of Florida, Sam Gibbons United States Courthouse, 801 North Florida Avenue, Courtroom 15B, Tampa, Florida 33602, or by telephonic, video

conferencing or other electronic means, as posted on the website of the Claims Administrator. The hearing will determine (i) whether the proposed Settlement should be approved as fair, reasonable, and adequate; (ii) whether the Action should be dismissed with prejudice against Defendants, and the Releases specified and described in the Stipulation And Agreement Of Settlement (and in the Notice) should be granted; (iii) whether the proposed Plan of Allocation should be approved as fair and reasonable; and (iv) whether Lead Counsel's application for an award of attorneys' fees and reimbursement of Litigation Expenses should be approved. If you file a written objection and notice of appearance before the hearing, you may ask to be heard orally at the hearing or you may appear at the hearing through an attorney you retain.

This Summary Notice relates to a proposed Settlement of claims in a pending securities class action lawsuit brought by investors alleging, among other things, that Defendants HIIQ, Michael D. Hershberger, and Gavin Southwell (collectively, the "Defendants") violated the federal securities laws by making alleged misrepresentations or omissions regarding compliance and customer complaints, which Defendants deny.

**If you purchased HIIQ common stock from September 25, 2017 through April 11, 2019 and were damaged thereby, your rights will be affected by the pending Action and the Settlement, and you may be entitled to share in the Settlement Fund**. If you have not yet received the Notice and Claim Form, you may obtain copies of these documents by contacting the Claims Administrator at Health Insurance Innovations Securities Settlement c/o Epiq, P.O. Box 5657, Portland, OR 97228-5657. Copies of the Notice and Claim Form can also be downloaded from the website maintained by the Claims Administrator, www.HealthInsuranceInnovationsSecuritiesSettlement.com.

In order to be potentially eligible to receive a payment under the proposed Settlement, you must submit a Claim Form online at the Settlement website or by mail. The Claim Form must be submitted or *postmarked* **no later than** _____, **2021**. If you do not submit a proper Claim Form, you will not be eligible to share in the distribution of the net proceeds of the Settlement but you will nevertheless be bound by any judgments or orders entered by the Court in the Action.

If you wish to exclude yourself, you must submit a request for exclusion such that it is *received* **no later than** _____, **2021**, in accordance with the instructions set forth in the Notice. If you properly exclude yourself, you will not be bound by any judgments or orders entered by the Court in the Action and you will not be eligible to share in the proceeds of the Settlement.

Any objections to the proposed Settlement, the proposed Plan of Allocation, or Lead Counsel's motion for attorneys' fees and reimbursement of expenses, must be filed with the Court and delivered to representatives of Lead Counsel and Defendants' Counsel such that they **are** *received* **no later than** _____, **2021**, in accordance with the instructions set forth in the Notice.

**Please do not contact the Court, the Clerk's office, HIIQ, or Defendants' Counsel regarding this notice. All questions about this notice, the proposed Settlement, or your eligibility to participate in the Settlement should be directed to Lead Counsel or the Claims Administrator.**

2

Requests for the Notice and Claim Form should be made to:

Health Insurance Innovations Securities Settlement
c/o Epiq
P.O. Box 5657
Portland, OR 97228-5657

Inquiries, other than requests for the Notice and Claim Form, should be made to Lead Counsel:

SAXENA WHITE P.A.
Brandon T. Grzandziel
7777 Glades Road, Suite 300
Boca Raton, FL 33434
bgrzandziel@saxenawhite.com

Dated: _____, 2020

By Order of the Court
United States District Court
Middle District of Florida

3