# EXHIBIT 1

## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

| | |
|---|---|
| JULIAN KEIPPEL, Individually and On Behalf of All Others Similarly Situated,<br><br>        Plaintiff,<br><br>v.<br><br>HEALTH INSURANCE INNOVATIONS, INC. n/k/a BENEFYTT TECHNOLOGIES, INC., GAVIN SOUTHWELL, and MICHAEL D. HERSHBERGER,<br><br>        Defendants. | CASE NO. 8:19-CV-00421-WFJ-CPT<br><br>CLASS ACTION |

**DECLARATION OF JED D. MELNICK IN SUPPORT OF LEAD PLAINTIFFS' MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND PLAN OF ALLOCATION AND LEAD PLAINTIFFS' MOTION FOR AN AWARD OF ATTORNEYS' FEES AND REIMBURSEMENT OF LITIGATION EXPENSES**

I, Jed D. Melnick, Esq., declare as follows:

1.     I am filing this declaration in my capacity as the mediator in connection with the proposed settlement ("Settlement") in the above-captioned securities class action (the "Action").  I make this declaration based on personal knowledge, and I am competent to testify as to the matters set forth herein.

2.     Lead Plaintiffs' and Defendants' (the "Parties") negotiations were conducted in confidence and under my supervision. All participants in the mediation

1

executed a confidentiality agreement indicating that the mediation process was to constitute settlement negotiations for the purpose of Rule 408 of the Federal Rules of Evidence, protecting disclosure made during such process from later discovery, dissemination, publication or use in evidence. By making this declaration, neither I nor the Parties waive in any way the provisions of the confidentiality agreement or the protections of Rule 408. While I cannot disclose the contents of the mediation negotiations, the Parties have authorized me to inform the Court of the procedural and substantive matters set forth below to be used in support of approval of the Settlement.

3.      As discussed below, I believe that the proposed Settlement in this Action with the Defendants for the total amount of $11,000,000 in cash – after a rigorous mediation process and hard-fought litigation by experienced counsel – represents a well-reasoned and sound resolution to the complicated and uncertain legal claims brought against Defendants.   The Court, of course, will make determinations as to the "fairness" of the Settlement under applicable legal standards.   From a mediator's perspective, however, I recommend the proposed Settlement as reasonable, arm's length, and consistent with the risks and potential rewards of the claims asserted against Defendants.

4.      I am a panelist at JAMS, and as a JAMS neutral I have been involved in the mediation and successful resolution of hundreds of complex disputes.

5. As detailed below, I oversaw the extensive settlement negotiations in this case covering a full-day mediation session and extensive follow-up negotiations, which culminated in the Parties agreeing to the $11 million Settlement.

6. Specifically, following the Parties' agreement to select me as a mediator in August 2020, the Parties prepared and exchanged detailed mediation statements and voluminous case-related materials addressing the facts and law of the case, including, among other things, the Parties' disputed arguments regarding falsity, scienter, loss causation and damages.

7. Formal mediation settlement negotiations before me commenced on September 3, 2020, when counsel for Lead Plaintiffs, counsel for Defendants, and representatives of Defendants' insurance carriers attended a full-day mediation session conducted remotely via videoconference. During the mediation session, the Parties made detailed presentations, and we discussed the merits of the case, including liability and damages. Counsel for both Lead Plaintiffs and Defendants presented significant arguments regarding their clients' positions, and it was apparent to me that each side possessed strong arguments and that neither side was assured of victory.

8. Although the mediation session ended without a settlement agreement, the Parties' negotiations continued. Over the course of the next month, I, along with other members of my team, conducted extensive follow-up discussions with the Parties. On October 22, 2020, the Parties agreed in principal to accept a mediator's proposal for a settlement of $11 million in cash, which the Parties separately

3

accepted, subject to certain terms and conditions, and the execution of a customary "long form" stipulation and agreement of settlement and related papers.

9.    Based on my involvement in the negotiations, review and analysis of the Parties' comprehensive mediation submissions, extensive communications with the Parties, and assessment of the risks inherent in this Action, I believe this settlement is a good outcome for the Settlement Class in light of the strengths and weaknesses of the case and the potential risks and expenses of protracted litigation. I also believe that the Settlement is the product of true arm's length negotiation by counsel seeking to represent their respective clients' best interests. The Settlement is the direct result of all counsel's experience, reputation, and ability in these types of complex class actions.

10.    In conclusion, based upon my experience as a litigator and a neutral, I believe this Settlement represents a recovery and outcome that is reasonable and fair for the settlement class and all parties involved. I further believe that the Settlement is in the best interests of all parties because the Parties avoid the burdens and risks associated with taking this case through further motion practice, additional discovery, trial, and appeals. I therefore strongly support approval of the Settlement in all respects.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this _____11th____ day of February, 2021.

_____
JED D. MELNICK, ESQ.

4