# EXHIBIT 3

## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

| | |
|---|---|
| JULIAN KEIPPEL, Individually and On Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> HEALTH INSURANCE INNOVATIONS, INC. n/k/a BENEFYTT TECHNOLOGIES, INC., GAVIN SOUTHWELL, and MICHAEL D. HERSHBERGER, <br><br> Defendants. | CASE NO. 8:19-CV-00421-WFJ-CPT <br><br> CLASS ACTION |

**DECLARATION OF JAY TURNER, ASSISTANT CITY ATTORNEY AND GENERAL COUNSEL TO THE CITY OF BIRMINGHAM RETIREMENT AND RELIEF SYSTEM, IN SUPPORT OF (I) LEAD PLAINTIFFS' MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT, AND (II) LEAD COUNSEL'S MOTION FOR AN AWARD OF ATTORNEYS' FEES AND REIMBURSEMENT OF LITIGATION EXPENSES**

I, Jay Turner, Assistant City Attorney and General Counsel to The City of Birmingham Retirement and Relief System ("Birmingham" or the "System"), a Court-appointed Lead Plaintiff in this securities class action (the "Action"), hereby declare under penalty of perjury as follows:

1. I am an Assistant City Attorney and General Counsel for Birmingham. Included in my responsibilities is the oversight and supervision of all major case litigation to which the System is a party. I submit this declaration in support of (a)

1

Lead Plaintiffs' Motion for Final Approval of the Settlement; and (b) Lead Counsel's Motion for an Award of Attorneys' fees and Reimbursement of Litigation Expenses.

2.    I am aware of and understand the requirements and responsibilities of a lead plaintiff in a securities class action as set forth in the Private Securities Litigation Reform Act of 1995.

3.    I have personal knowledge of the matters set forth in this Declaration as I have been directly involved in monitoring and overseeing the prosecution of the Action, and I could and would testify competently thereto.

4.    The City of Birmingham Retirement and Relief System is a public pension system organized for the benefit of approximately 7,300 members that include current and retired employees of civil service employees, elected officials, and appointed employees in the City of Birmingham, Alabama. Birmingham has assets under management of approximately $1 billion. Birmingham purchased Health Insurance Innovations, Inc.'s common stock during the Settlement Class Period and suffered substantial losses as a result. As an institutional investor responsible for investing funds for its participants, Birmingham understands its fiduciary duty to serve in the interest of the Settlement Class and takes very seriously its responsibility to oversee the prosecution of this Action.

5.    By Order dated May 13, 2019 (ECF No. 21), the Court appointed Birmingham as a Lead Plaintiff in the Action. In fulfillment of our responsibilities as a Lead Plaintiff, and on behalf of all members of the Class, I, my predecessor, or others under my supervision, oversaw the prosecution of this Action.

2

6.      Since being appointed as a Lead Plaintiff in May 2019, Birmingham has devoted substantial time and energy in discharging its duties as a Lead Plaintiff. On behalf of Birmingham, I, my predecessor, or members of Birmingham's staff have, among other things: (a) reviewed significant court filings in the Action; (b) received and reviewed regular reports from counsel regarding developments in the Action; (c) participated in telephonic and email communications with Lead Counsel regarding case strategy and developments; (d) gathered and produced relevant documents; (e) prepared for and sat for a deposition in connection with class certification; and (f) consulted with Lead Counsel during the course of their efforts to mediate and negotiate the Settlement, including discussions concerning appropriate amounts to settle the claims asserted in the Action, and conveying appropriate settlement authority to Lead Counsel. No major decisions were made by Lead Counsel in this case without the approval of Birmingham.

7.      Based on the foregoing, Birmingham believes the Settlement represents an excellent recovery for the Settlement Class in the face of substantial litigation risks and uncertainty of recovery. Accordingly, Birmingham strongly recommends approval of the Settlement as fair, reasonable and adequate.

8.      Birmingham takes seriously its role as Lead Plaintiff to ensure that the attorneys' fees are fair, in light of the result achieved for the Class, and reasonably compensate Lead Counsel for the work involved and the substantial risks they undertook in litigating the Action. Birmingham has evaluated Lead Counsel's fee request by considering the work performed and by considering the substantial recovery

3

obtained by the Class.

9.    Birmingham believes that Lead Counsel's application for attorneys' fees of one third of the Settlement Fund, plus interest, and reimbursement of litigation expenses actually incurred, is fair and reasonable in light of the work performed by Lead Counsel on behalf of the Class.

10.    Birmingham is very pleased with the quality of representation provided by Lead Counsel. Throughout the course of this Action, Lead Counsel has advocated zealously on behalf of the Class. We are also mindful that Lead Counsel litigated this Action on a contingency basis, forgoing any payment unless and until a settlement or judgment was obtained.

11.    Birmingham understands that reimbursement of a Lead Plaintiff's reasonable costs and expenses is authorized under Section 21D(a)(4) of the PSLRA, 15 U.S.C. § 78u-4(a)(4). For this reason, Birmingham seeks reimbursement for the costs and expenses that it incurred directly relating to its representation of the Class in the Action.

12.    The time that I and Birmingham's staff devoted to the representation of the Class in this Action was time that otherwise would have been spent on regular duties on behalf of Birmingham and, thus, represents a cost to the System. Birmingham seeks reimbursement in the amount of $7,503.75 for the time devoted to supervising and participating in the Action. This amount is based on the 65.25 hours spent devoted to this matter multiplied by $115 hourly rate, which is commensurate with the regular salary of the Birmingham staff who have devoted time to this case.

4

This amount is conservative in nature and reflects the minimum hourly cost to Birmingham for the services rendered.

13.    For the foregoing reasons, Birmingham respectfully requests that the Court approve in full (a) Lead Plaintiffs' motion for approval of the Settlement; and (b) Lead Counsel's motion for an award of attorneys' fees and reimbursement of litigation expenses, and reimbursement of Birmingham's costs and expenses.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, and that I have authority to execute this Declaration on behalf of The City of Birmingham Retirement and Relief System.

Executed this 15th day of February, 2021.

JAY TURNER
Assistant City Attorney and General
Counsel, The City of Birmingham
Retirement and Relief System

5