# EXHIBIT 4

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

|  |  |
|---|---|
| JULIAN KEIPPEL, Individually and On Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> HEALTH INSURANCE INNOVATIONS, INC. n/k/a BENEFYTT TECHNOLOGIES, INC., GAVIN SOUTHWELL, and MICHAEL D. HERSHBERGER, <br><br> Defendants. | CASE NO. 8:19-CV-00421-WFJ-CPT <br><br> <u>CLASS ACTION</u> |

**DECLARATION OF JODI COX, CEO AND EXECUTIVE DIRECTOR OF OKLAHOMA MUNICIPAL RETIREMENT FUND, IN SUPPORT OF (I) LEAD PLAINTIFFS' MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT, AND (II) LEAD COUNSEL'S MOTION FOR AN AWARD OF ATTORNEYS' FEES AND REIMBURSEMENT OF LITIGATION EXPENSES**

I, Jodi Cox, CEO and Executive Director of Oklahoma Municipal Retirement Fund ("OKMRF" or the "Fund"), a Court-appointed Lead Plaintiff in this securities class action (the "Action"), hereby declare under penalty of perjury as follows:

1. I am CEO and Executive Director of OKMRF. Included in my responsibilities is the oversight and supervision of all major case litigation to which the Fund is a party. I submit this declaration in support of (a) Lead Plaintiffs' Motion for Final Approval of the Settlement; and (b) Lead Counsel's Motion for an Award of

1

Attorneys' fees and Reimbursement of Litigation Expenses.

2.      I am aware of and understand the requirements and responsibilities of a lead plaintiff in a securities class action as set forth in the Private Securities Litigation Reform Act of 1995.

3.      I have personal knowledge of the matters set forth in this Declaration as I have been directly involved in monitoring and overseeing the prosecution of the Action, and I could and would testify competently thereto.

4.      OKMRF is a public pension system, established in 1966 by state statute, organized for the benefit of current and retired employees in the state of Oklahoma. OKMRF's members are comprised of over 200 cities, towns, and municipal agencies in the state of Oklahoma, representing approximately 12,200 active and inactive participants. OKMRF has approximately $900 million in assets under management. OKMRF purchased Health Insurance Innovations, Inc. common stock during the Settlement Class Period and suffered substantial losses as a result. As an institutional investor responsible for investing funds for its participants, OKMRF understands its fiduciary duty to serve in the interest of the Settlement Class and takes very seriously its responsibility to oversee the prosecution of this Action.

5.      By Order dated May 13, 2019 (ECF. No. 21), the Court appointed OKMRF as a Lead Plaintiff in the Action. In fulfillment of our responsibilities as a Lead Plaintiff, and on behalf of all members of the Class, I, or others under my supervision, oversaw the prosecution of this Action.

6.      Since being appointed as a Lead Plaintiff in May 2019, OKMRF has

devoted substantial time and energy in discharging its duties as a Lead Plaintiff. On behalf of OKMRF, I or members of OKMRF's staff, have, among other things: (a) reviewed significant court filings in the Action; (b) received and reviewed regular reports from counsel regarding developments in the Action; (c) participated in telephonic and email communications with Lead Counsel regarding case strategy and developments; (d) gathered and produced relevant documents; (e) prepared for and sat for a deposition in connection with class certification; and (f) consulted with Lead Counsel during the course of their efforts to mediate and negotiate the Settlement, including discussions concerning appropriate amounts to settle the claims asserted in the Action, and conveying appropriate settlement authority to Lead Counsel. No major decisions were made by Lead Counsel in this case without the approval of OKMRF.

7. Based on the foregoing, OKMRF believes the Settlement represents an excellent recovery for the Settlement Class in the face of substantial litigation risks and uncertainty of recovery. Accordingly, OKMRF strongly recommends approval of the Settlement as fair, reasonable and adequate.

8. OKMRF takes seriously its role as Lead Plaintiff to ensure that the attorneys' fees are fair, in light of the result achieved for the Class, and reasonably compensate Lead Counsel for the work involved and the substantial risks they undertook in litigating the Action. OKMRF has evaluated Lead Counsel's fee request by considering the work performed and by considering the substantial recovery obtained by the Class.

9.      OKMRF believes that Lead Counsel's application for attorneys' fees of one-third of the Settlement Fund, plus interest, and reimbursement of litigation expenses actually incurred is fair and reasonable in light of the work performed by Lead Counsel on behalf of the Class.

10.     OKMRF is very pleased with the quality of representation provided by Lead Counsel. Throughout the course of this Action, Lead Counsel has advocated zealously on behalf of the Class. We are also mindful that Lead Counsel litigated this Action on a contingency basis, forgoing any payment unless and until a settlement or judgment was obtained.

11.     OKMRF understands that reimbursement of a Lead Plaintiff's reasonable costs and expenses is authorized under Section 21D(a)(4) of the PSLRA, 15 U.S.C. § 78u-4(a)(4). For this reason, OKMRF seeks reimbursement for the costs and expenses that it incurred directly relating to its representation of the Class in the Action.

12.     The time that I and OKMRF's staff devoted to the representation of the Class in this Action was time that otherwise would have been spent on regular duties on behalf of OKMRF and, thus, represents a cost to the Fund. OKMRF seeks reimbursement in the amount of $7,069.55 for the time devoted to supervising and participating in the Action. This amount is based on the 124.2 hours spent devoted to this matter multiplied by our respective hourly rates, which range from $34.62 to $58.99, and are commensurate with the regular salaries of the OKMRF staff who have devoted time to this case. This amount is conservative in nature and reflects the

4

minimum hourly cost to OKMRF for the services rendered.

13.    In addition, David Davis, outside General Counsel to OKMRF, has entered into a fee sharing agreement with Saxena White, which OKMRF has approved. As part of this agreement, in consideration for his work and counsel in connection with this Action, Mr. Davis's firm would receive 10% of any fee that Saxena White may receive.

14.    For the foregoing reasons, OKMRF respectfully requests that the Court approve in full (a) Lead Plaintiffs' motion for approval of the Settlement; and (b) Lead Counsel's motion for an award of attorneys' fees and reimbursement of litigation expenses, and reimbursement of Birmingham's costs and expenses.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, and that I have authority to execute this Declaration on behalf of OKMRF.

Executed this 12th day of February, 2021.

_____
JODI COX
CEO and Executive Director,
Oklahoma Municipal Retirement
Fund