# EXHIBIT 6

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CITY PENSION FUND FOR FIREFIGHTERS
AND POLICE OFFICERS IN THE CITY OF
MIAMI BEACH, Individually and on Behalf of
All Others Similarly Situated,

                    Plaintiff,

v.

Case No. 08-23317-CIV-LENARD

ARACRUZ CELULOSE S.A., CARLOS
ALBERTO VIEIRA, CARLOS AUGUSTO
LIRA AGUIAR, and ISAC ROFFE ZAGURY,

                    Defendants.

## ORDER AND FINAL JUDGMENT APPROVING SETTLEMENT AND DISMISSING THE ACTION WITH PREJUDICE

THESE MATTERS have come before the Court to determine whether the proposed

Settlement should be finally approved pursuant to the terms set forth in the Stipulation and

Agreement of Settlement and Release, dated January 23, 2013 (the "Stipulation"), relating to this

Action. The Court has considered all papers filed and proceedings had herein and otherwise is

fully informed in the premises, and after holding a Fairness Hearing on July 1, 2013, has

determined that the Settlement set forth in the Stipulation should be approved as fair, reasonable,

and adequate. The Court hereby enters this Order and Final Judgment, which constitutes a final

adjudication of this Action on the merits as to the Defendants. Good cause appearing therefore,

**IT IS HEREBY ORDERED AND ADJUDGED THAT:**

1. The definitions of terms set forth in the Stipulation and in the Preliminary Order

entered by this Court on March 14, 2013 are hereby incorporated as though fully set forth in this

Final Judgment. Any inconsistencies between the terms of the Stipulation and this Final Judgment shall be resolved in favor of the Stipulation.

2. This Court has jurisdiction over the subject matter of the Action, over the Defendants, and over all Class Members, who are defined as all persons or entities who purchased Aracruz Celulose S.A. ("Aracruz" or the "Company") American Depositary Receipts ("ADRs") between April 7, 2008 and October 2, 2008, inclusive (the "Class Period"), and who were damaged thereby (the "Class"). Excluded from the Class are Defendants, members of the immediate family of each of the Individual Defendants, any subsidiary or affiliate of Aracruz and the directors, officers and employees of the Company or its subsidiaries or affiliates, or any entity in which any excluded person has a controlling interest, and the legal representatives, heirs, successors and assigns of any excluded person.

3. With respect to the Class, the Court finds for purposes of the Settlement only that: (a) the members of the Class are so numerous that joinder of all Class Members is impracticable; (b) there are questions of law and fact common to the Class that predominate over any individual questions; (c) the claims Lead Plaintiff asserted against the Defendants are typical of the claims of the Class against the Defendants; (d) Lead Counsel has fairly and adequately represented and protected the interests of the Class Members with respect to their claims against the Defendants; and (e) a class action is superior to other available methods for the fair and efficient adjudication of the claims against the Defendants in the Action, considering: (i) the interests of the Class Members in individually controlling the prosecution of the separate actions; (ii) the extent and nature of any litigation concerning the controversies already commenced by Class Members; (iii) the desirability or undesirability of continuing the litigation of these claims in this particular

2

forum; and (iv) the difficulties likely to be encountered in the management of the Action as a class action.

4. The Notice and Publication Notice were approved by the Court in the Preliminary Order. The notices, among other things, advised the Class Members of their right to appear and express their views on the fairness of the Settlement at the Fairness Hearing before the Court mentioned above. The notices also advised Class Members of their right to exclude themselves from the Class. No person(s) have submitted valid and timely requests for exclusion pursuant to the terms of the Notice.

5. The Court hereby finally approves the Settlement set forth in the Stipulation and finds that the Settlement is, in all respects, fair, reasonable, and adequate to the Class, and within the authority of the Parties. The Court further finds that the Settlement set forth in the Stipulation is the result of arm's-length negotiations between experienced counsel representing the interests of their clients, and that it was negotiated with the assistance of an experienced mediator. The parties are directed to consummate the Settlement in accordance with the terms and provisions of the Stipulation.

6. The Plan of Allocation is approved as fair and reasonable, and Lead Counsel and the Claims Administrator are directed to administer the Plan of Allocation in accordance with the terms and provisions of the Stipulation.

