# EXHIBIT 9

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

_____

|  |  |  |
|---|---|---|
|  | : |  |
| IN RE CRYOLIFE, INC. | : | Consolidated |
| SECURITIES LITIGATION | : | CIVIL ACTION NO. |
|  | : | 1:02-CV-1868 BBM |
|  | : |  |

_____

**FINAL JUDGMENT AND**
**ORDER OF DISMISSAL WITH PREJUDICE**

On the 9th day of November, 2005, a hearing having been held before this Court to determine: (1) whether the terms and conditions of the settlement set forth in the Stipulation of Settlement dated August 29, 2005 (the "Stipulation") are fair, reasonable, and adequate for the settlement of all claims asserted by the Class against Defendants in the complaint now pending in this Court under the above caption, including the release of Defendants, and should be approved; (2) whether judgment should be entered dismissing the Consolidated Amended Complaint on the merits and with prejudice in favor of Defendants and as against all persons or entities who are members of the Class herein who have not requested exclusion therefrom; (3) whether to approve the Plan of Allocation as a fair and reasonable method to allocate the settlement proceeds among the members of the Class; and (4) whether and in what amount to award Plaintiffs' Counsel fees and

1

reimbursement of expenses. The Court having considered all matters submitted to it at the hearing and otherwise; and it appearing that a notice of the hearing substantially in the form approved by the Court was mailed to all persons or entities reasonably identifiable, who purchased the common stock of CryoLife, Inc. ("CryoLife") between April 2, 2001 and August 14, 2002, inclusive (the "Class Period"), except those persons or entities excluded from the definition of the Class, as shown by the records of CryoLife's transfer agent, at the respective addresses set forth in such records, and that a summary notice of the hearing substantially in the form approved by the Court was published in the national edition of *Investor's Business Daily* pursuant to the specifications of the Court; and the Court having considered and determined the fairness and reasonableness of the award of attorneys' fees and expenses requested; and all capitalized terms used herein having the meanings as set forth and defined in the Stipulation, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that:

1. This Judgment incorporates by reference the definitions in the Stipulation and all terms used herein shall have the same meanings as set forth in the Stipulation.

2. This Court has jurisdiction over the subject matter of the Litigation and over all parties to the Litigation, including all Class Members.

2

3.      Pursuant to Rule 23 of the Federal Rules of Civil Procedure, this Court hereby approves the Settlement set forth in the Stipulation and finds that the contributions to the Settlement Fund are fair and that said Settlement is, in all respects, fair, reasonable, and adequate to the Class.

4.      Except as to any individual claim of those Persons (identified in Exhibit 1 attached hereto) who have validly and timely requested exclusion from the Class, this Court hereby dismisses with prejudice and without costs (except as otherwise provided in the Stipulation) the Litigation against the Released Parties.

5.      The Court finds that the Stipulation and the Settlement are fair, reasonable, and adequate as to each of the Settling Parties, and that the Stipulation and the Settlement are hereby finally approved in all respects.

6.      As used in this Order and Final Judgment, the terms "Released Claims," "Released Parties," and "Settled Defendants' Claims" shall have the meanings specified below:

(a)     "Released Claims" means any and all claims (including "Unknown Claims" as defined below), debts, demands, rights or causes of action or liabilities whatsoever (including, but not limited to, any claims for damages, interest, attorneys' fees, expert or consulting fees, and any other costs, expenses or liability whatsoever), whether based on federal, state, local, statutory or common

3

law or any other law, rule or regulation, whether fixed or contingent, accrued or unaccrued, liquidated or unliquidated, at law or in equity, matured or unmatured, whether class or individual in nature, including both known claims and unknown claims that relate to the purchase, acquisition, or ownership of the securities of CryoLife during the Class Period and that: (i) have been asserted in the Actions by the Class Members or any of them against any of the Released Parties; or (ii) could have been asserted in any forum by the Class Members or any of them against any of the Released Parties which arise out of, are based upon, or are in any way related to the allegations, transactions, facts, matters or occurrences, representations or omissions involved, set forth, or referred to in the complaints which were filed in each of the Actions or in the Consolidated Amended Complaint.

(b)     "Released Parties" means any and all of the Defendants, their past or present subsidiaries, parents, successors and predecessors, officers, directors, agents, employees, attorneys, advisors, insurers, and investment advisors, auditors, accountants and any person, firm, trust, corporation, officer, director, or other individual or entity in which any Defendant has a controlling interest or which is related to or affiliated with any of the Defendants, and the legal representatives, heirs, successors in interest or assigns of Defendants.

