# EXHIBIT 11

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT INDIANA**
**INDIANAPOLIS DIVISION**

FRANZ SCHLEICHER, et al.,
    Plaintiffs,

          -vs.-                    1:02-cv-1332-JMS-TAB

GARY C. WENDT, WILLIAM J. SHEA,
CHARLES B. CHOKEL and JAMES S.
ADAMS,
      Defendants.


FINAL JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE

This matter came before the Court for hearing pursuant to an Order of this Court, dated October 26, 2010, on the application of the Parties for approval of the Settlement set forth in the Settlement Agreement and Release dated October 12, 2010 (the "Settlement Agreement"), [dkt. 439-1]. Due and adequate notice having been given of the Settlement as required in said Order, and the Court having considered all papers filed and proceedings held herein and otherwise being fully informed in the premises and good cause appearing therefore, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that:

1.      This Judgment incorporates by reference the definitions in the Settlement Agreement, and all terms used herein shall have the same meanings set forth in the Settlement Agreement.

2.      This Court has jurisdiction over the subject matter of the Action and over all Parties to the Action, including all Members of the Class who did not timely file a request for exclusion

from the Class by the January 27, 2011, deadline pursuant to the Court's Order dated October 26, 2010.

3.  The Court reiterates its prior Order of March 20, 2009, certifying this action as a class action and finds that the prerequisites for a class action under Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure have been satisfied in that: (a) the number of Class Members is so numerous that joinder of all members thereof is impracticable; (b) there are questions of law and fact common to the Class; (c) the claims of the Court appointed Class Representatives, Franz Schleicher and Herb Lanese are typical of the claims of the Class they represent; (d) the Class Representatives have and will continue to fairly and adequately represent the interests of the Class; (e) the questions of law and fact common to the members of the Class predominate over any questions affecting only individual members of the Class; and (f) a class action is superior to other available methods for the fair and efficient adjudication of the controversy. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, this Court hereby finally certifies this action as a class action on behalf of all persons or entities who purchased Conseco, Inc. common stock on the open market between April 24, 2001 and August 9, 2002, and were purportedly damaged thereby. Excluded from the Class are Defendants herein, the officers and directors of Conseco, Inc., members of their immediate families, and the heirs, successors or assigns of any of the foregoing. Also excluded from the Class are persons and entities who submitted valid and timely requests for exclusion in accordance with the Notice, who are listed on Schedule 1 hereto.

4.  The distribution of the Notice and the publication of the Summary Notice, as provided for in the Preliminary Approval Order, constituted the best notice practicable under the circumstances, including individual notice to all Members of the Class who could be identified

through reasonable effort. Said notices provided the best notice practicable under the circumstances of those proceedings and of the matters set forth therein, including the proposed Settlement set forth in the Settlement Agreement, to all Persons entitled to such notices, and said notices fully satisfied the requirements of Federal Rule of Civil Procedure 23, Section 21D(a)(7) of the Securities and Exchange Act of 1934, the requirements of Due Process, and any other applicable law.

5.    Pursuant to Rule 23 of the Federal Rules of Civil Procedure, this Court hereby approves the Settlement set forth in the Settlement Agreement and finds that said Settlement the Plan of Allocation are, in all respects, fair, reasonable and adequate to, and are in the best interests of, the Class Representatives, the Class and each of the Class Members. This Court further finds the Settlement set forth in the Settlement Agreement is the result of arm's-length negotiations between experienced counsel representing the interests of the Class Representatives, Class Members and the Defendants. Accordingly, the Settlement embodied in the Settlement Agreement is hereby approved in all respects and shall be consummated in accordance with its terms and provisions. The Parties are hereby directed to perform the terms of the Settlement Agreement.

6.    Except as to any individual claim of those Persons (identified in Exhibit 1 attached hereto), who timely requested exclusion from the Class before the January 27, 2011 deadline, the Action and all claims contained therein, including all of the Released Claims, are dismissed with prejudice as to the Class Representatives and the other Members of the Class, and as against each and all of the Released Persons. The Parties are to bear their own costs, except as otherwise provided in the Settlement Agreement. The excluded persons are no longer considered parties to this action.

7.    Upon the Effective Date, the Class Representatives and each of the Class Members (other than those Persons or entities listed on Schedule 1 who have timely and validly requested

- 3 -

exclusion from the Class) shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished and discharged all Released Claims against the Released Persons, whether or not such Class Member executes and delivers a Proof of Claim and Release form.

