**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

| | |
|---|---|
| JULIAN KEIPPEL, Individually and On Behalf of All Others Similarly Situated,<br><br>　　　　　　　Plaintiff,<br><br>v.<br><br>HEALTH INSURANCE INNOVATIONS, INC. n/k/a BENEFYTT TECHNOLOGIES, INC., GAVIN SOUTHWELL, and MICHAEL D. HERSHBERGER,<br><br>　　　　　　　Defendants. | CASE NO. 8:19-CV-00421-WFJ-CPT<br><br><u>CLASS ACTION</u> |

**LEAD PLAINTIFFS' NOTICE OF NON-OBJECTION AND REPLY IN FURTHER SUPPORT OF MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND PLAN OF ALLOCATION AND MOTION FOR AN AWARD OF ATTORNEYS' FEES AND LITIGATION EXPENSES**

**TABLE OF CONTENTS**

I. INTRODUCTION ..................................................................................... 1

II. ARGUMENT ........................................................................................... 2

    A. Lead Plaintiffs Completed the Court-Approved Notice Program ..... 2

    B. The Unanimous Positive Reaction of the Settlement Class to the Settlement, the Plan of Allocation, the Fee Request, and Lead Plaintiffs' Reimbursement Request Supports Final Approval ........... 3

III. CONCLUSION ....................................................................................... 6

# TABLE OF AUTHORITIES

                                                                                                                                 **Page(s)**

**Cases**

*Camden I Condo. Ass'n, Inc. v. Dunkle*,
    946 F.2d 768 (11th Cir. 1991) ...................................................................................5

*Hugo on behalf of BankAtlantic Bancorp, Inc. v. Levan*,
    2011 WL 13173025 (S.D. Fla. July 12, 2011) ............................................................3

*In re Arby's Rest. Grp., Inc. Data Sec. Litig.*,
    2019 WL 2720818 (N.D. Ga. June 6, 2019) ..............................................................5

*In re Bisys Sec. Litig.*,
    2007 WL 2049726 (S.D.N.Y. July 16, 2007) ..............................................................4

*In re Extreme Networks, Inc. Sec. Litig.*,
    2019 WL 3290770 (N.D. Cal. July 22, 2019)..............................................................4

*In re Facebook, Inc. IPO Sec. & Derivative Litig.*,
    343 F. Supp. 3d 394 (S.D.N.Y. 2018)...........................................................................4

*In re Food Serv. Equip. Hardware Antitrust Litig.*,
    2011 WL 13175440 (N.D. Ga. Dec. 28, 2011).............................................................5

*In re Heritage Bond Litig.*,
    2005 WL 1594403 (C.D. Cal. June 10, 2005) .............................................................5

*In re Veeco Instruments Inc. Sec. Litig.*,
    2007 WL 4115809 (S.D.N.Y. Nov. 7, 2007)................................................................4

*Jairam v. Colourpop Cosmetics, LLC*,
    2020 WL 5848620 (S.D. Fla. Oct. 1, 2020).................................................................3

*Pinto v. Princess Cruises Lines, Ltd.*,
    513 F. Supp. 2d 1334 (S.D. Fla. 2007).........................................................................5

*Ressler v. Jacobson*,
  149 F.R.D. 651 (M.D. Fla. 1992) ................................................................................ 3

*Strube v. Am. Equity Inv. Life Ins. Co.*,
  2006 WL 1232816 (M.D. Fla. May 5, 2006) .................................................................. 5

*Thorpe v. Walter Inv. Mgmt. Corp.*,
  2016 WL 10518902 (S.D. Fla. Oct. 17, 2016) ................................................................ 3

*Wal-Mart Stores, Inc. v. Visa U.S.A. Inc.*,
  396 F.3d 96 (2d Cir. 2005) ........................................................................................ 3

Lead Plaintiffs Oklahoma Municipal Retirement Fund and City of Birmingham Retirement and Relief System (together, "Lead Plaintiffs" or "Plaintiffs"), respectfully submit this notice of non-objection and reply in further support of their (i) Motion for Final Approval of Class Action Settlement and Plan of Allocation (ECF No. 105); and (ii) Motion for Attorneys' Fees and Litigation Expenses (ECF No. 106).[1]

## I.   INTRODUCTION

Lead Plaintiffs are pleased to report that after completion of the Court-approved Notice program that reached over 25,500 potential Settlement Class Members and the passage of the March 2, 2021 deadline for filing objections and submissions for requests for exclusion, not a single Settlement Class Member has filed a request for exclusion or objected to any aspect of the Settlement, the Plan of Allocation, Lead Counsel's fee and expense request, or Lead Plaintiffs' reimbursement request.

The absence of any objections and the absence of any requests for exclusion further supports Lead Plaintiffs' conclusion that the proposed Settlement represents an excellent outcome for the Settlement Class. The positive reaction of the Settlement Class—a significant factor in evaluating a proposed settlement—is particularly meaningful here given that over 90% of HIIQ's public float was held by sophisticated institutional investors at the end of the Class Period (ECF No. 71-1 at p. 68)—who possess the resources, financial motivation, and professional acumen to carefully

---

[1] Unless otherwise indicated, all capitalized terms have the same meanings as in the Stipulation and Agreement of Settlement, dated December 2, 2020 (ECF No. 100-2), and the Final Approval Motion and the Attorneys' Fee Motion; all emphasis has been added; and all internal citations and quotation marks have been omitted.

evaluate the proposed Settlement and fee request, and who would have objected if warranted.

