# EXHIBIT A

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| JULIAN KEIPPEL, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>HEALTH INSURANCE INNOVATIONS, INC. n/k/a BENEFYTT TECHNOLOGIES, INC., GAVIN SOUTHWELL, and MICHAEL D. HERSHBERGER,<br><br>Defendants. | CASE NO. 8:19-CV-00421-WFJ-CPT<br><br>CLASS ACTION |

**[PROPOSED] JUDGMENT APPROVING CLASS ACTION SETTLEMENT AND ORDER OF DISMISSAL WITH PREJUDICE**

WHEREAS, a putative class action is pending in this Court entitled *Julian Keippel v. Health Insurance Innovations, Inc., et al.*, Case No. 8:19-cv-00421-WFJ-CPT (the "Action");

WHEREAS, (a) Oklahoma Municipal Retirement Fund and City of Birmingham Retirement and Relief System (collectively, "Lead Plaintiffs"), and (b) defendants Health Insurance Innovations, Inc., n/k/a Benefytt Technologies, Inc. ("HIIQ" or the "Company"), Gavin Southwell, and Michael Hershberger (the "Individual Defendants," and together with HIIQ, "Defendants"), have entered into a Stipulation and Agreement of Settlement dated December 2, 2020 (the

1

"Stipulation"), that provides for a complete dismissal with prejudice of the claims asserted against Defendants in the Action on the terms and conditions set forth in the Stipulation, subject to the approval of this Court (the "Settlement");

WHEREAS, unless otherwise defined in this Judgment, the capitalized terms herein shall have the same meaning as they have in the Stipulation, and they are incorporated herein by reference;

WHEREAS, by Order dated December 3, 2020 (the "Preliminary Approval Order"), this Court: (a) preliminarily approved the Settlement; (b) ordered that notice of the proposed Settlement be provided to potential Class Members and Settlement Class Members; (c) provided Class Members and Settlement Class Members with the opportunity either to exclude themselves or to object to the proposed Settlement; and (d) scheduled a hearing regarding final approval of the Settlement;

WHEREAS, due and adequate notice has been given;

WHEREAS, the Court conducted a hearing on March 23, 2021 (the "Settlement Hearing") to consider, among other things, (a) whether the terms and conditions of the Settlement are fair, reasonable and adequate, and should therefore be approved; and (b) whether a judgment should be entered dismissing the Action with prejudice as against the Defendants; and

WHEREAS, the Court having reviewed and considered the Stipulation, all papers filed and proceedings held herein in connection with the Settlement, all oral and written comments received regarding the Settlement, and the record in the Action, and good cause appearing therefor;

2

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED:**

1.    **Jurisdiction** – The Court has jurisdiction over the subject matter of the Action, and all matters relating to the Settlement, as well as personal jurisdiction over all of the Parties and each of the Class Members and Settlement Class Members.

2.    **Incorporation of Settlement Documents** – This Judgment incorporates and makes a part hereof:  (a) the Stipulation and (b) the Notice and the Summary Notice, both of which were previously filed with the Court.

3.    **Notice** – The Court finds that the dissemination of the Notice and the publication of the Summary Notice:  (a) were implemented in accordance with the Preliminary Approval Order; (b) constituted the best notice practicable under the circumstances; (c) constituted notice that was reasonably calculated, under the circumstances, including individual notice to all Class Members and Settlement Class Members who could be identified through reasonable efforts, to apprise Class Members and Settlement Class Members of (i) the pendency of the Action; (ii) the effect of the proposed Settlement (including the Releases to be provided thereunder); (iii) Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses; (iv) their right to object to any aspect of the Settlement, the Plan of Allocation and/or Lead Counsel's motion for attorneys' fees and reimbursement of Litigation Expenses; (v) their right to exclude themselves from the Class or Settlement Class; and (vi) their right to appear at the Settlement Hearing; (d) constituted due, adequate, and sufficient notice to all persons and entities entitled to receive notice of

3

the proposed Settlement; and (e) satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4, as amended, and all other applicable law and rules.

