UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION


JULIAN KEIPPEL, ET AL.,        )
                               )   8:19-cv-421-WFJ-CPT
          PLAINTIFFS,          )   Tampa
                               )   March 23, 2021
          v.                   )   9:30 a.m.
                               )
HEALTH INSURANCE               )
INNOVATIONS, INC., ET AL.,     )
                               )
          DEFENDANTS.          )


TRANSCRIPT OF TELEPHONIC MOTION HEARING
BEFORE THE HONORABLE WILLIAM F. JUNG
UNITED STATES DISTRICT JUDGE


Court Reporter:          Tracey Aurelio, CRR, RMR, RDR
                         Federal Official Court Reporter
                         801 N. Florida Avenue, 15th Floor
                         Tampa, Florida 33602
                         (813) 301-5448

Proceedings recorded by mechanical stenography,
transcript produced by computer.

APPEARANCES:

For the Plaintiffs Oklahoma Municipal Retirement Fund and City of Birmingham Retirement and Relief System:
          MR. BRANDON THOMAS GRZANDZIEL
          MR. ADAM DAVID WARDEN
          Saxena White, PA
          7777 Glades Road, Suite 300
          Boca Raton, FL 33434

          MR. TODD KAMMERMAN
          Abraham Fruchter & Twersky
          One Pennsylvania Plaza
          Suite 2805
          New York, NY 10119

For the Defendants:
          MR. MICHAEL P. MATTHEWS
          Foley & Lardner, LLP
          100 North Tampa Street, Suite 2700
          Tampa, FL 33602

          MS. CHRISTINA MARIE KENNEDY
          Foley & Lardner, LLP
          111 North Orange Avenue, Suite 1800
          Orlando, FL 32801

---

(Proceedings commenced at 9:30 a.m.)

THE COURT:  Good morning.  This is Judge Jung on 19-cv-421, Keippel v. Health Insurance Innovations.

May I have appearances first for the plaintiff and then for the defendant.

MR. GRZANDZIEL:  Good morning, Your Honor.  This is Brandon Gzandziel from Saxena White on behalf of the plaintiffs in the class.  With me I have my colleague, Adam Warden, and Todd Kammerman of the Abraham Fruchter & Twersky firm.

THE COURT:  All right.  Thank you.

MR. MATTHEWS:  Good morning, Your Honor.  This is Michael Matthews.  And I have my colleague, Christina Kennedy, of Foley & Lardner with me for defendants Health Insurance Innovations, Inc., now known as Benefytt Technologies, Inc., Gavin Southwell, and Michael Hershberger.

THE COURT:  Well, thank you.

I have reviewed the motion for final settlement and motion for fees and the dec of Mr. Grzandziel and the most recent memo filed which had the declaration of -- I believe his name was Broker.  I'll call him the consultant that was helping get things done.  So it looks like y'all have been working very hard and we have good news here on this matter, at least it looks to me.

So let me ask Mr. Grzandziel, you are speaking for the plaintiffs?

MR. GRZANDZIEL:  Yes.  That's correct, Your Honor.

THE COURT:  All right.  So my reading of the documents are that we have no objectors.  That time has come and went.  We haven't heard from any objector.  We, meaning you all, have provided thorough and appropriate notice as promised in the preliminary motion.  And we have also no, I will call them opt-outers, persons who have opted out of the class.  And you have, through your forensic skills and cooperation with the defendants, have -- it's not consented -- an unobjected to omnibus settlement here.  Is that all correct?

MR. GRZANDZIEL:  Yes, Your Honor, that's correct. The deadline for requests for exclusion and objections have come and gone.  Since then and since we submitted those papers, we have not received any objections to the settlement, to the point of allocation or the request for attorneys' fees. And that is, as Your Honor pointed out, after we sent the Court-approved notice to over 25,500 potential class members. So there have been no objections and there have been no requests for exclusion from this settlement.

THE COURT:  All right then.  I'm certainly in many ways aware of the *Johnson v. Georgia Highway* factors on the attorneys' fees which have guided us in the Eleventh Circuit.

And the convenient thing there is they are also very, very congruent with the Florida Bar regs.  And it seems to me that your request along those lines for fees is well within the sort of mainstream of these cases.

Well, let me, if I can -- so for your piece, Mr. Grzandziel, assuming that as I'm inclined to do the Court approves this settlement, there are no loose ends and we have wrapped the entire matter up; is that correct?

MR. GRZANDZIEL:  That's correct, Your Honor.  The settlement is a global settlement of all claims in this action, and there will be no loose ends.

THE COURT:  Go ahead.

MR. GRZANDZIEL:  The only matters that will be left would be for the class members to submit their claims and for the claims administrator to eventually mail out the payments to the class members.

THE COURT:  I hear ya.

Well, let me ask Mr. Matthews.  Mr. Matthews, your side also appears to have been quite diligent in making this matter appropriate for both sides.  Are there any, as far as you're concerned for the defense, are there any loose ends or problems that you see with me approving and granting Document 105, which is the motion for final settlement allocation, and fees which is 106?

MR. MATTHEWS:  Your Honor, this is Michael Matthews.

Thank you.  No, nothing further from the defendants.

THE COURT:  All right.  Well, without further ado, is there anyone else that wants to be heard on this matter?  We noticed this well in advance.  And if anybody is on the call now and wishes to be heard, I will hear them at this time.

All right.  And I hear -- we are doing the equivalent as in the old days we would sound the hall.  So we are sounding the electronic hall, and I hear no one in the hall wishing to address the Court.  So I'm going to go ahead then. My hat is off to both of you, tip of the cap for all of this hard work.  I will ask my senior most staff lawyer to make sure we do this correctly because she has -- she worked for Judge Lazzara before me.  So she has got quite a bit of experience in the mechanics.  And we will grant and enter Documents 105 and 106, motion for settlement and final approval of class action and plan allocation, and 106, the motion for fees and -- attorneys' fees and litigation expenses by City of Birmingham Retirement and the Oklahoma Municipal Retirement Fund.

Anything else, Mr. Grzandziel, from your end?

MR. GRZANDZIEL:  No, Your Honor.  Nothing from our end, and we appreciate the Court's time and the attention that you gave to this matter.

THE COURT:  Mr. Matthews, anything from your end?

MR. MATTHEWS:  No, nothing further.  And we also

thank the Court.  Thank you, Your Honor.

THE COURT:  Well, I wish I could clone you all and have you power sweep into every class action that I have here. This was a pleasure to work with everyone.  And you don't always have a win-win in litigation, but we may have one in this case.

Hearing nothing else, we will terminate the hearing at this time.  Thank you very much, counsel.

(Proceedings concluded at 9:37 a.m.)

UNITED STATES DISTRICT COURT    )
                                )
MIDDLE DISTRICT OF FLORIDA       )


### REPORTER TRANSCRIPT CERTIFICATE

I, Tracey Aurelio, Official Court Reporter for the United States District Court, Middle District of Florida, certify, pursuant to *Section 753, Title 28, United States Code*, that the foregoing is a true and correct transcription of the stenographic notes taken by the undersigned in the above-entitled matter (Pages 1 through 8 inclusive) and that the transcript page format is in conformance with the regulations of the Judicial Conference of the United States of America.

/s   *Tracey Aurelio*
_____
Tracey Aurelio, RMR, RDR, CRR
Official Court Reporter
United States District Court
Middle District of Florida
Tampa Division
Date:  March 30, 2021