**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

|  |  |
|---|---|
| JULIAN KEIPPEL, Individually and On Behalf of All Others Similarly Situated, | CASE NO. 8:19-CV-00421-WFJ-CPT |
| Plaintiff, | CLASS ACTION |
| v. | |
| HEALTH INSURANCE INNOVATIONS, INC. n/k/a BENEFYTT TECHNOLOGIES, INC., GAVIN SOUTHWELL, and MICHAEL D. HERSHBERGER, | |
| Defendants. | |

**LEAD PLAINTIFFS' UNOPPOSED MOTION**
**FOR AN ORDER DIRECTING *CY PRES* DISTRIBUTION**
**OF RESIDUAL SETTLEMENT FUNDS**

**I.      INTRODUCTION**

This memorandum is submitted in support of Lead Plaintiffs' unopposed motion for an order authorizing and directing the contribution of the remaining balance of the Net Settlement Fund in this class action to the Institute for Law & Economic Policy ("ILEP"). A balance of $794.04 remains in the Net Settlement Fund, which is unclaimed following a full distribution to the Authorized Claimants as a result of uncashed and voided checks. Further distribution would not be cost-

1

effective or efficient.    For the reasons set forth below, Lead Plaintiffs' motion should be granted.

## II.    FACTUAL BACKGROUND

Lead Plaintiffs in the above-captioned action reached a settlement of all Settlement Class claims against Defendants for a cash payment of $11 million for the benefit of the Settlement Class.    The Court granted final approval of the terms of the Settlement on March 23, 2021 (ECF No. 111) and entered its Order Approving Plan of Allocation of Net Settlement Fund the same day.    ECF No. 110.    After issuing Notice to the Class and submission of Proofs of Claim, the Net Settlement Fund was distributed to members of the Class pursuant to an order of the Court dated March 23, 2022 ("Distribution Order").    ECF No. 118.

The Distribution Order provides that, "At such time as Lead Counsel, in consultation with Epiq, determine that a further re-distribution of the funds remaining in the Net Settlement Fund is not cost-effective, the remaining balance of the Net Settlement Fund, after payment of any unpaid fees or expenses incurred in connection with administering the Net Settlement Fund, and after the payment of any estimated taxes, the costs of preparing appropriate tax returns, and any escrow fees, shall be contributed to a secular, non-profit 501(c)(3) charitable organization(s), to be recommended by Lead Counsel and subject to the review and approval of the Court." *Id.*, ¶7(b).

The distribution of the Net Settlement Fund was overseen by Epiq Class Action & Claims Solutions, Inc. ("Epiq").    Declaration of Jordan Broker ("Broker Decl.,"

2

attached hereto as Ex. A), ¶2.    During the administration process, Epiq monitored returned checks, processed and responded to inquiries received from claimants through correspondence, and processed requests for the reissuance of checks.  ¶5. Following these efforts, a balance of $794.04 remains in the Net Settlement Fund account maintained for the Class.  ¶6.

For the reasons below, and pursuant to Paragraph 7 of the Court's Distribution Order, Lead Counsel respectfully requests that the Court issue an order authorizing and directing a *cy pres* distribution of the remaining balance of the Net Settlement Fund in this class action, $794.04, to ILEP.  A *cy pres* distribution to this charitable organization is appropriate here given the inefficiency of further distribution and the role of ILEP in protecting investors.

Further, Counsel for Lead Plaintiffs has conferred with counsel for Defendants, and Defendants have taken no position on the relief sought herein.

### III.    ARGUMENT

*Cy pres* is a procedural mechanism used in class actions if the administrability (or, in this case, further distribution) of settlement funds is infeasible.  *See In re Citigroup Inc. Sec. Litig.*, 199 F. Supp. 3d 845, 848 (S.D.N.Y. 2016) ("[C]y pres designations should be made only when it is 'not feasible to make further distributions to class members'" (internal citations omitted) (quoting *In re BankAmerica Corp. Sec. Litig.*, 775 F.3d 1060, 1064 (8th Cir. 2015))); *see also Masters v. Wilhelmina Model Agency, Inc.*, 473 F.3d 423, 436 (2d Cir. 2007) (noting that *cy pres* should be used in circumstances in which a distribution is not economically feasible "or because each class member's

recovery would be so small as to make an individual distribution economically impracticable"); Newberg on Class Actions § 12:32 (5th ed. 2014) ("Courts in every circuit, and appellate courts in most, have approved the use of *cy pres* for unclaimed class action awards.").

Cy pres has been applied by this District to allow remaining funds to be used for a purpose consistent with the goals of the underlying litigation. *Esposito v. I.Q Data Int'l, Inc.,* No: 2:18-cv-437-JES-NPM, 2021 WL 1561479, at *1 (M.D. Fla. April 21, 2021) (approving selected *cy pres* recipients and stating, "*Cy pres* distribution is a common and proper method of distributing unclaimed settlement funds, subject to court approval of the particular application of the funds."). Courts employing *cy pres* distribution have been inclined to distribute such unclaimed settlement funds to "worthy charities, especially to charities whose purposes harmonize with the underlying lawsuit." *In re Checking Account Overdraft Litig.,* 830 F. Supp. 2d 1330, 1354 (S.D. Fla. 2011).

