UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

|  |  |
|---|---|
| JULIAN KEIPPEL, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>HEALTH INSURANCE INNOVATIONS, INC. n/k/a BENEFYTT TECHNOLOGIES, INC., GAVIN SOUTHWELL, and MICHAEL D. HERSHBERGER,<br><br>Defendants. | CASE NO. 8:19-CV-00421-WFJ-CPT<br><br>CLASS ACTION |

DECLARATION OF JORDAN BROKER IN SUPPORT OF
LEAD PLAINTIFFS' MOTION FOR ORDER AUTHORIZING
*CY PRES* DISTRIBUTION OF RESIDUAL SETTLEMENT FUNDS

I, Jordan Broker, declare and state as follows:

1.      I am a Project Manager for Epiq Class Action & Claims Solutions, Inc. ("Epiq").   The following statements are based on my personal knowledge and information provided by other Epiq employees working under my supervision and kept in the ordinary course of Epiq's business.

2.      Pursuant to the Court's Order Preliminarily Approving Settlement and Providing for Notice dated December 3, 2020 (Dkt. No. 101) (the "Preliminarily Approval Order"), Epiq was appointed as the Claims Administrator to supervise and

administer the notice procedure as well as the processing of claims in connection with the proposed Settlement of the above-captioned action (the "Action").

3. The Initial Distribution took place on May 11, 2022, pursuant to the Court's Order Approving Distribution of Net Settlement Fund (the "Distribution Order") (Dkt. No. 118). In the Initial Distribution of the Net Settlement Fund, $6,712,212.12 was distributed to the Court approved Authorized Claimants, with 1,039 checks and wire transfers sent and issued to Settlement Class Members. A total amount of $6,640,481.13 was cashed/deposited by Authorized Claimants in the Initial Distribution, and $71,730.99 remained uncashed and ultimately was returned to the Net Settlement Fund.

4. Pursuant to the directive of Lead Counsel, a Second Distribution took place on March 23, 2023, to redistribute the remaining unclaimed funds from the Initial Distribution. After deductions for the payment of costs and fees, a total amount of $48,789.80 was distributed via checks and wire transfers. After the Second Distribution, approximately $794.04 remained in the distribution account from unclaimed and returned funds.

5. Since the disbursement of checks and wires as part of the Second Distribution, Epiq has been monitoring returned checks, whether undeliverable or otherwise, processing and responding to inquiries received from claimants through correspondence, and processing requests for the reissuance of checks.

6.    As of July 31, 2023, a total of $6,688,690.92 has been cashed/deposited by Authorized Claimants.  Approximately 99.65% of the Net Settlement Fund has been distributed to Authorized Claimants through the multiple distributions, with a balance of $794.04 remaining unclaimed in the distribution account.

7.    In accordance with the Court's Distribution Order, Lead Counsel, in consultation with Epiq, have determined that further distribution of the Net Settlement Fund is not cost-effective.  *See* Distribution Order ¶ 7(b).  Pursuant to the Distribution Order, the remaining balance shall be contributed to a non-sectarian, not-for-profit 501(c)(3) organization(s) designated by Lead Counsel and approved by the Court.  *See id.*

I declare under the penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on August 25, 2023, in Seattle, Washington.

 

 

_____

Jordan Broker