7. The Escrow Agent shall continue to serve as such for the Settlement Fund, until such time as all funds in the Settlement Fund are distributed pursuant to the terms of the Stipulation or further Court Order.

8.     The Amended Class Action Complaint for Violations of the Federal Securities Laws ("Amended Complaint") (Dkt. No. 30) is dismissed with prejudice as to the Defendants, with each party paying his, her or its own costs, except as provided in the Stipulation.

9.     Upon Final Court Approval, the Releasing Parties, whether or not such party executes and delivers a Proof of Claim or otherwise shares in the Settlement Fund, (a) shall be deemed by operation of law to have fully, finally and forever, released, relinquished, waived, dismissed and forever discharged each and every Released Claim against the Released Parties, and (b) shall forever be enjoined from prosecuting, commencing, or instituting, either directly or indirectly, or assisting in the commencement or prosecution of, whether in the United States or elsewhere, any Released Claim against any Released Party.

10.     Pursuant to the Private Securities Litigation Reform Act (PSLRA), as codified at 15 U.S.C. § 78u-4(f)(7)(A), every Person is permanently and forever barred and enjoined from filing, commencing, instituting, prosecuting or maintaining, either directly, indirectly, representatively, or in any other capacity, in this Court, or in any other federal, foreign, state or local court, forum or tribunal, any claim, counterclaim, cross-claim, third-party claim or other actions based upon, relating to, or arising out of the Released Claims and/or the transactions and occurrences referred to in the Complaint, or in any other pleadings filed in the Action (including, without limitation, any claim or action seeking indemnification and/or contribution, however denominated) against any of the Released Parties, whether such claims are legal or equitable, known or unknown, foreseen or unforeseen, matured or unmatured, accrued or unaccrued, or are asserted under federal, foreign, state, local or common law.

11.     Upon Final Court Approval, the Released Parties (a) shall be deemed by operation of law to have fully, finally and forever, released, relinquished, waived, dismissed and forever

4

discharged each and every Released Defendants' Claim against Lead Plaintiff and/or its attorneys, and (b) shall forever be enjoined from prosecuting, commencing, or instituting, either directly or indirectly, or assisting in the commencement or prosecution of, whether in the United States or elsewhere, any Released Defendants' Claim against Lead Plaintiff and/or its attorneys.

12.     The notice given to the Class was the best notice practicable under the circumstances, consisting of individual Notice mailed to all Class Members who could be identified through reasonable efforts and posted on the Settlement website, as well as a Publication Notice to all others. The Notice and Publication Notice provided due and adequate notice of these proceedings and of the matters set forth therein, including the Settlement, to all persons entitled to such notice, and fully satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure and the requirements of due process. The Court hereby finds that all persons and entities who are Class Members were provided a full and fair opportunity to be heard with respect to the foregoing matters. Thus, it is hereby determined that all Class Members who did not timely and properly elect to exclude themselves by written communication postmarked or otherwise delivered on or before the date set forth in the Preliminary Order, the Notice and Publication Notice, are bound by this Judgment.

13.     Neither this Final Judgment, the Stipulation, nor any of its terms and provisions, nor any of the negotiations or proceedings connected with it, nor any of the documents or statements referred to therein shall be:

(a)     offered or received against the Released Parties as evidence of or construed as or deemed to be evidence of any presumption, concession, or admission by any of the Released Parties with respect to the truth of any fact asserted in this Action or the validity of any claim that had been or could have been asserted in this Action or in

any litigation, or the deficiency of any defense that has been or could have been asserted in the Action or in any litigation, or of any liability, negligence, fault, or wrongdoing of the Released Parties;

(b)    offered or received against the Released Parties as evidence of a presumption, concession or admission of any fault, misrepresentation or omission with respect to any statement or written document approved or made by any Released Party, or against any Class Member as evidence of any infirmity in the claims of the Class;

(c)    offered or received against the Released Parties or Releasing Parties as evidence of a presumption, concession or admission with respect to any liability, negligence, fault or wrongdoing, or in any way referred to for any other reason as against any of the parties to the Stipulation, in any other civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; provided, however, that the Released Parties may refer to the Stipulation to effectuate the liability protection granted them thereunder;

(d)    construed against the Released Parties or any Class Member as an admission or concession that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial; or

(e)    construed as or received in evidence as an admission, concession or presumption against any Class Member that any of their claims are without merit or that damages recoverable under the Complaint would not have exceeded the Cash Settlement Amount.