4

(c) "Settled Defendants' Claims" means all claims, demands, losses, rights, and causes of action of any nature whatsoever, that have been or could have been asserted in the Action or any forum by the Released Parties or any of them or the successors and assigns of any of them against any of the Lead Plaintiffs, Class Members or Plaintiffs' Counsel, which arise out of or relate in any way to the institution, prosecution, assertion, settlement, or resolution of the Litigation (except for claims to enforce the Settlement); provided, however, that "Settled Defendants' Claims" shall not include any rights or claims of Defendants against their insurers, or their insurers' subsidiaries, predecessors, successors, assigns, affiliates, or representatives, or any rights or claims of their insurers against Defendants, under or related to any policies of insurance.

(d) "Unknown Claims" means any Released Claim which any Class Member does not know or suspect to exist in such party's favor at the time of the release of the Released Parties which, if known by such party, might have affected such party's settlement with and release of the Released Parties, or might have affected such party's decision not to object to this settlement. With respect to any and all Released Claims, upon the Effective Date, the Class Members shall expressly, and by operation of the Order and Final Judgment shall have expressly

5

waived, the provisions, rights and benefits of California Civil Code §1542, which provides:

> *A general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of executing the release, which if known by him must have materially affected his settlement with the debtor.*

The Class Members by operation of the Order and Final Judgment shall have expressly waived any and all provisions, rights and benefits conferred by any law of any state or territory of the United States, or principle of common law, which is similar, comparable or equivalent to California Civil Code §1542. The Class Members may hereafter discover facts in addition to or different from those which such party now knows or believes to be true with respect to the subject matter of the Released Claims, but the Class Members, upon the Effective Date, by operation of the Order and Final Judgment shall have fully, finally, and forever settled and released any and all Released Claims, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, that now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct that is negligent, reckless, intentional, with or without malice, or a breach

6

of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts.

7. Upon the Effective Date hereof, the Lead Plaintiffs and each of the Class Members shall be deemed to have, and by operation of this Judgment shall have, fully, finally, and forever released, relinquished, and discharged all Released Claims against any and all Released Parties regardless of whether such Class Member executes and delivers a Proof of Claim and Release.

8. Upon the Effective Date hereof, each of the Defendants shall be deemed to have, and by operation of this Judgment shall have, fully, finally, and forever released, relinquished and discharged all Settled Defendants' Claims.

9. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, this Court hereby finally certifies this action as a class action on behalf of all Persons who purchased or otherwise acquired the common stock of CryoLife between April 2, 2001 and August 14, 2002, inclusive. Excluded from the Class is anyone named as a Defendant in this action; members of the immediate family of any such Defendant; any entity in which any such Defendant or family member has or had a controlling interest; the officers and directors of CryoLife, Inc.; or the legal affiliates, representatives, controlling persons, predecessors in interest, heirs, assigns, or any other successors in interest of any such excluded party. Also

7

excluded from the Class are those Persons who timely and validly request exclusion from the Class pursuant to the Notice of Pendency of Class Action and Proposed Settlement, Motion for Attorneys' Fees and Settlement Fairness Hearing (the "Notice") sent to potential Class Members, as listed on Exhibit 1 annexed hereto.

10.    With respect to the Class, this Court, having previously found that this action meets the requirements of Rule 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure for certification as a class action, now finds again and finally confirms that the prerequisites for class action under Federal Rules of Civil Procedure 23(a) and 23(b)(3) have been satisfied in that: (a) the Members of the Class are so numerous that joinder of all Class Members in the Litigation is impracticable; (b) there are questions of law and fact common to the Class which predominate over any individual questions; (c) the claims of the Lead Plaintiffs are typical of the claims of the Class; (d) the Lead Plaintiffs and their counsel have fairly and adequately represented and protected the interests of all of the Class Members; (e) the questions of law and fact common to the members of the Class predominate over any questions affecting only individual members of the Class; and (f) a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

8

11. The notice provided to the Class was the best notice practicable under the circumstances, including the individual notice to all Members of the Class who could be identified through reasonable effort. The form and method of notifying the Class of the pendency of the action as a class action and of the terms and conditions of the proposed Settlement met the requirements of Rule 23 of the Federal Rules of Civil Procedure, Section 21D(a)(7) of the Securities Exchange Act of 1934, 15 U.S.C. 78u-4(a)(7) as amended by the Private Securities Litigation Reform Act of 1995, due process, and any other applicable law, constituted the best notice practicable under the circumstances, and constituted due and sufficient notice to all persons and entities entitled thereto.

12. The Plan of Allocation as set forth in the Notice is approved as fair and reasonable, and Plaintiffs' Co-Lead Counsel and the Claims Administrator are directed to administer the Stipulation in accordance with its terms and provisions.