8.      Upon the Effective Date hereof, each of the Released Persons shall be deemed to have, and by operation of this Judgment shall have, fully, finally, and forever released, relinquished and discharged the Class Representatives, each and all of the Class Members and Lead Counsel from all claims (including Unknown Claims), arising out of, relating to, or in connection with the institution, prosecution, assertion, settlement or resolution of the Action or the Released Claims.

9.      Any further orders or proceedings solely regarding the Plan of Allocation shall in no way disturb or affect this Judgment and shall be separate and apart from this Judgment.

10.     Neither the Settlement Agreement nor the Settlement contained therein, nor any act performed or document executed pursuant to or in furtherance of the Settlement Agreement or the Settlement: (a) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any Released Claim, or of any wrongdoing or liability of the Defendants; or (b) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of any of the Released Persons in any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal. The Released Persons may file the Settlement Agreement and/or the Judgment in any other action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

- 4 -

11.     Without affecting the finality of this Judgment in any way, this Court hereby retains continuing jurisdiction over: (a) implementation of this Settlement and any award or distribution of the Settlement Fund, including interest earned thereon; (b) disposition of the Settlement Fund; (c) hearing and determining applications for attorneys' fees and expenses in the Action; and (d) all Parties hereto for the purpose of construing, enforcing and administering the Settlement Agreement.

12.     The Court finds that during the course of the Action, the Parties and their respective counsel at all times complied with the requirements of Federal Rule of Civil Procedure 11.

13.     In the event that the Settlement does not become effective in accordance with the terms of the Settlement Agreement or the Effective Date does not occur, or in the event that the Settlement Fund, or any portion thereof, is returned to the Defendants, then this Judgment shall be rendered null and void to the extent provided by and in accordance with the Settlement Agreement and shall be vacated and, in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Settlement Agreement.

14.     The Court has considered Lead Counsel's fee request and the objection thereto. The Court finds the expenses incurred in the amount of $2,027,835.98 to be reasonable, and they shall be reimbursed to Lead Counsel, together with the interest earned thereon for the same time period and at the same rate as that earned on the Settlement Fund until paid. Given that counsel advanced those sums without interest and with material risk of non-repayment, and because calculation of interest over the 8-year period of the litigation as expenses were incurred would be cumbersome, the Court further awards the sum of $100,000 representing the time value and risk associated with the advanced expenses. The Court hereby **GRANTS** Lead Counsel's request for attorney fees, awarding 33 1/3% of the

- 5 -

net Settlement Fund after deduction of expenses, interest, and the Court's time-value award. The Court finds that in the absence of record evidence demonstrating that an award of fees as a percentage of the gross Settlement Fund is what the counsel would receive from a paying client in a similar case, an award of fees as 33 1/3% of the net recovery is fair and reasonable. Said fees shall be allocated among all Plaintiffs' Counsel in a manner which, in Lead Counsel's good-faith judgment, reflects each counsel's contribution to the institution, prosecution and resolution of the Action. The Court finds that the amount of fees awarded is fair and reasonable in light of the time and labor required, the novelty and difficulty of the case, the skill required to prosecute the case, the experience and ability of the attorneys, awards in similar cases, the contingent nature of the representation and the result obtained for the Class.

15. The Court hereby **GRANTS** Class Representatives reimbursement of their reasonable costs and expenses (including lost wages) directly related to his representation of the Class in the amount of $50,000 each for Mr. Lanese and Dr. Schleicher.

16. The awarded attorneys' fees and expenses, and interest earned thereon, shall be paid to Lead Counsel from the Settlement Fund immediately after the date this Order is executed subject to the terms, conditions, and obligations of the Settlement Agreement and in particular ¶6.2 thereof, which terms, conditions, and obligations are incorporated herein.

DATED:  02/17/2011

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

- 6 -

# EXHIBIT 1

## List of Persons and Entities Excluded from the Class in
*Franz Schleicher, et al. v. Gary Wendt, et al.*
Civil Action No. 02 CV 1332 TWP-TAB

The following persons and entities, and only the following persons and entities, properly excluded themselves from the Class by the January 27, 2011 deadline pursuant to the Court's Order dated October 26, 2010:

| IN RESPONSE TO THE NOTICE OF PENDENCY OF CLASS ACTION | |
|---|---|
| Mary Lynn Smith, Trustee | Harold P. Houser |
| James P. Dannemiller | Emilie L. Went by Carol L. Dannemiller, Executor, Estate of Emilie L. Went |
| Carol L. Dannemiller | Carol L. Dannemiller, custodian Rachel Kovach |
| James P. Dannemiller and Carol L. Dannemiller, JTWROS | James P. Dannemiller, Roth Account |
| | |
| | |
| | |
| | |
| | |

- 7 -