Accordingly, Lead Plaintiffs respectfully request that the Court grant final approval of the Settlement, the Plan of Allocation, and Lead Plaintiffs' Motion for Attorneys' Fees and Litigation Expenses.[2]

## II.  ARGUMENT

### A.  Lead Plaintiffs Completed the Court-Approved Notice Program

Lead Plaintiffs fully complied with all aspects of the Court-approved Notice program set forth in the Court's Preliminary Approval Order, pursuant to which the Claims Administrator (i) mailed Notice Packets to potential Settlement Class members; (ii) published the Summary Notice in *Investor's Business Daily* and over *PR Newswire* on January 18, 2021; and (iii) maintained a toll-free telephone hotline and a dedicated website for the Settlement. *See* Dkt. No. 107-2 ¶¶4-16; Exhibit D, Supplemental Epiq Decl. at ¶¶4-8. As of March 12, 2021, a total of 25,531 Notice Packets were sent to potential Settlement Class Members or their nominees. Exhibit D, Supplemental Epiq Decl. at ¶¶4-6. The Notice informed Settlement Class Members of their right to opt-out or object to any aspect of the Settlement, Plan of Allocation, or Lead Counsel's fee request, and that the deadline for doing so was March 2, 2021. Final Approval Memorandum at 21.

---

[2] For the Court's convenience, the proposed (i) Judgment Approving Class Action Settlement and Order of Dismissal With Prejudice; (ii) Order Approving Plan of Allocation of Net Settlement Fund; and (iii) Order Awarding Attorneys' Fees and Litigation Expenses, are attached hereto as Exhibits A, B and C, respectively.

### B. The Unanimous Positive Reaction of the Settlement Class to the Settlement, the Plan of Allocation, the Fee Request, and Lead Plaintiffs' Reimbursement Request Supports Final Approval

Courts in the Eleventh Circuit and nationwide recognize that the reaction from the settlement class is a significant factor in evaluating whether a proposed settlement and attorneys' fee request is fair, adequate and reasonable. *See Ressler v. Jacobson*, 149 F.R.D. 651, 656 (M.D. Fla. 1992) (the positive reaction of class members, and the absence of substantial objections, "is strong evidence of the propriety and acceptability of that request."); *Wal-Mart Stores, Inc. v. Visa U.S.A. Inc.*, 396 F.3d 96, 119 (2d Cir. 2005) ("[T]he favorable reaction of the overwhelming majority of class members to the Settlement is perhaps the most significant factor in our [] inquiry.").

Here, not a single Settlement Class Member has objected to any aspect of the Settlement, the Plan of Allocation, or Lead Counsel's fee and expense request, further evidencing that the Settlement is fair, reasonable, and adequate. *See, e.g., Jairam v. Colourpop Cosmetics, LLC*, 2020 WL 5848620, at *7 (S.D. Fla. Oct. 1, 2020) ("Here, there were no objections filed to the Settlement. This lack of opposition weighs strongly in favor of the Court's approval . . ."); *Thorpe v. Walter Inv. Mgmt. Corp.*, 2016 WL 10518902, at *4 (S.D. Fla. Oct. 17, 2016) ("The overwhelmingly positive reaction of class members to a proposed settlement is a significant factor, and the absence of objections 'is excellent evidence of the settlement's fairness and adequacy.'"); *Hugo on behalf of BankAtlantic Bancorp, Inc. v. Levan*, 2011 WL 13173025, at *11 (S.D. Fla. July 12, 2011) ("A lack of objections 'militates strongly in favor of the Court finding that the proposed settlement should be approved.'").

The reaction of the proposed Settlement Class is even more significant here given that the vast majority of HIIQ's common stock was held by institutional investors—over 90% at the end of the Class Period. ECF No. 71-1 at p. 68 (Expert Report of Chad Coffman). Such institutions typically possess the resources, financial motivation and professional acumen to effectively analyze the merits of a proposed class action settlement and object if they deem the settlement or the attorneys' fee request inadequate, unreasonable, or unfair in any respect. The complete absence of any objection from these sophisticated investors is compelling evidence supporting final approval. *See, e.g., In re Facebook, Inc. IPO Sec. & Derivative Litig.*, 343 F. Supp. 3d 394, 410 (S.D.N.Y. 2018) ("That not one sophisticated institutional investor objected to the Proposed Settlement is indicia of its fairness."); *In re Extreme Networks, Inc. Sec. Litig.*, 2019 WL 3290770, at *9 (N.D. Cal. July 22, 2019) ("Many potential class members are sophisticated institutional investors; the lack of objections from such institutions indicates that the settlement is fair and reasonable"); *In re Bisys Sec. Litig.*, 2007 WL 2049726, at *1 (S.D.N.Y. July 16, 2007) (the lack of objections from institutional investors "who presumably had the means, the motive, and the sophistication to raise objections" weighs in favor of approval).