4.      **Certification of Settlement Class** – Solely for purposes of Settlement and for no other purpose, pursuant to Federal Rule of Civil Procedure 23(a) and (b)(3), the Court hereby grants certification of the Settlement Class consisting of "All Persons or entities that purchased or otherwise acquired HIIQ common stock between September 25, 2017 through April 11, 2019 inclusive." Excluded from the Settlement Class are Defendants, the officers and directors of HIIQ, members of their immediate families and their legal representatives, heirs, agents, affiliates, successors or assigns, Defendants' liability insurance carriers, and any affiliates or subsidiaries thereof, and any entity in which Defendants or their immediate families have or had a controlling interest. The reasons for such certification are further set forth in the Court's prior Preliminary Approval Order that preliminarily certified this Settlement Class, none of which reasons have been undermined by anything the Court has heard since.  Solely for purposes of the Settlement and for no other purpose, the Court also certifies Lead Plaintiffs Oklahoma Municipal Retirement Fund and City of Birmingham Retirement and Relief System as Settlement Class Representatives for the Settlement Class, and appoints Saxena White P.A. as Lead Counsel for the Settlement Class.

5.      **Final Settlement Approval and Dismissal of Claims** – Pursuant to, and in accordance with, Rule 23 of the Federal Rules of Civil Procedure, this Court hereby

4

fully and finally approves the Settlement set forth in the Stipulation in all respects (including, without limitation: the amount of the Settlement; the Releases provided for therein; and the dismissal with prejudice of the claims asserted against Defendants in the Action), and finds that the Settlement is, in all respects, fair, reasonable and adequate to the Class and Settlement Class. The Parties are directed to implement, perform and consummate the Settlement in accordance with the terms and provisions contained in the Stipulation.

6.     The Action and all of the claims asserted against Defendants in the Action are hereby dismissed with prejudice. The Parties shall bear their own costs and expenses, except as otherwise expressly provided for in the Stipulation.

7.     **Binding Effect** – The terms of the Stipulation and of this Judgment shall be forever binding on Defendants, Lead Plaintiffs and all other Class Members and Settlement Class Members (regardless of whether or not any individual Class Member or Settlement Class Member submits a Claim Form or seeks or obtains a distribution from the Net Settlement Fund), as well as their respective successors, assigns, heirs, predecessors, executors, administrators, representatives, attorneys, and agents.

8.     **Releases** – The Releases set forth in paragraphs 4-7 of the Stipulation, together with the definitions contained in paragraph 1 of the Stipulation relating thereto, are expressly incorporated herein in all respects. The Releases are effective as of the Effective Date. Accordingly, this Court orders that:

(a)     Without further action by anyone, and subject to paragraph 10 below, upon the Effective Date of the Settlement, Lead Plaintiffs and each of the other

Class Members and Settlement Class Members, on behalf of themselves, and their respective heirs, executors, administrators, predecessors, successors, assigns, assignees, employees, associates, insurers, co-insurers, reinsurers, spouses, trustees, general or limited partners or partnerships, limited liability companies, members, stockholders, underwriters, personal or legal advisors or representatives, estates, or other individuals or entities in which they have a controlling interest or which is related to or affiliated with them, any members of their immediate families, or any trusts for which any of them are trustees, settlors, or beneficiaries, and the predecessors, successors, administrators and assigns of each of the foregoing, in their capacities as such, and anyone claiming through or on behalf of any of them, regardless of whether they execute and deliver a Proof of Claim and Release and regardless of whether they share in the Settlement Fund, shall be deemed to have, and by operation of the Stipulation, of law, and of this Judgment shall have, fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, dismissed and discharged each and every Released Plaintiffs' Claim against the Defendants' Releasees, and covenant not to commence, institute, intervene in, participate in, or prosecute, and shall forever be barred and enjoined from commencing, instituting, intervening in or participating in, or prosecuting, any or all of the Released Plaintiffs' Claims against any of the Defendants' Releasees in any court of law or equity, arbitration tribunal, administrative forum, or other forum of any kind or character, whether brought directly, in a representative capacity, derivatively, or in any other capacity.