As explained below, the Net Settlement Fund satisfies the requirements of the *cy pres* doctrine due to the administrative burden and inefficiency that would result from further distribution of the remaining funds, as well as the benefit *cy pres* provides for the Class. As such, the Court should approve distribution of the remaining funds to ILEP.

### A.  Further Distribution Of The Residual Net Settlement Fund Is Not Economically Viable

Administration of residual net settlement funds is infeasible if the claim amounts are too small to make distribution economically viable.  *See In re Checking Account Overdraft Litig.,* 830 F. Supp. 2d at 1354 (approving *cy pres* and noting, "The American Law Institute recommends *cy pres* distributions "only when direct distributions to class members are not feasible—either because class members cannot be reasonably identified or because distribution would involve such small amounts that, because of the administrative costs involved, such distribution would not be economically viable") (quoting American Law Institute, *Principles of the Law: Aggregate Litigation* § 3.07, cmt. b (2010)).   In the instant matter, it is clear, and precedent in this District supports, that a *cy pres* distribution is most appropriate because the distribution amounts would be too small to justify another distribution.

Here, given the amount remaining, $794.04, a redistribution would not be cost-effective or efficient.   Broker Decl. at ¶7.   Accordingly, a *cy pres* award would maximize the value of the remaining Net Settlement Fund by efficiently donating the proceeds and avoiding the expense and inefficiencies of further distribution.

### B.  *Cy Pres* and Distribution To ILEP Will Indirectly Benefit The Class

Unclaimed settlement proceeds should be used for a purpose similar to the objectives of the underlying litigation to indirectly benefit the class. *See Esposito*, 2021 WL 1561479, at *1 ("'When the *cy pres* doctrine is employed by settling parties, the funds "should be distributed for a purpose as near as possible to the legitimate

objectives underlying the lawsuit, the interests of class members, and the interests of those similarly situated.""") (citation omitted).  Here, donating the residual proceeds to ILEP—an organization whose mission is related to the objectives underlying the lawsuit—will indirectly benefit the class.

ILEP is a reputable 501(c)(3) charitable organization and is a public policy research and education foundation "whose mission is to preserve, study, and enhance investor and consumer access to the civil justice system." Institute for Law & Economic Policy, http://www.ilep.org. Further, the organization has a more than twenty-year history of research, symposia and publications with scholars showing that not only is ILEP's mission directly related to the underlying reasons for litigation, but their experience suggests they will continue to research issues related to this litigation in the future.  Therefore, by approving a *cy pres* distribution to ILEP, the Court would award the remainder of the Net Settlement Fund to an organization that has a direct relation to the underlying reason for this litigation.  *See Cosby v. KPMG, LLP*, No. 3:16-CV-121-TAV-DCP, 2023 WL 5051284 (E.D. Tenn. Aug. 8, 2023) (in securities litigation settlement, approving *cy pres* to ILEP).

IV.    **CONCLUSION**

For all the foregoing reasons, Lead Plaintiffs respectfully request that the Court enter an order authorizing the contribution of the remaining balance of the Net Settlement Fund to ILEP.

## **LOCAL RULE 3.01(g) CERTIFICATION**

Counsel for Lead Plaintiffs certifies that they have conferred with counsel for

Defendants and are not aware of Defendants taking any position on this motion.

Dated: August 25, 2023

Respectfully submitted,

**SAXENA WHITE P.A.**

/s/ Adam D. Warden
Maya Saxena (Fla. Bar 35494)
Joseph E. White, III (Fla. Bar 621064)
Adam Warden (Fla. Bar 873691)
7777 Glades Road, Suite 300
Boca Raton, FL 33434
Telephone: (561) 394-3399
Facsimile: (561) 394-3382
msaxena@saxenawhite.com
jwhite@saxenawhite.com
awarden@saxenawhite.com

Steven B. Singer (*pro hac vice*)
10 Bank Street
8th Floor
White Plains, NY 10606
Telephone: (914) 437-8551
Facsimile: (888) 631-3611
ssinger@saxenawhite.com

*Lead Counsel for Lead Plaintiffs and the Class*

**ABRAHAM, FRUCHTER AND TWERSKY, LLP**

Mitchell M.Z. Twersky (*pro hac vice*)
One Penn Plaza, Suite 2805
New York, NY 10119
Tel: (212) 279-5050
Fax: (212) 279-3655
mtwersky@aftlaw.com

*Additional Counsel*

7

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on August 25, 2023, a copy of the foregoing was filed with the Clerk of the Court using the CM/ECF electronic notification system, which will send a notice of electronic filing to all parties of record.

/s/ Adam D. Warden
Adam D. Warden