14. Lead Counsel are hereby awarded ___33 ⅓___ % of the Settlement Fund in fees, which sum the Court finds to be fair and reasonable, and $___839,703.18___ in reimbursement of expenses, which shall be paid to Lead Counsel from the Settlement Fund.

15. In making this award of attorneys' fees and expenses to be paid from the Settlement Fund, the Court has considered and found that:

(a) the Settlement has resulted in the creation of the Settlement Fund of $37,500,000 that is already on deposit, and that numerous Class Members who submit valid Proofs of Claim will benefit from the Settlement achieved by Lead Counsel;

(b) 25,292 copies of the Notice were distributed to putative Class Members indicating that Lead Counsel was moving for attorneys' fees in an amount not to exceed 33⅓ percent of the Settlement Fund and for reimbursement of actual expenses, and zero objections were filed against the terms of the proposed Settlement or the ceiling on the fees and expenses to be requested as disclosed in the Notice;

(c) Lead Counsel have conducted the litigation and achieved the Settlement with skill, perseverance and diligent advocacy;

(d) the Action involves complex legal and factual issues and, in the absence of a settlement, would involve further lengthy proceedings with uncertain resolution of these complex issues;

(e) had Lead Counsel not achieved the Settlement, there would remain a significant risk that the Class may have recovered less or nothing from the Defendants; and

(f) the amount of attorneys' fees and expenses reimbursed from the Settlement Fund is fair and reasonable and consistent with awards in similar cases.

16.     The Court hereby awards the Lead Plaintiff reimbursement for its reasonable costs and expenses incurred in representing the Class during the prosecution of this Action in the amount of $ *40,000.00*   , which shall be paid from the Settlement Fund.

17.     This Final Judgment incorporates all terms and provisions of the Stipulation. Without affecting the finality of this Final Judgment in any way, this Court hereby retains exclusive jurisdiction over all matters relating to the administration, consummation and enforcement of the Settlement, including but not limited to the interpretation of the scope of the bar order contained in paragraphs 9 through 10 of this Final Judgment

18.     The Court finds, under Rules 54(a) and 54(b) of the Federal Rules of Civil Procedure, that this Final Judgment constitutes the final adjudication on the merits of the Action as to the Defendants and that there is no just reason for delay of entry of this Final Judgment.

19.     The Court finds that the Amended Complaint and all other pleadings, papers and motions were filed in good faith in accordance with the requirements of Rule 11(b) of the Federal Rules of Civil Procedure and the Private Securities Litigation Reform Act of 1995.

20.     The Court finds that, pursuant to the Class Action Fairness Act of 2005, the Defendants provided timely and adequate notice of this Settlement to the appropriate state and federal officials.

21.     If the Settlement is terminated pursuant to the Stipulation, then this Final Judgment shall be rendered null and void to the extent provided by and in accordance with the Stipulation, and shall be vacated to the extent provided by the Stipulation and, in such event: (a) all Orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Stipulation; (b) the fact of the Settlement shall not be admissible in any trial of this Action and the Plaintiffs and the Defendants shall be deemed to

8

have reverted to their respective statuses in this Action as of November 16, 2012; and (c) any portion of the Settlement Fund previously paid or caused to be paid by Defendants, including, but not limited to, any funds disbursed in payment of litigation expenses and attorneys' fees, together with any interest actually earned or gains thereon, less any amounts for taxes paid or owing with respect to such interest income and/or gains and/or for notification costs and administrative expenses actually incurred and paid or payable, shall be returned by the Escrow Agent and/or Lead Counsel, as applicable, to Defendants within fifteen days after written notification of such event by Defendants, as specified in Paragraph 15 of the Stipulation.

22. Without further order of the Court, the parties to the Stipulation may agree to reasonable extensions of time to carry out any of the provisions of the Stipulation.

23. There is no just reason for delay in the entry of this Final Judgment and immediate entry by the Clerk of the Court is expressly directed.

Dated: *July 17, 2013*
*Miami, Florida*

SO ORDERED:

THE HONORABLE JOAN A. LENARD
UNITED STATES DISTRICT JUDGE