13. Plaintiffs' Co-Lead Counsel are hereby awarded 30% of the Gross Settlement Fund in fees, which the Court finds to be fair and reasonable, and $553,012.42 in reimbursement of expenses. The attorneys' fees and expenses awarded shall be paid to Plaintiffs' Co-Lead Counsel from the Settlement Fund with interest from the date such Settlement Fund was funded to the date of payment at the same net rate that the Settlement Fund earns. The award of

attorneys' fees shall be allocated among Plaintiffs' Counsel in a fashion which, in the sole discretion of Plaintiffs' Co-Lead Counsel, fairly compensates Plaintiffs' Counsel for their respective contributions in the prosecution of the Litigation.

14. Lead Plaintiffs Peter and Alison Hilbig are hereby awarded $12,993.31, Lead Plaintiff Richard Lippe is hereby awarded $23,650.00 and Lead Plaintiff Stanley R. Levine is hereby awarded $24,500.00. Such awards are for reimbursement of these Lead Plaintiffs' reasonable costs and expenses (including lost wages) directly related to their representation of the Class, § 78u-4(a)(4).

15. In making this award of attorneys' fees and reimbursement of expenses to be paid from the Gross Settlement Fund, the Court has considered and found that:

(a) the settlement has created a fund of $23.25 million in cash and stock, of which $19.5 million in cash is already on deposit and of which $3.75 million in cash or stock will be deposited on or before the Effective Date, plus interest thereon, and that numerous Class Members who submit acceptable Proofs of Claim will benefit from the Settlement created by Plaintiffs' Co-Lead Counsel;

(b) Over 16,000 copies of the Notice were disseminated to putative Class Members indicating that Plaintiffs' Co-Lead Counsel were moving for

10

attorneys' fees in the amount of up to 30% of the Gross Settlement Fund and for reimbursement of expenses in an amount of approximately $600,000 and no objections were filed against the terms of the proposed Settlement or the ceiling on the fees and expenses requested by Plaintiffs' Co-Lead Counsel contained in the Notice;

(c) Plaintiffs' Co-Lead Counsel have conducted the litigation and achieved the Settlement with skill, perseverance and diligent advocacy;

(d) The action involves complex factual and legal issues and was actively prosecuted over 3 years and, in the absence of a settlement, would involve further lengthy proceedings with uncertain resolution of the complex factual and legal issues;

(e) Had Plaintiffs' Co-Lead Counsel not achieved the Settlement there would remain a significant risk that Lead Plaintiffs and the Class may have recovered less or nothing from the Defendants;

(f) Plaintiffs' Co-Lead Counsel have devoted over 16,500.50 hours, with a lodestar value of $6,435,481.65, to achieve the Settlement; and

(g) The amount of attorneys' fees awarded and expenses reimbursed from the Settlement Fund are consistent with awards in similar cases.

16. Neither the Stipulation nor the Settlement:

11

(a)    shall be offered or received against the Defendants as evidence of or construed as or deemed to be evidence of any presumption, concession, or admission by any of the Defendants with respect to the truth of any allegations by any of the Plaintiffs in the Actions, or of any liability, negligence, fault, or wrongdoing of the Defendants;

(b)    shall be offered or received against Defendants as evidence of a presumption, concession or admission of any fault, misrepresentation or omission with respect to any statement or written document approved or made by any Defendant; or

(c)    shall be construed as or received in evidence as an admission, concession or presumption against Plaintiffs or any of the Class Members that any of their claims are without merit, or that any defenses asserted by Defendants have any merit, or that damages recoverable under the complaints would not have exceeded the Gross Settlement Fund.

17.    Except as otherwise provided in Paragraph 4 above, Lead Plaintiffs, each Class Member, and the successors and assigns of any of them are barred and enjoined forever from commencing, instituting, prosecuting or continuing to prosecute any action or other proceeding in any court of law or equity, arbitration

12

tribunal, administrative forum of any kind, asserting against any of the Released Parties, and each of them, any of the Released Claims.

18.     Without affecting the finality of this Judgment in any way, this Court hereby retains continuing jurisdiction over: (a) implementation of this settlement and any award or distribution of the Settlement Fund, including interest earned thereon; (b) disposition of the Settlement Fund; (c) hearing and determining applications for attorneys' fees, costs, interest, and expenses (including fees and costs of experts and/or consultants) in the Litigation; and (d) all parties hereto for the purpose of construing, enforcing, and administering the Stipulation.

19.     In the event that the Settlement does not become effective in accordance with the terms of the Stipulation, then this Judgment shall be rendered null and void to the extent provided by and in accordance with the Stipulation and shall be vacated and, in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Stipulation.

13

20.     There is no just reason for delay in the entry of this Order and Final Judgment and immediate entry by the Clerk of the Court is expressly directed pursuant to Rule 54 (b) of the Federal Rules of Civil Procedure.

IT IS SO ORDERED.


DATED:  November 9, 2005

s/Beverly        B.        Martin
THE HONORABLE BEVERLY M. MARTIN
UNITED STATES DISTRICT JUDGE

14