The lack of objections from Settlement Class Members also supports approval of the Plan of Allocation. *See, e.g., In re Veeco Instruments Inc. Sec. Litig.*, 2007 WL 4115809, at *14 (S.D.N.Y. Nov. 7, 2007) ("not one class member has objected to the Plan of Allocation which was fully explained in the Notice of Settlement sent to all Class Members. This favorable reaction of the Class supports approval of the Plan of

Allocation."); *In re Heritage Bond Litig.*, 2005 WL 1594403, at *11 (C.D. Cal. June 10, 2005) ("The fact that there has been no objection to this plan of allocation favors approval of the Settlement.").

Finally, the unanimous, positive reaction of the Settlement Class should also be considered with respect to Lead Counsel's motion for attorneys' fees and Litigation Expenses. The Eleventh Circuit has held that "whether there are any substantial objections by class members or other parties to the settlement terms or the fees requested by counsel" is a factor that should be considered in determining the award of attorneys' fees. *Camden I Condo. Ass'n, Inc. v. Dunkle*, 946 F.2d 768, 775 (11th Cir. 1991). The lack of any objections is evidence that the requested fee award and expense reimbursements are fair and reasonable. *See In re Arby's Rest. Grp., Inc. Data Sec. Litig.*, 2019 WL 2720818, at *1 (N.D. Ga. June 6, 2019) ("The lack of objection is a strong indicator that both the settlement agreement and Application [for attorneys' fees and expenses] are reasonable and fair."); *In re Food Serv. Equip. Hardware Antitrust Litig.*, 2011 WL 13175440, at *4 (N.D. Ga. Dec. 28, 2011) ("The lack of objections to the attorneys' fee and expense award is evidence that the requested fee is fair."); *Pinto v. Princess Cruises Lines, Ltd.*, 513 F. Supp. 2d 1334, 1343 (S.D. Fla. 2007) ("That this sizeable class did not give rise to a single objection on the fees request further justifies the full award."); *Strube v. Am. Equity Inv. Life Ins. Co.*, 2006 WL 1232816, at *4 (M.D. Fla. May 5, 2006) ("The lack of objections to a proposed fee award is itself important evidence that the fee arrangement is reasonable.").

Finally, no objections have been received regarding the requests of Lead

Plaintiffs City of Birmingham Retirement and Relief System and Oklahoma Municipal Retirement Fund for reimbursement of $7,503.75 and $7,069.55, respectively, pursuant to the PSLRA for time and expenses relating to their participation and supervision of the Action (see Fee Memorandum at 23-24). As discussed above, this lack of objections is further evidence that the reimbursement request is fair and reasonable.

In sum, the overwhelming support of the Settlement Class weighs heavily in favor of final approval of the Settlement, the Plan of Allocation, the fee and expense request, and Lead Plaintiffs' reimbursement request.

## III. CONCLUSION

The $11 million Settlement is an exceptional recovery for the Settlement Class under any measure, and the absence of any objections or requests for exclusion by Settlement Class members provides strong evidence supporting final approval of the proposed Settlement, Plan of Allocation and requests for fees and reimbursement of expenses. Accordingly, Lead Plaintiffs respectfully request that the Court (i) grant final approval of the Settlement as fair, adequate and reasonable; (ii) grant final approval of the proposed Plan of Allocation; and (iii) approve Lead Counsel's request for attorneys' fees of one-third of the Settlement Fund, reimbursement of Litigation Expenses, and Lead Plaintiffs' request for PSLRA reimbursements.

Dated: March 16, 2021

Respectfully submitted,

**SAXENA WHITE P.A.**

*/s/ Brandon T. Grzandziel*
Maya Saxena (Fla. Bar 35494)
Joseph E. White, III (Fla. Bar 621064)
Brandon T. Grzandziel (Fla. Bar 58732)
Adam Warden (Fla. Bar 873691)
7777 Glades Road, Suite 300
Boca Raton, FL 33434
Telephone: (561) 394-3399
Facsimile: (561) 394-3382
msaxena@saxenawhite.com
jwhite@saxenawhite.com
brandon@saxenawhite.com
awarden@saxenawhite.com

Steven B. Singer (*pro hac vice*)
10 Bank Street
8th Floor
White Plains, NY 10606
Telephone: (914) 437-8551
Facsimile: (888) 631-3611
ssinger@saxenawhite.com

*Lead Counsel for Lead Plaintiffs and the Class*

**ABRAHAM, FRUCHTER AND TWERSKY, LLP**

Mitchell M.Z. Twersky (*pro hac vice*)
One Penn Plaza, Suite 2805
New York, NY 10119
Tel: (212) 279-5050
Fax: (212) 279-3655
mtwersky@aftlaw.com

*Additional Counsel*

7

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on March 16, 2021, a copy of the foregoing was filed with the Clerk of the Court using the CM/ECF electronic notification system, which will send a notice of electronic filing to all parties of record.

*/s/ Brandon T. Grzandziel*
Brandon T. Grzandziel