6

(b)     Without further action by anyone, and subject to paragraph 9 below, upon the Effective Date of the Settlement, Defendants, on behalf of themselves, and their respective heirs, executors, administrators, predecessors, successors, and assigns, in their capacities as such, shall be deemed to have, and by operation of the Stipulation, of law, and of the Judgment shall have, fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, and discharged each and every Released Defendants' Claim against the Plaintiffs' Releasees, and shall forever be barred and enjoined from prosecuting any or all of the Released Defendants' Claims against any of the Plaintiffs' Releasees.

9.     Upon the Effective Date, the Stipulation shall operate conclusively as an estoppel, res judicata, bar, and full defense, or any other theory of claim preclusion or issue preclusion or similar defense, argument, or counterclaim in the event, and to the extent, of any claim, demand, action, or proceeding brought by a Lead Plaintiff, Class Member or Settlement Class Member against any of the Defendants' Releasees with respect to any Released Plaintiffs' Claims, or brought by a Defendant against any of the Plaintiffs' Releasees with respect to any Released Defendants' Claims.

10.     Notwithstanding paragraphs 8(a) through 8(b) and 9 above, nothing in this Judgment shall bar any action by any of the Parties to enforce or effectuate the terms of the Stipulation or this Judgment.

11.     **Bar Order** – Upon the Effective Date, all claims, future claims, and claims over by any individual or entity against any of the Defendants' Releasees, and by the Defendants' Releasees against any individual or entity, for (a) contribution or

7

indemnity, however denominated, whether as a claim, cross-claim, counterclaim, third-party claim, or otherwise, on whatsoever theory, based upon, arising out of, or related to the claims or allegations asserted by Plaintiffs in the Action, or (b) any other claim of any type, whether arising under state, federal, common or foreign law, for which the injury claimed is that person's or entity's actual or threatened liability to Plaintiffs and/or members of the Class or Settlement Class, whether asserted in the Action or any other proceeding, in this Court, in any federal or state court, or in any other court, arbitration proceeding, administrative agency, or other forum in the United States or elsewhere, are permanently barred, enjoined, restrained, extinguished, and discharged to the fullest extent permitted by law (the "Bar Order"); *provided, however,* that the Bar Order shall not preclude the Defendants from seeking to enforce any rights or claims they may have under their applicable insurance policies or any right of indemnification or contribution that the Individual Defendants may have under contract or based on the charter and by-laws of HIIQ or their agreements with HIIQ. Moreover, nothing in this Bar Order shall be construed to impair, negate, diminish, or adversely affect any rights of Defendants' Releasees or their successors or assigns under or with respect to any insurance policies, including, but without limitation, any rights to seek to recover or to recover insurance proceeds or payments under any insurance policies with respect to amounts paid pursuant to the Settlement or incurred in connection with the Action, or any other actual or alleged loss or liability, and Defendants' Releasees expressly reserve all rights, claims, positions, arguments,

8

contentions, and defenses with respect to such matters. This Bar Order shall be interpreted and applied as the broadest permitted under the PSLRA and common law.

12. **<u>Judgment Reduction</u>** – Any final verdict or judgment that may be obtained against any individual or entity subject to the Bar Order shall be reduced by the greater of: (a) an amount that corresponds to the percentage of responsibility of the Defendants for common damages; or (b) the amount paid by or on behalf of the Defendants to the Class or Settlement Class, or a Class Member or Settlement Class Member for common damages.

13. **<u>Rule 11 Findings</u>** – The Court finds and concludes that the Parties and their respective counsel have complied in all respects with the requirements of Rule 11 of the Federal Rules of Civil Procedure in connection with the institution, prosecution, defense, and settlement of the Action.

14. **<u>No Admissions</u>** – Neither this Judgment, nor the Stipulation (whether or not consummated), including the exhibits thereto and the Plan of Allocation contained therein (or any other plan of allocation that may be approved by the Court), the Supplemental Agreement, the negotiations leading to the execution of the Stipulation, nor any proceedings taken pursuant to or in connection with the Stipulation and/or the Settlement (including any arguments proffered in connection therewith):

(a) shall be offered or received against any of the Defendants' Releasees as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Defendants' Releasees with respect to the truth of any fact alleged by Lead Plaintiffs or the validity of any claim or

9

alleged damages that were or could have been asserted or the deficiency of any defense that has been or could have been asserted in this Action or in any other litigation, or of any liability, negligence, fault, or other wrongdoing of any kind of any of the Defendants' Releasees or in any way used or referred to for any other reason as against any of the Defendants' Releasees, in any civil, criminal or administrative action or proceeding (including any arbitration), other than such proceedings as may be necessary to effectuate the provisions of the Stipulation;

(b)     shall be offered against any of the Plaintiffs' Releasees, as evidence of, or construed as, or deemed to be evidence of any presumption, concession or admission by any of the Plaintiffs' Releasees that any of their claims are without merit, that any of the Defendants' Releasees had meritorious defenses, or that damages recoverable under the Complaint would not have exceeded the Settlement Amount or with respect to any liability, negligence, fault or wrongdoing of any kind, or in any way referred to for any other reason as against any of the Plaintiffs' Releasees, in any civil, criminal or administrative action or proceeding (including any arbitration), other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; or

(c)     shall be construed against any of the Releasees as an admission, concession, or presumption that the consideration to be given under the Settlement represents the amount which could be or would have been recovered after trial; provided, however, that the Parties and the Releasees and their respective counsel may refer to this Judgment and the Stipulation to effectuate the protections from liability

granted hereunder and thereunder or otherwise to enforce the terms of the Settlement, and Defendants and/or the Defendants' Releasees may file the Stipulation and/or the Judgment in any action that might be brought against them to support a defense, claim, or counterclaim based on principles of res judicata, collateral estoppel, release and discharge, good faith settlement, judgment bar or other bar or reduction, and any other theory of claim preclusion or issue preclusion or similar defense, claim, argument, or counterclaim.

15.    **Retention of Jurisdiction** – Without affecting the finality of this Judgment in any way, this Court retains continuing and exclusive jurisdiction over: (a) the Parties for purposes of the administration, interpretation, implementation and enforcement of the Settlement; (b) the disposition of the Settlement Fund; (c) any motion for an award of attorneys' fees and/or Litigation Expenses by Lead Counsel in the Action that will be paid from the Settlement Fund; (d) any motion to approve the Plan of Allocation (or any other plan of allocation relating to the Action); (e) any motion to approve the Class Distribution Order; and (f) the Class Members and Settlement Class Members for all matters relating to the Action.

16.    Separate orders shall be entered regarding approval of a plan of allocation and the motion of Lead Counsel for an award of attorneys' fees and reimbursement of Litigation Expenses.  Such orders shall in no way affect or delay the finality of this Judgment and shall not affect or delay the Effective Date of the Settlement.

17.    **Modification of the Agreement of Settlement** – Without further approval from the Court, the Parties are hereby authorized to agree to and adopt such

11

amendments or modifications of the Stipulation or any exhibits attached thereto to effectuate the Settlement that are approved of in writing by all the Parties acting by and through their respective counsel of record in the Action so long as they: (a) are not materially inconsistent with this Judgment; and (b) do not materially limit the rights of Class Members or Settlement Class Members in connection with the Settlement. Without further order of the Court, Lead Plaintiffs and Defendants may agree to reasonable extensions of time to carry out any provisions of the Settlement.

18.    **Termination of Settlement** – If the Settlement is terminated as provided in the Stipulation or the Effective Date of the Settlement otherwise fails to occur, this Judgment shall be vacated, rendered null and void and be of no further force and effect, except as otherwise provided by the Stipulation, and this Judgment shall be without prejudice to the rights of Lead Plaintiffs, the other Class Members or Settlement Class Members, and Defendants, and the Parties shall revert to their respective positions in the Action as of December 1, 2020, as provided in the Stipulation.

19.    **Entry of Final Judgment** – There is no just reason to delay the entry of this Judgment as a final judgment in this Action.  Accordingly, the Clerk of the Court is expressly directed to immediately enter this final judgment dismissing this Action with prejudice.

SO ORDERED this _____ day of _____, 2021.

_____
The Honorable William F. Jung
United States District Judge

12